UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV -5  P 3: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTERN CONTRACTORS, INC.,

     Plaintiff,

v.

CITY OF WORCESTER and THOMAS R.
HOOVER, City Manager, and, HEERY
INTERNATIONAL, INC. and THOMAS E.
ELLIS, JR.

     Defendants.

C.A. NO. 03-12216MLW

## PLAINTIFF, EASTERN CONTRACTORS, INC. MOTION TO CONTINUE THE HEARING OF DEFENDANT'S, HEERY INTERNATIONAL, INC. AND THOMAS E. ELLIS, JR., MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, Eastern Contractors, Inc., (hereinafter "Eastern") and hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 56(f), that the court continue the hearing of Defendant's, Heery International, Inc., and Thomas E. Ellis, Jr., (collectively "Heery") Motion for Summary Judgment until completion of discovery. As grounds therefor, Plaintiff states the following:

1. On October 9, 2003, Plaintiff amended its original Complaint and served suit against the Defendants, Heery, in Massachusetts Superior Court in Middlesex County for, inter alia, violation of equal protection of rights, violation of substantive and procedural due process, wrongful rejection of bid, negligent misrepresentation, interference with an

advantageous relationship and violation of G.L. c. 93A and to add claims for monetary damages.

2. On November 10, 2003, Defendants, Heery, filed, pursuant to 28 U.S.C. §14441(a), notice of removal of this cause of action from Massachusetts Superior Court in Middlesex County to the United States District Court for the District of Massachusetts, where it is now pending.

3. On May 3, 2004, the Honorable Joyce London Alexander, United States Magistrate Judge, issued a scheduling order. A copy of this order is attached hereto as Exhibit A.

4. On September 17, 2004, Defendants, Heery, filed a Motion for Summary Judgment and for Entry of Separate and Final Judgment as to all claims asserted by Plaintiff, Eastern, well in advance of the discovery period.

5. On October 26, 2004, counsel for Defendants, Heery, submitted, in writing, its objection to continued discovery in light of Heery's pending motion. A copy of said letter is attached hereto as Exhibit B. Heery also objected to certain document discovery, while Eastern presses for full and complete discovery so the totality of the circumstances will be of record. Further, no depositions have been taken, and multiple depositions are reasonably necessary.

## ARGUMENT

Federal Rule of Civil Procedure 56(f) states, in pertinent part,

the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. Fed.R.Civ.P. 56(f).

2

Rule 56(f) provides a method for a party to gain additional time to confront a motion for summary judgment, where that party can "demonstrate an authentic need for, and an entitlement to, an additional interval" to gather facts to mount an opposition. Resolution Trust Corporation v. North Bridge Associates, Inc., et al., 22 F.3d 1198, 1203 (1994).

The First Circuit has articulated a two-prong test to determine whether to allow a Rule 56(f) motion. Price v. General Motors, 931 F.2d 162, 164 (1st Cir. 1991). A movant must "articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue, and, demonstrate good cause for failure to have conducted the discovery earlier." Id. (quoting Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 988 (1st Cir. 1988)). A proffer should be authoritative, timely, and explain why the party is unable to currently adduce the facts to oppose the motion. Resolution Trust Corporation, at 1203. "The rule is intended to safeguard against judges swinging the summary judgment axe too hastily." Id. District courts should construe this rule "generously." Id.

In the present case, this Court has set forth, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F) a Scheduling Order with regard to the specific phases of discovery to be honored in this case. At this time, the parties are in the initial phases of discovery. Plaintiff has served its request for production of documents on Heery, and have received a response, however, numerous questions and issues remain in light of these documents. Only a proper and thorough fleshing out of each document through deposition testimony will

enable Plaintiff to deduce the specific methods employed by Heery in its evaluation of Plaintiff as low bidder.

Although Plaintiff has responded to the summary judgment motion, and demonstrated genuine issues of fact, more information would be expected, particularly from the need to confront witnesses at promptly conducted depositions. Discovery is expected to reveal specific individuals contacted, by whom, and responses of each inquiry, as well as information overlooked by Heery in its investigation of Plaintiff. In addition, inquiry into communications between representatives of Heery would reveal the nature and circumstances regarding the bidding of the Project; the investigation of Plaintiff and Consigli-O'Connor (the second low bidder); and the reasons for rejection. Countless additional inquiries need be made to uncover the underlying discriminatory reason Plaintiff was determined to be not a responsible bidder on the Project.

In addition, though Defendants, City of Worcester and Thomas Hoover (collectively "Worcester") have responded to Plaintiff's request for production, the documents are too voluminous to be produced for inspection and arrangements must be made for their production and inspection at the City's offices. Clearly, in light of the nature of the allegations set forth in the Amended Complaint, additional discoverable material exists within these documents and there exists the need to depose authors of said documents; specifically, as communications between Heery and Worcester would reveal the nature and circumstances regarding the bidding of the Project; the investigation of Plaintiff and Consigli-O'Connor (the second low bidder); and the reasons for rejection.

All of these factors are likely to elicit discoverable material in response to Heery's motion for summary judgment.

Additionally, "good cause for failure to have conducted the discovery earlier" is easily satisfied in the present case. "[A] movant's claim of good cause must be viewed against the historical background of the litigation." <u>Resolution Trust Corporation</u>, at 1205.

First, the scheduling order referred to above, provides for the following:

(1)    all trial expert disclosures of information contemplated by FRCP, Rile 26(b) is to be provided by December 30, 2004, from the plaintiff and January 30, 2005, from the Defendant;

(2)    all depositions are to be completed by February 28, 2005;

(3)    all trial expert disclosures are to be completed by March 30, 2005;

(4)    all dispositive motions, including motions for summary judgment, are to be filed by April 30, 2005, and responses are to be filed fourteen (14) days thereafter pursuant to Local Rule 7.1 and all filings must conform to the requirements of Local Rule 56.1;

(5)    discovery is to be completed by November 30, 2004, unless shortened or enlarged by Order of this Court[1];

In compliance with the Court Order, Plaintiff has commenced discovery and is the process of ascertaining information that is essential to its opposition.

Given that the order was accepted by the Defendants, and no reservations were made about proceeding under its terms, it is only reasonable to assume that summary judgment proceedings would occur after discovery, even though the order sets a "deadline" of April 30, 2005. Plaintiff has not been dilatory in its attempts to gather discovery and is not invoking the rule as a means to stall the present matter. Plaintiff is, and has been attempting to comply with this Court's scheduling order. In fact, it is

---

[1] The clear meaning of this paragraph is document production as the deposition deadline was not until February 28, 2005.

Defendant, Heery, who is now opposing any and all discovery until disposition of its pending motion in an attempt to prevent Plaintiff from gathering additional facts, and to confront witnesses through depositions, in order to mount a fair and complete opposition to its motion.

WHEREFORE, for the reasons set forth herein, and in the Affidavit of counsel attached hereto, the Court should grant this motion.

EASTERN CONTRACTORS, INC.,

By its attorneys,

/s/

Edward F. Vena (BBO# 508660)
Sabatino F. Leo (BBO# 642302)
George C. Deptula (BBO# 120820)
Vena Riley Deptula LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
(617) 951-2400

/s/

Edward J. Quinlan (BBO#409060)
Quinlan & Sadowski, P.C.
Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781) 440-9909

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 3 Nov 2004