UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EASTERN CONTRACTORS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 03-12216MLW |
| v. ) | |
| ) | |
| CITY OF WORCESTER and THOMAS ) | |
| R. HOOVER, City Manager, and HEERY ) | |
| INTERNATIONAL, INC. and THOMAS E. ) | |
| ELLIS, JR. ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION OF THE DEFENDANTS, HEERY INTERNATIONAL, INC. AND THOMAS E. ELLIS, JR., TO THE PLAINTIFF'S MOTION FOR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT

The defendants, Heery International, Inc. and Thomas E. Ellis, Jr. (collectively "Heery"), oppose the motion of the plaintiff, Eastern Contractors, Inc. ("Eastern"), for a continuance on the hearing on Heery's motion for summary judgment. No valid basis for a continuance exists and Eastern's motion does not even approach the standard for a continuance under Fed. R. Civ. P. 56(f). In particular, Eastern fails to identify any facts that it has not discovered that would have any impact on the issues raised in Heery's motion for summary judgment. In addition, Eastern has failed to demonstrate how any facts that could be discovered would create an issue of fact material to Heery's motion for summary judgment. In short, Eastern has created no record to support its claims or an expectation of obtaining such evidence during discovery to support its claims. As a result, Eastern's motion for a continuance must be denied.

I. **ARGUMENT**

Eastern attempts to avoid summary judgment by claiming nothing more than that discovery is not complete. It has filed only one affidavit -- the affidavit of its counsel, George C. Deptula ("Deptula Affidavit") -- purportedly pursuant to Fed. R. Civ. P. 56(f). The Deptula Affidavit, however, fails to satisfy the requirements of Fed. R. Civ. P. 56(f) and, as a result, Eastern's motion for a continuance must be denied.

Fed. R. Civ. P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"Litigants may be denied an opportunity for discovery if their ... affidavits have 'not made even a minimal showing warranting the requested discovery.'" Miller v. South Shore Bank, 405 Mass. 95, 100 (1989) quoting MacKnight v. Leonard Morse Hosp., 828 F.2d 48, 51 (1st Cir.1987). Once a party has identified specific facts in a Rule 56(f) affidavit which would be uncovered through discovery, the party must demonstrate some plausible basis for the belief that such facts are reasonably likely to create a material issue. Paterson-Leitch Co. Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988); Patty Precision v. Brown & Sharpe Mfg., 742 F.2d 1260, 1264-65 (10th Cir. 1984)). Speculative assertions do not rise to the required standard under Rule 56(f). Mowbray v. Waste Management Holdings, Inc., 45 F. Supp.2d 132, 143 (D. Mass. 1999). "A 'Rule 56(f) affidavit [that] merely conjectures that something might be discovered but provides no realistic basis for believing that further discovery would disclose evidence' is insufficient to delay summary judgment." Id. quoting Mattoon v.

City of Pittsfield, 980 F.2d 1, 8 (1st Cir. 1998) (Rule 56(f) affidavit must establish that there is some credible prospect that the new evidence will create a trialworthy issue).

"A plaintiff must have some factual basis for an ... action before the suit is filed; he cannot expect the discovery process to reveal evidence of a violation that he merely suspects." Program Engineering, Inc. v. Triangle Publications, Inc., 634 F.2d 1188, 1196 (9th Cir. 1980). To permit a plaintiff to drag a defendant past the pleading threshold on the basis of factually-unsupported characterizations "would be to invite litigation by hunch ..." and open defendants "... to the most unrestrained of fishing expeditions." Gooley v. Mobil, 851 F.2d 513, 515 (1st Cir. 1988).

Both the Massachusetts Supreme Judicial Court and the First Circuit, among others, have endorsed the principle that a defendant should be protected from a plaintiff's "fishing expeditions" pending the Court's determination of the viability of a plaintiff's claim. See, MacKnight v. Leonard Mores Hospital, 828 F.2d 48, 52 (1st Cir. 1987); Taylor v. Gallagher, 737 F.2d 134, 137 (1st Cir. 1984) (court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery).

In the case at bar, the Deptula Affidavit does not even approach the standard required for a continuance pursuant to Fed. R. Civ. P. 56(f). The Deptula Affidavit fails to set forth <u>any facts</u> that Eastern has not discovered that would have any impact on the issues raised in Heery's motion for summary judgment. Instead, Eastern merely states that it would like to "confront witnesses at promptly conducted depositions." Eastern does not identify what fact it will elicit from these witnesses that would have any bearing

3

on the issues raised in Heery's motion for summary judgment and, in fact, does not even identify the witnesses whom Eastern seeks to depose. Eastern fails to establish any basis for its assertion that any facts that could be discovered would create an issue of fact material to Eastern's motion for summary judgment.

As a result, Eastern's request for a continuance pursuant to Fed. R. Civ. P. 56(f) must be denied.

## II. CONCLUSION

For the foregoing reasons, Heery requests that this Court DENY Eastern's motion for a continuance pursuant to Fed. R. Civ. P. 56(f).

HEERY INTERNATIONAL, INC. and
THOMAS A. ELLIS,
By their attorneys,

_____
David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: November 19, 2004

### CERTIFICATE OF SERVICE

I, Warren D. Hutchison, hereby certify that on this 19 day of November, 2004, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

_____
Warren D. Hutchison

00875890.DOC

4