UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WORCESTER and THOMAS R. HOOVER, City Manager, and, HEERY INTERNATIONAL, INC. and THOMAS E. ELLIS, JR.<br><br>    Defendants. | C.A. NO. 03-12216MLW |

**PLAINTIFF'S, EASTERN CONTRACTORS, INC.'S, REPLY BRIEF IN RESPONSE TO DEFENDANTS, HEERY INTERNATIONAL, INC.'S AND THOMAS E. ELLIS, JR.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Eastern Contractors, Inc. (hereinafter "Eastern") hereby files this Reply Brief in Response to Defendants, Heery International, Inc.'s and Thomas E. Ellis, Jr.'s (collectively "Heery") Opposition to Plaintiff's Motion for Continuance of Hearing on Motion for Summary Judgment. Eastern asserted claims against Heery alleging violations of (1) c. 93 §102; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. §1983; (4) 42 U.S.C. §1985; (5) negligent misrepresentation; (6) interference with advantageous relationships; and (7) c. 93A. Heery moved for summary judgment on all claims and Eastern submitted a memorandum in opposition to Heery's Motion for Summary Judgment and a Motion for a Continuance of Hearing on Motion for Summary Judgment. Heery filed an opposition to Eastern's Motion for Continuance. Eastern replies to Heery's opposition and states that Eastern has provided evidence sufficient to satisfy the criteria of Fed. R.

Civ. P. 56(f).  Therefore, this Honorable Court should ALLOW Eastern's Motion for Continuance of Hearing on Motion for Summary Judgment..

## I.    ARGUMENT

**A.  <u>RULE 56(f) STANDARD OF REVIEW</u>**

As cited in Eastern's Motion for Continuance pursuant to Fed.R.Civ.P. 56(f) ("Rule 56(f)"), the United States Court of Appeals for the First Circuit, in <u>Resolution Trust Corporation v. North Bride Associates, Inc.</u>, 22 F. 3d 1198, traced the anatomy of Rule 56(f) and set forth, at great length, the strictures of this rule.  A party must make a timely proffer and the proffer should provide an explanation as to reasons the moving party is unable to presently set forth essential facts opposing summary judgment.  <u>Id.</u> at 1203.  In the event a party is asserting a 56(f) motion based on "incomplete discovery", the movant must set forth the following facts: good cause for failure to have discovered the facts sooner, plausible basis that specific facts probably exist, and the movant must indicate how the facts will influence the outcome of the pending motion.  Further, in a "delayed discovery" case, the Court of Appeals has set forth the following five requirements that must be satisfied justifying relief:  authoritativeness, timeliness, good cause, utility and materiality.[1]  If all five requirements are satisfied, a strong presumption arises in favor of relief.  <u>Id.</u>  Absent dilatory tactics on the part of the movant, Rule 56(f) relief should be "treated liberally."  <u>Id.</u>  As is the case here, as set forth in Eastern's motion, discovery is not only incomplete, but also has been delayed, as a result of Heery's actions.

---

[1] The court goes on to state that these five requirements are not inflexible but rather that a district court is granted considerable discretion, whether relaxing or excusing one or more of the requirements, in a specific case.  <u>Id.</u>

## B. EASTERN HAS SET FORTH A SUFFICIENT PROFFER SATISFYING FEDERAL RULE OF CIVIL PROCEDURE 56(f)

Despite Heery's contention, Eastern has provided ample evidence sufficient to satisfy the criteria as set forth in the seminal case of Resolution Trust Corporation, supra. First, the affidavit provided by Eastern, that of its counsel, has been served on the opposing party, was drafted by a person possessing first hand knowledge and competent to address the facts set forth in the affidavit; that is, the current status of discovery, the delay of both Eastern and the City of Worcester (hereinafter "Worcester") in responding to discovery and the need to conduct depositions. Id. at 1204. The affidavit is therefore "authoritative." Id.

Next, Eastern's motion was undisputedly filed in a timely manner. Though there is no fixed time limit under Rule 56(f) a reasonable time frame to respond is therefore implied. Id. Eastern filed its 56(f) motion contemporaneously with its response to Heery's Motion for Summary Judgment. In fact, as outlined in Eastern's motion, the scheduling order establishing discovery deadlines sets forth specifically that all dispositive motions, including motions for summary judgment, are to be filed by April 30, 2005. Eastern's motion, filed on the heels of the summary judgment motion filed by Heery and approximately five months prior to the court's established deadline for dispositive motions, was clearly filed in a timely manner.

Good cause must be viewed in light of the "historical background" of the current litigation. Id. at 1205. Here, though discovery is ongoing, Heery has refused to provide answers to interrogatories pending the outcome of its motion. These answers are now currently overdue. Heery, though it submitted responses to Eastern's request for

3

production of documents, has refused to provide any documents relating to post-bid activities on the Project.  Further, Worcester, though it also provided responses to Eastern's request for production of documents, has indicated these documents are too voluminous to produce and therefore Eastern is required to view the documents at a time amenable to Worcester.  In each instance it is not Eastern but rather the opposing party stonewalling full compliance with discovery and now seeking to benefit from that stonewalling.

