UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN CONTRACTORS, INC.,

      Plaintiff,

v.

CITY OF WORCESTER and THOMAS R.
HOOVER, City Manager, and, HEERY
INTERNATIONAL, INC. and THOMAS E.
ELLIS, JR.

      Defendants.

C.A. NO.  03-12216MLW

**PLAINTIFF, EASTERN CONTRACTORS, INC.'S, SUPPLEMENTAL
AFFIDAVIT IN RESPONSE TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO CONTINUE DISCOVERY**

     I, George C. Deptula, am an attorney for Plaintiff, Eastern Contractors, Inc.

(hereinafter "Eastern") and hereby supplement my affidavit in support of Plaintiff's

Motion to Continue Defendant's Motion for Summary Judgment as follows:

1.  The opportunity to conduct both party and non-party depositions would allow Eastern

to inquire of individuals allegedly relied upon by Heery in its issuance of the "Heery

Report."  Inquiries would reveal whether Eastern had performed successfully on the

specific projects in which Heery inquired and would reveal specifically that the Heery

inquiries were biased and possibly completely untrue.   By showing a conflict between

Heery's review and the actual facts of Eastern's work, Eastern may show that the "Heery

Report" was in fact a mechanism by which to cover up Heery's discriminatory intent to

not select Eastern as general contractor on the project. In addition to party depositions,

Eastern would depose the following:

(a) Representatives of Fairhaven High School; who are expected to testify that Heery misrepresented this project's completion status and that it was agreed the contract would be closed out in accordance with the terms of the contract.

(b) Members of School Building Committee of Fairhaven High School; who are expected to testify that Heery misrepresented this project's completion status and that it was agreed the contract would be closed out in accordance with the terms of the contract

(c) Representatives of Medway High School; who are expected to testify that Eastern successfully completed this project with zero financial exposure or loss to Medway and that "subcontractor management issues" referred to in the "Heery Report" were actually related to S&R Construction, a subcontractor, in which Eastern was compelled to obtain performance and payment bonds to cover this subcontractor's work.

(d) Representatives of Van Sickle High School in Springfield, Massachusetts; who are expected to testify regarding this high school project in Springfield, Massachusetts known as the Van Sickle High School, which involved $33,705,187 worth of renovations, additions and new construction in an urban high school project setting;

(e) Representatives of Lawrence High School; who are exacted to testify that Eastern was also the lowest responsible and eligible bidder for a Project bid by the City of Lawrence for the Lawrence High School having a value of more than $75 million;

(f) Representatives of Chicopee High School; who are expected to testify regarding Eastern on said Project;

(g) Representatives of Lincoln Sudbury Regional High School; who are expected to refute the allegations in the "Heery Report" that this project was not on-schedule;

(h) Representatives of Framingham High School; who are expected to testify regarding Eastern on said Project;

(i) Representatives of the Normandin Middle School, New Bedford; who are expected to testify in significant detail the circumstances surrounding alleged OSHA violations at the Normandin Middle School;

(j) Representatives of Freetown-Lakeville Regional School; who are expected to testify that Eastern was awarded a time extension by the owner on the project which refutes Heery's contention in the "Heery Report";

(k) Representatives of the Wetherbee School; who are expected to testify that no significant issues regarding Eastern's performance on the Project;

(l) Flansburgh Associates; who are expected to testify that it conducted a review of Eastern's bid on behalf of the City of Lawrence and that Flansburgh rejected the Heery objections, knowing that the issues raised

were commonplace and not a legitimate basis for rejection of a contractor as not "responsible";

(m) Consigli-O'Connor, A Joint Venture; who are expected to testify as to the status of the Project; and

(n) Lamoureaux Pagano Associates, Inc.; who are expected to testify as to the investigation it conducted of Eastern with regard to Eastern's bid on the Project.

In conducting each deposition Eastern will be able to ascertain that the "Heery Report" was not an unbiased, evenhanded investigation of whether Eastern was an eligible and responsible bidder but rather an attempt solely to discredit Eastern and thereby prevent it from being awarded the contract and that said reasons were pretextual in nature. Further, being able to uncover the motive and intent of Heery in working with Worcester to blackball Eastern as a minority owned business.

2. Further, Heery has refused to answer pending interrogatories served by Eastern. Continuing the motion and forcing Heery to respond would again provide salient facts by which Eastern may deduce the underlying motives surrounding the Heery Report and the reasons therefor factual inaccuracies prevalent within the report. Eastern has carefully crafted its interrogatories in an attempt to unveil the underlying pretext of the "Heery Report". Further, counsel's unwillingness to provide answers to interrogatories has stonewalled Eastern's attempt to effectively respond to Heery's Motion for Summary Judgment. Reviewing Heery's answers and reconciling them with documents produced by Heery and facts revealed during above-referenced depositions would once again set forth that Heery acted out of pretext by putting forth incomplete, misleading and erroneous information about Eastern in its "Heery Report" showing that racial prejudice and bias were motivating factors of Heery and Worcester to exclude from its contractual relations a certified minority company.

3.  In addition, Heery has refused to respond in full to Eastern's request for production of documents on the grounds that post bid documents are irrelevant and unlikely to lead to admissible evidence; once again this is merely an attempt to prevent Eastern from amassing relevant facts and to prevent the release of arguably prejudicial and damaging material to Heery regarding the construction activities at the Project.  The production of documents will reveal activities on the Project and whether in fact Heery and Defendant, City of Worcester (hereinafter "Worcester") held Consigli-O'Connor, A Joint Venture, the non-minority general contractor awarded the Contract, to the same level of scrutiny regarding project staffing as it asserted as a basis for its declaration that Eastern was not an eligible and responsible bidder on the Project;  setting forth that Heery acted out of pretext by putting forth incomplete, misleading and erroneous information about Eastern in its "Heery Report."

4.  Worcester, though responsive to a request for document production, has detailed said documents are overly voluminous to provide directly to Eastern; rather counsel for Eastern is required to visually inspect what may amount to thousands of relevant documents clearly indicative of the scope and enormity of the current Project.  Clearly, these documents would reveal the very nature of the relationship between Heery and Worcester and would further reveal the means in which Heery conducted its investigation at the behest of Worcester; salient facts with regard to Heery's assertion it acted in a private capacity and therefore not acting under the color of state law.  A thorough review of these documents will reveal further evidence that Heery assisted and conspired with Worcester to discriminate against Eastern and therefore acted under the color of state law.

This "nexus" between Heery and Worcester will be deduced and hence contradict

Heery's assertion it acted in a private capacity.

Signed under the pains and penalties of perjury, this 29th day of November 2004.


//s//_____
George C. Deptula, BBO #120820
Vena, Riley, Deptula, LLP                    _____
250 Summer Street, 2nd Floor                 Notary Public
Boston, Massachusetts  02210                 My Commission Expires:
                                             _____