UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WORCESTER and THOMAS R. HOOVER, City Manager, and, HEERY INTERNATIONAL, INC. and THOMAS E. ELLIS, JR.<br><br>    Defendants. | C.A. NO. 03-12216MLW |

**PLAINTIFF'S, EASTERN CONTRACTORS, INC.'S, OPPOSITION TO DEFENDANTS, HEERY INTERNATIONAL, INC.'S AND THOMAS E. ELLIS, JR.'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF RAMESH MOTWANE AND TO STRIKE INADMISSIBLE DOCUMENTARY EVIDENCE**

## I.   INTRODUCTION

The Plaintiff, Eastern Contractors Inc. (hereinafter "Eastern") opposes the motion of the Defendants, Heery International Inc. and Thomas E. Ellis Jr., (collectively "Heery") to strike portions of the affidavit of Ramesh Motwane and to strike inadmissible documentary evidence.  Eastern asserted claims against Heery alleging violations of (1) c. 93 §102; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. §1983; (4) 42 U.S.C. §1985; (5) negligent misrepresentation; (6) interference with advantageous relationships; and (7) c. 93A. Heery moved for summary judgment on all claims and Eastern submitted a motion in opposition to Heery's Motion for Summary Judgment supported by the Affidavit of Ramesh Motwane, president of Eastern.  Heery moved to strike portions of the affidavit of Ramesh Motwane and to strike documentary evidence.  Eastern opposes Heery's

motion on the following grounds: (a) Ramesh Motwane is qualified to testify as an expert regarding construction industry practice, (b) the matters set forth in the affidavit are not hearsay, (c) the matters set forth in the affidavit are relevant, and (d) all documents are relevant.

## II.    ARGUMENT

### A.    RAMESH MOTWANE IS QUALIFIED TO TESTIFY AS AN EXPERT REGARDING CONSTRUCTION INDUSTRY PRACTICE

The determination of an expert's qualifications is within the discretion of the trial judge. McCarthy v. Litton Industries, Inc., 410 Mass. 15, 26 (1991). "The criterion of the judge is whether the witness possesses sufficient skill, knowledge or experience in the field of his testimony that the jury may receive appreciable assistance from it." Id. Expert testimony on matters within the witness's field of expertise is admissible when it will aid the jury in reaching a decision. Commonwealth v. Colin C., 419 Mass. 54, 60 (1994). A witness need not possess the highest degree of knowledge so long as his testimony can be of value to the trier of fact. Commonwealth v. Reilly, 248 Mass. 1, 8 (1924).

Ramesh Motwane, as provided in his affidavit, is the president of Eastern. Eastern has been involved in the construction business for twenty-five years and has completed work on public and private projects worth over eight hundred thirty million dollars ($830,000,000.00). In addition, Eastern has been issued a current certificate of eligibility with the Commonwealth of Massachusetts Division of Capital and Asset Management (hereinafter "DCAM") and has been so certified since the implementation of such certifications in 1981; said certification states Eastern is certified to file bids in the following categories: General Building Construction, Demolition, Historical

Building Restoration, Modular Construction/Prefab, HVAC, Electrical and Masonry. Eastern's Single Project Limit is seventy five million six hundred fifty one thousand dollars ($75,651,000.00) and its Aggregate Work Limit is two hundred six million two hundred sixty two dollars ($206,262,000.00).   Further, DCAM certification is a prequalification to bid on projects under the public bid laws, Mass. G.L. c. 149 §A-H Additionally, Eastern is qualified to bid under §44F of the public bid laws as a filed sub-bidder.

As president of Eastern, Ramesh Motwane has extensive experience bidding on public projects both as general contractor and as a filed sub-bidder, has reviewed and responded to numerous public bids, and has a special understanding of the requirements of the public bid laws.  Clearly, Mr. Motwane is qualified to testify as an expert regarding construction industry practice.  See, Varney v. Donovan, 356 Mass. 739 (1970) (a witness having spent his entire life in the construction industry was competent to testify as an expert); Petrucci v. Board of Appeals of Westwood, 45 Mass. App. Ct. 818 (1998) (a witness having testified as an expert on the cost to move a barn based on his thirty-five years of experience as a licensed builder); Kenney v. Sears, Roebuck & Co., 355 Mass. 604 (1969) (a witness not an electrician nor an electrical engineer could testify as to whether there was a causal relationship between a fire and a refrigerator based on his extensive experience servicing refrigerators).

As a qualified expert, Mr. Motwane is able to testify as to construction industry practice, specifically as to what is general practice with regard to public bid project requirements.  As referenced above, Massachusetts courts have been clear in accepting this practice and Heery, in its motion, incorrectly relies on case law of a foreign

jurisdiction to object to Mr. Motwane's affidavit. Despite Heery's contention, construction projects, specifically those bid under the public bid laws, are within the expertise of Mr. Motwane and Mr. Motwane is qualified to give such an opinion. See, A.J. Tower Co. v. Southern Pac. Co., 184 Mass. 472 (1904) (expert witness may testify as to customs in a business or trade which they know from experience and observation); Meyer v. Wagner, 429 Mass. 410 (1999) (lawyer testifying as expert in legal malpractice action).

