UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EASTERN CONTRACTORS, INC., <br><br> Plaintiff, <br> v. <br><br> CITY OF WORCESTER and THOMAS R. HOOVER, City Manager, and HEERY INTERNATIONAL, INC. and THOMAS E. ELLIS, JR. <br><br> Defendants. | ) <br> ) <br> )   Civil Action No. 03-12216MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION OF THE DEFENDANTS, HEERY INTERNATIONAL, INC. AND THOMAS E. ELLIS, JR., TO THE STRIKE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF MOTION TO <u>CONTINUE HEARING ON SUMMARY JUDGMENT</u>**

The defendants, Heery International, Inc. and Thomas E. Ellis, Jr. (collectively "Heery"), move to strike portions of the Supplemental Affidavit submitted by Eastern Contractors, Inc. ("Eastern") in support of its motion to continue the hearing on Heery's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f). As grounds for this motion, Heery states that the Supplemental Affidavit filed by Eastern contains statements not made on personal knowledge and fails to comply with the requirements of Fed. R. Civ. P. 56(f).

**I.     ARGUMENT**

**A.  EASTERN'S SUPPLEMENTAL AFFIDAVIT CONTAINS STATEMENTS NOT MADE ON PERSONAL KNOWLEDGE**

Eastern attempts to avoid summary judgment by claiming that discovery is not complete. In support of its claim, it has filed a Supplemental Affidavit, purportedly pursuant to Fed. R. Civ. P. 56(f). The Supplemental Affidavit, however, contains

numerous statements not made on personal knowledge. As a result, those statements must be stricken.

Eastern's Supplemental Affidavit contains a list of people and entities whom Eastern claims it will depose and the alleged information that Eastern claims it will obtain from these purported witnesses. Eastern's Supplemental Affidavit does not, however, provide any basis for concluding that the affiant, Eastern's attorney, has any personal knowledge regarding the future testimony of the people and entities listed in Eastern's Supplemental Affidavit. As a result, these statements must be stricken and disregarded by the Court.

**B.     EASTERN'S SUPPLEMENTAL AFFIDAVIT MISREPRESENTS FACTS REGARDING OUTSTANDING DISCOVERY.**

Eastern's Supplemental Affidavit must be stricken for the independent reason that it misrepresents facts concerning outstanding discovery. Eastern attempts to delay the hearing on Heery's motion for summary judgment by claiming that Heery has refused to answer interrogatories and respond to documents requests from Eastern. These statements, however, are untrue and cannot form the basis for a continuance of the hearing on Heery's motion for summary judgment. In fact, the statements violate an agreement by counsel regarding scheduling of the briefing in this case.

Heery filed its motion for summary judgment on September 15, 2004. Eastern served no interrogatories on Heery until September 30, 2004, apparently in "response" to Heery's motion for summary judgment. Eastern then requested an extension to file its summary judgment opposition. Heery assented to Eastern's request but counsel for Heery, in a conversation with Attorney George Deptula, expressly informed him that allowance of an extension could not be used to suggest that Heery's discovery was

overdue.  See, Affidavit of Warren D. Hutchison, **Exhibit A**.  Heery objected to responding to Eastern's interrogatories due to Heery's pending motion for summary judgment and the fact that Eastern's response was due before Heery's answers to Eastern's interrogatories.  **Exhibit B**.  Now, Eastern attempts to avoid summary judgment by claiming that it is entitled to Heery's answers to interrogatories.  Such an argument, however, is baseless because Eastern specifically agreed that it agreed that it would not use the scheduling to argue that Heery owed answers to interrogatories.

Eastern also alleges that it is entitled to a continuance on the hearing on Heery's motion for summary judgment because Heery has allegedly refused to produce documents.  Again, Eastern's statements are inaccurate.  Heery provided documents to Eastern and indicated that it objected to the production of documents unrelated to the bidding process and/or Heery's evaluation of bids because they were not relevant. **Exhibit C.**  Specifically, Heery objected to producing all documents concerning the construction project at issue, including documents generated during construction. Counsel for Heery also indicated that if Eastern would like any specific category of documents, to let counsel for Heery know and that they could discuss it.  Counsel for Eastern never contacted counsel for Heery to request any additional documents.

As described above, Eastern's Supplemental Affidavit misrepresents a number of facts in an effort to avoid summary judgment.  Those misrepresentations must be stricken and disregarded by the Court.

**C.    THE SUPPLEMENTAL AFFIDAVIT ESTABLISHES EASTERN'S LACK OF DILIGENCE.**

The Supplemental Affidavit contains a wish list of potential witnesses that "may" testify in a way Eastern believes would be relevant and supportive.  Such speculation

3

cannot be the basis of an order of continuation, particularly in light of the lack of diligence Eastern shows in finding even one shred of evidence in its favor. This case is over twelve months old. If there were so many sources of facts supportive of Eastern's case, Eastern could have obtained a deposition, affidavit, or some other competent evidence sufficient to defeat summary judgment. Eastern has not done so and this Court should not delay Heery's timely motion for summary judgment to allow Eastern more time to pursue its "fishing expedition." Gooley v. Mobil, 851 F.2d 513, 515 (1st Cir. 1988).

## II.  CONCLUSION

For the foregoing reasons, Heery requests that this Court strike Eastern's Supplemental Addifavit and DENY Eastern's motion for a continuance pursuant to Fed. R. Civ. P. 56(f).

HEERY INTERNATIONAL, INC. and
THOMAS A. ELLIS,
By their attorneys,

_____
David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Dated: December ___, 2004          (617) 406-4500

## CERTIFICATE OF SERVICE

I, Warren D. Hutchison, hereby certify that on this ___ day of December, 2004, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

_____
Warren D. Hutchison

00881320.DOC