Next, utility, that is whether the movant "presented a plausible basis that discoverable material exists that would suffice to raise a genuine issue of material fact" must be considered.  Id. at 1207.  Though Heery relies on Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988) and Mattoon v. City of Pittsfield, 980 F.2d 1 (1st. Cir. 1992) in its assertion that Eastern has failed to satisfy the requirements of Rule 56(f), in the latter, the district court relied heavily on the lack of diligence on the part of appellant to have conducted the discovery earlier.[2]  The contrary is evident here.  Eastern has pressed forward to amass discovery from all named Defendants and further has subpoenaed Cosigli-O'Connor, A Joint Venture, and Lamoureaux Pagano Associates, third parties with relevant information in the cause of action. Inapposite to the court's discussion in Mattoon, supra, Heery has acted diligently in conducting discovery.  Rather, in light of non-disclosures on the part of Heery and Worcester as well as the proffer set forth in Eastern's motion and affidavit, the utility requirement has been met; specifically, that the opportunity to conduct both party and non-party depositions would allow Eastern to inquire of individuals allegedly relied upon by Heery in its issuance of the "Heery Report."  Said Inquiries would reveal

---

[2] Specifically, in Mattoon v. City of Pittsfield,, supra,  citing the appellant's own lack of diligence. Id. at 8.

4

whether Eastern had performed valiantly on the specific projects in which Heery inquired and would reveal specifically that the Heery report was in fact a mechanism by which to cover up Heery's discriminatory intent to not select Eastern as general contractor on the project

Lastly, the materiality of the facts to be discovered, that is, material to the issues raised in the motion for summary judgment should be examined.  Resolution Trust Corporation, 22 F. 3d at 1207.  The materiality threshold is "necessarily low." Id.  Cf. e.g., United States v. Agurs, 427 U.S. 97, 103 (1976) (explaining that a fact may be material for some purposes as long as there is any reasonable likelihood that it could effect the outcome).  The case at bar presents the relatively sophisticated issue of discriminatory intent.  Courts have recognized the common lack of direct evidence and the need to rely on circumstantial evidence in such cases. This generalized standard has been applied with particular attention to issues of intent, motive or pretext in discrimination cases.  The necessity to rely on circumstantial evidence, primarily in the case at bar, is paramount.  Revelations rarely exist in the form of a "smoking gun" but rather require a diligent piecemeal effort analyzing all components of discovery, in this case which has yet to be produced, and conducting depositions. *See, e.g*., Stepanischen v. Merchants Despatch Trans. Corp., 722 F.2d 922, 929 (1st Cir. 1983); Baker v. Coxe, 52 F.Supp.2d 244, 250 (D.Mass. 1999); Smith v. F.W. Morse & Co. Inc., 76 F.3d 413, 421 (D.N.H. 1996); Hoeppner v. Crotched Mountain Rehabilitation Center Inc., 1993 WL 730415, 3 (D.N.H. 1993).  A diligent review of discovery will reveal relevant evidence pertaining to all claims asserted against Heery. Specifically, Eastern will be able to ascertain that the "Heery Report" was not an unbiased, evenhanded investigation of

5

whether Eastern was an eligible and responsible bidder but that it was rather an attempt solely to discredit Eastern and thereby prevent it from being awarded the contract and that said reasons were pretextual in nature. Since, here, any lack of materiality is clearly not apparent "the court should err, if at all, on the side of liberality." Id.

In addition, the facts to which Eastern is attempting to solicit are within the control of Worcester and Heery. "This is a circumstance that assumes decretory significance." Resolution Trust Corporation, 22 F. 3d at 1208. In fact, "[w]hen reasonable diligent efforts to obtain evidence from the summary judgment proponent have been thwarted, continuances 'should be granted as a matter of course.'" Id. citing Sames v. Gable, 732 F.2d 49, 51 (3d. Cir.1984). "When Rule 56(f) functions properly, it ensures that … a litigant who fails to answer potentially relevant discovery requests … will be unable to demand summary judgment until' the failure is remedied. Id. Heery should not be allowed to benefit from its own stonewalling and refusal to comply with discovery but rather the hearing on Heery's motion should be continued and Eastern's motion should be allowed "as a matter of course." Id.

## II.   EASTERN SUPPLEMENTS ITS AFFIDAVIT

Notwithstanding the fact that Eastern has set forth sufficient facts in both its affidavit and its motion to continue discovery pursuant to Fed. R. Civ. P. 56(f), Eastern hereby submits the attached supplemental affidavit of counsel as Exhibit A.

## III.   CONCLUSION

For the foregoing reasons, Eastern requests that this Honorable Court allow its Motion for a Continuance pursuant to Fed. R. Civ. P. 56(f).

        Respectfully submitted,
        EASTERN CONTRACTORS, INC.
        By its attorneys,


//s//
Edward F. Vena, Esquire
BBO No. 508660
George C. Deptula, Esquire
BBO No. 120820
Sabatino F. Leo, Esquire
BBO No. 642302
VENA, RILEY, DEPTULA, LLP
250 Summer Street
Boston, MA  02210
(617)951-2400


//s//
Edward J. Quinlan (BBO#409060)
Quinlan & Sadowski, P.C.
Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781) 440-9909


Dated: November 29, 2004

## CERTIFICATE OF SERVICE

      I, Sabatino F. Leo, Esquire, hereby certify that I have, on this 29th day of November, served a copy of the within by first-class mail, postage pre-paid upon the following parties:

Warren D. Hutchison
Donovan Hatem, LLP
2 Seaport Lane
Boston, MA  02210

Donald V. Rider, Jr.
Assistant City Solicitor
City of Worcester Law Department
City Hall, Room 301
Worcester, MA  01608

 

_____
Sabatino F. Leo, Esquire