Further, if it is Heery's contention that Mr. Motwane lacks requisite experience, such an attack on an expert's flaws would only impact credibility and not admissibility. Stark v. Patalano Ford sales, Inc., 30 Mass. App. Ct. 194, 200 (1991). As to Heery's objections Mr. Motwane is not qualified to render such an expert opinion or that Mr. Motwane lacks personal knowledge regarding the subject matter of his statements, specifically in their objections to Paragraphs 14, 15, 16, 17, 18, 25, 29-32, 38, 41, 46, 47, 51, and 52, Heery misstates the law and its objections are baseless and without merit.

In addition, despite Heery's objections that Mr. Motwane may not testify as to conclusions of law regarding the interpretation of a contract, specifically Heery's objections to Paragraphs 14, 15, 16, 17, 18, 28, 46, 51, the mere assertion that a certain practice exists within an industry does not call for an opinion and is admissible. DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 104 (1983).

In Sullivan v. First Massachusetts Financial Corp., 409 Mass. 783 (1991), the Supreme Judicial Court permitted and upheld the right of an accountant expert in federal income tax law to testify regarding a corporate and stock transaction even though the testimony consisted of conclusions of law. Id. at 793. The court went on to state such

testimony is complex enough to be akin to "law of another jurisdiction whose proof in certain situations can be established by expert testimony." Id. Further, in Peckham v. Continental Casualty Ins. Co., 895 F.2d 830 (1st Cir. 1990), a lawyer was entitled to testify as an expert interpreting various language and its applicability to facts in an insurance coverage case. Though the lawyer testified regarding a jury issue, causation, it was admitted as shedding light on an otherwise "shadowy domain." Id. at 837. The trend in the law has been to allow an expert witness to interpret complex documents. See, Simon v. Solomon, 385 Mass. 91 (1982). In Solomon, supra, the court stated:

> "The role of an expert witness is to help the jury understand issues of fact beyond their common experience. Under modern standards, expert testimony on matters within the witness's field of expertise is admissible whenever it will aid the jury in reaching a decision even if the expert opinion touches on the ultimate issues that the jury must decide."

Id. at 105.

Here, Mr. Motwane is not testifying as to the legal effect of such custom or usage but what is generally understood within the construction industry. These assertions do not impose legal interpretations on the court but rather provide what practices are commonly understood or accepted within the construction industry as it relates to public bidding projects. Further, in the alternative, if the court were to view certain portions of the affidavit to have recited legal conclusions it is within the court's province to accept such conclusions or reject such as in opposite to the plain meaning of the contract. At the summary judgment stage "[t]he court has complete discretion to adopt expert legal opinions of its own to find guidance from it, or to ignore it in its entirety." Markum v. Westview Instruments, Inc., 52 F.3d 967, 983 (D. Penn. 1995). A question which calls for an expert's opinion within that expert's area of expertise "is not necessarily to be

5

excluded merely because the expert's conclusion reaches or approaches the ultimate issue before the jury." Commonwealth v. Colin C., 419 Mass. at 59. "[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed.R.Evid. Rule 704(a) (emphasis added)

**B**. **THE MATTERS SET FORTH IN THE AFFIDAVIT OF RAMESH MOTWANE ARE NOT HEARSAY**

Heery further objects to certain portions of the affidavit as being hearsay, specifically Paragraphs 20, 29-32, 36. As to Paragraph 20, Heery objects to Mr. Motwane's statement asserting that the direction of such "questions appeared to be seeking negative information concerning Eastern's performance at different projects …" The statement, however, is not excludable hearsay, but rather was a statement of the declarant's state of mind at the time the statement was made. See, Fed.R.Evid. Rule 803(3). Rather than being offered for its veracity of the underlying statements, it is being offered to show the state of mind of the declarant concerning the nature of the inquiries surrounding Heery's investigation of Eastern as the low bidder on the Project. In particular, this information would bring to light the facts that Eastern was initially concerned with regard to the investigation being conducted by Eastern and reasons there for any follow up inquiries of Eastern to Heery regarding its bid on the Project. As it is not hearsay, it is therefore admissible.

As to Paragraphs 29-32, the legal challenge referred to regarding a local hiring residency requirement which was struck down by the court is a matter of public record and therefore an exception to hearsay. In fact, the decision referred to was heard by the United States District Court in Utility Contractors Association of New England, Inc. v.

6

City of Worcester, 236F. Supp.2d 113 (D. Mass. 2002).  See, Fed.R.Evid. Rule 803(8); United States v. Florentino, 385 F. 3d 60, 65 n. 5 (2004) (docket sheets admissible as records of public agency).

In addition, the letter, as referred to in Paragraph 30-32 of the affidavit, is a statement of Defendant, Worcester.  Heery was retained by Worcester in order to conduct an inquiry as to whether Eastern was a responsible and eligible bidder on the contract.  This determination is a right conferred on Worcester under G.L.c.149.  Worcester, a municipality, empowered Heery, a private actor, with its statutory authority to conduct this post-bid investigation on the contract.  Heery, in the course of the investigation stated unequivocally, they were acting "collectively" with the Worcester to determine whether Eastern was "the lowest and eligible bidder".  Courts may admit any statement by the party's agent concerning a matter within the scope of the agency, made during the existence of the relationship.  Ruszcyk v. Secretary of Public Safety, 401 Mass. 418, 420 (1988).  Here, Worcester and Heery acted as "agents" of one another during the course of the dissemination of invitations to bid, the investigation of Eastern and throughout the entire Project.  The letter, referred to above, was prepared and disseminated during the existence of this agency relationship and concerned the Project.  As such, the statements within the letters alleged as hearsay by Heery are in fact not hearsay.  See, Fed.R.Evid. Rule 801(2).

C.  **THE MATTERS SET FORTH IN THE AFFIDAVIT OF RAMESH MOTWANE ARE RELEVANT**

Heery objects to Paragraphs 63-66 as being irrelevant.  Heery misinterprets the issues at bar. First, Mr. Motwane describes the facts and circumstances surrounding the Lawrence High School project in which Flansburgh Associates, the architect on the

7

project, utilized the "Heery Report" in its determination as to whether Eastern an eligible and responsible bidder on the project. Despite having utilized this report, Lawrence awarded the contract, of a value more than $75 million and the largest high school project in Massachusetts history, to Eastern. Further, Heery served as the construction manager on the Lawrence High School project and was involved in the determination to award the contract to Eastern. This is relevant here to show Heery to have acted through multiple procedural irregularities, violations of the Massachusetts bid statute, and the presentation of false and incomplete reasoning and investigation of Eastern to justify its deprivation of a contract in favor of a less experienced, majority owned, favored bidder, not investigated in the same manner.

D. **DOCUMENTS SUBMITTED IN SUPPORT OF EASTERN'S OPPOSITION MOTION ARE RELEVANT**

Heery's objections on relevancy grounds, to Exhibits 11, 12 and S are baseless and its motion to strike all three exhibits should be denied. As to Exhibit 12, it is a letter to Eastern regarding the William Greene & Spencer Borden Elementary School praising Eastern's performance on this project. This is offered to show, once again, that Heery misrepresented the facts and omitted information provided it by Eastern. In fact, the architect on the project personally congratulated Eastern on its successful completion and performance of the project. This is relevant here to show Heery to have acted through multiple procedural irregularities, violations of the Massachusetts bid statute, and the presentation of false and incomplete reasoning and investigation of Eastern to justify its deprivation of a contract in favor of a less experienced, majority owned, favored bidder, not investigated in the same manner.

In addition, Exhibit S is the Flansburgh report, identified previously, regarding the Lawrence High School project in which Flansburgh Associates, the architect on the project, utilized the "Heery Report" in its determination as to whether Eastern an eligible and responsible bidder on the project. Despite having utilized this report, Lawrence awarded the contract, of a value more than $75 million and the largest high school project in Massachusetts history, to Eastern. Further, Heery served as the construction manager on the Lawrence High School project and was involved in the determination to award the contract to Eastern. This is relevant here to show Heery to have acted through multiple procedural irregularities, violations of the Massachusetts bid statute, and the presentation of false and incomplete reasoning and investigation of Eastern to justify its deprivation of a contract in favor of a less experienced, majority owned, favored bidder, not investigated in the same manner.

Lastly, Exhibit 11, is a newspaper article being offered in support of Mr. Motwane's affidavit to show Eastern has encountered subtle and blatant discrimination in the public construction industry which manifests itself in different ways and, as here, the courts must consider at trial all circumstances, and allow a fact finder to make a determination of whether or not discrimination can be inferred or determined by the evidence concerning the favoritism provided to white male citizens.

### III.  CONCLUSION

For the foregoing reasons, Eastern requests that this Honorable Court DENY Heery's motion to strike portions of the affidavit of Ramesh Motwane and to strike inadmissible documentary evidence.

        Respectfully submitted,
        EASTERN CONTRACTORS, INC.
        By its attorneys,

        //s//
        Edward F. Vena, Esquire
        BBO No. 508660
        George C. Deptula, Esquire
        BBO No. 120820
        Sabatino F. Leo, Esquire
        BBO No. 642302
        VENA, RILEY, DEPTULA, LLP
        250 Summer Street
        Boston, MA  02210
        (617)951-2400

        //s//
        Edward J. Quinlan (BBO#409060)
        Quinlan & Sadowski, P.C.
        Vanderbilt Avenue, Suite 250
        Norwood, MA 02062
        (781) 440-9909

Dated:  December 3, 2004

.
## **CERTIFICATE OF SERVICE**

    I, hereby certify that I have this 3rd day of December 2004, served a true copy of the within Plaintiff's Eastern Contractors Inc.'s Opposition to Defendants, Heery International, Inc.'s and Thomas E. Ellis Jr.'s, Motion to Strike Portions of the Affidavit of Ramesh Motwane and to Strike Inadmissible Documentary Evidence to all counsel of record.

                                                               Sabatino F. Leo, Esq.