UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF WORCESTER and THOMAS )<br>R. HOOVER, City Manager, and HEERY )<br>INTERNATIONAL, INC. and THOMAS E. )<br>ELLIS, JR. )<br>)<br>Defendants. )<br>) | Civil Action No. 03-12216MLW |

**MOTION OF THE DEFENDANT, HEERY INTERNATIONAL, INC., FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the defendant, Heery International, Inc. ("Heery"), moves for a protective order in connection with the Rule 30(b)(6) Notice of Deposition of Heery served by the plaintiff, Eastern Contractors, Inc. ("Eastern"). The deposition of Heery is currently scheduled for **March 16, 2005**. As grounds for this motion, Heery states that the list of items on which examination is requested by Eastern in the Notice of Deposition seeks testimony that is irrelevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the list of items on which examination is requested by Eastern in the Notice of Deposition is overly broad and unduly burdensome.

In addition, Heery states that the Notice of Deposition requests that Heery produce a number of documents that are irrelevant to the issues raised in this lawsuit and the document requests are not reasonably calculated to lead to the discovery of admissible evidence. The document requests in Heery's Notice of Deposition are also

overly broad and unduly burdensome. In addition, Eastern's Notice of Deposition merely attaches a copy of Eastern's request for documents pursuant to Fed. R. Civ. P. 34. Heery objected to the production of a number of documents contained in Eastern's Rule 34 request when it was originally served on Heery. As a result, Eastern's Notice of Deposition appears to be an attempt to circumvent Heery's previous objections.

As described in detail below, Heery requests that this Court grant its Motion for Protective Order and issue an Order in the form attached hereto as **Exhibit A**. Heery's proposed order limits Eastern's topics of inquiry and documents produced by Heery to the bid phase of the Project.

## I.   BACKGROUND

This matter arises out of a decision by the City of Worcester ("City") not to award a contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Project") to Eastern because the City determined that Eastern was not the lowest responsible bidder. Heery's involvement with the Project is by virtue of a contract between Heery and the City whereby Heery agreed to provide construction management services on the Project, including but not limited to, reviewing general bids and advising the City regarding the award of the general bid.

After the City received general bids for the Project, Heery and the Project architect, Lamoureux Pagano Associates ("LPA"), conducted independent reviews of Eastern's references, bid documents, and Division of Capital Asset Management ("DCAM") update statement ("Update Statement"). During the course of their independent reviews, Heery and LPA discovered that there were a number of inaccurate statements and missing information in Eastern's Update Statement. The City offered

Eastern the opportunity to correct the inaccurate statements and missing information in the Update Statement but Eastern failed to do so.  Therefore, Heery and LPA recommended to the City that the City consider not awarding the construction contract on the Project to Eastern.  The City subsequently determined that Eastern was not the lowest responsible bidder and awarded the construction contract for the Project to the second lowest bidder, Consigli/O'Connor Joint Venture ("Consigli/O'Connor").

Eastern filed this lawsuit against Heery and Ellis alleging: (1) violation of c. 93 §102 (Count I); (2) violation of 42 U.S.C. §1981 (Count II); (3) violation of 42 U.S.C. §1983 (Count III); (4) violation of 42 U.S.C. §1985 (Count IV); (5) negligent misrepresentation (Count X); (6) interference with advantageous relationships (Count XI); and, (7) violation of c. 93A (Count XII).

On July 15, 2004, Eastern served its First Request for Production of Documents pursuant to Fed. R. Civ. P. 34 on Heery.  **Exhibit B**.  On August 12, 2004, Heery responded to Eastern's Rule 34 request and objected to a number of document requests on the grounds that they were overly broad, unbuly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and sought irrelevant documents.  **Exhibit C**.  Heery objected to producing documents that were unrelated to the bid phase of the Project.  On March 3, 2005, Eastern served a Notice of Deposition on Heery that contained a list of documents that Heery was purportedly required to bring to the deposition and a list of topics on which Eastern was requesting examination.  **Exhibit D**.  The list of documents is <u>identical</u> to Eastern's Rule 34 request that was previously served on Heery.

## II.    ARGUMENT

A.    STANDARD OF REVIEW.

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought … and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions … (4) that certain matters not be inquired into … ."

Fed. R. Civ. P. 26(c).  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.  Fed. R. Civ. P. 26(b)(1); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir., 1990); American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 739-42 (Fed. Cir. 1987).

**B.  A PROTECTIVE ORDER IS WARRANTED BECAUSE EASTERN REQUESTS TESTIMONY ON ITEMS THAT ARE IRRELEVANT TO THE ISSUES IN THIS CASE AND EASTERN'S TOPICS OF INQUIRY ARE OVERLY BROAD AND UNDULY BURDENSOME.**

An order that Eastern not be allowed to inquire into irrelevant topics is warranted in this case. In its Notice of Heery's Deposition, Eastern lists a number of items on which testimony is requested that are irrelevant to the issues in this lawsuit. Despite the fact that Eastern's claims are limited to alleged inappropriate actions of Heery and the City during the bidding phase of the Project with respect to Eastern's bid, Eastern has requested testimony on forty-six topics, most of which are wholly unrelated to Eastern's claims. In addition, most of Eastern's topics of inquiry are overly broad and unduly burdensome because they would require that Heery's designee review thousands of irrelevant documents in order to properly prepare for Heery's Rule 30(b)(6) deposition.

For instance, Eastern's first topic of inquiry requests testimony on "All facts, actions and/or communications concerning any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, construction, materials, equipment or labor to be furnished to the Project." Eastern fails to limit its request to testimony relating to the bid phase of the Project. As a result, Eastern will be free to inquire into any "proposals, invitations to bid, proposals or other like documentation" relating to any phase of the Project, including the construction phase of the Project. This testimony is irrelevant to the claims made by Eastern in this lawsuit. Even if such testimony were marginally relevant, Eastern's first topic of inquiry is overly broad and unduly burdensome. In order to properly prepare, Heery's designee would be required to review hundreds of requests for proposals made during the course of the

construction of the Project, despite the fact that they have nothing to do with Eastern's claims in this lawsuit.

Another egregious example of a request for irrelevant testimony is topic of inquiry number seven, which states "All facts, actions and/or communications concerning any and all documents sent to Heery or received by Heery, from Heery or any other person, party or entity relating to the Project." As with most of its topics of inquiry, Eastern fails to limit the scope of its inquiry to matters relevant to its claims – namely, the bid phase of the Project. Moreover, Eastern's topic of inquiry number seven would require Heery's designee to review every piece of paper set to Heery or sent by Heery relating to the Project, despite the fact that most of those documents have nothing to do with Eastern's claims.

A review of Eastern's forty-six topics of inquiry reveals that most of them have no relevance whatsoever to Eastern's claims. As a result, Heery requests that this Court issue a protective order limiting the topic of inquiry to the bid phase of the Project.

**C.   A PROTECTIVE ORDER IS WARRANTED BECAUSE THE DOCUMENTS REQUESTED BY EASTERN ARE IRRELEVANT TO THE ISSUES IN THIS CASE AND EASTERN'S DOCUMENT REQUESTS ARE OVERLY BROAD AND UNDULY BURDENSOME.**

In addition, Eastern's document request pursuant to Rule 30(b)(5) requests documents that are irrelevant to its claims and it overly broad and unduly burdensome.[1] For example, request number seven requires that Heery produce "Any and all documents

---

[1] Eastern previously sent a request for documents pursuant to Rule 34 that was identical to the documents requested in its Notice of Deposition served on Heery. In fact, Eastern merely attached a copy of its Rule 34 request previously served on Heery. At that time, Heery made a number of objections to Eastern's document requests, which are incorporated herein by reference. See, **Exhibit C**. Among other things, Heery objected to Eastern's requests to the extent that they sought irrelevant information and were not reasonably calculated to lead to the discovery of admissible evidence. In addition, Heery objected on the grounds that Eastern's requests were overly broad and unduly burdensome because they were not limited in scope to the bid phase of the Project. At that time, Heery produced all requested, non-privileged or otherwise protected documents in its possession relating to the bid phase of the Project.

6

sent to Heery or received by Heery, from Eastern or any other person, party or entity relating to the Project." This request, in essence, seeks all documents in Heery's possession, despite the fact that they have nothing to do with Eastern's claims. In addition, this request is overly broad and unduly burdensome because it requires that Heery produce thousands of irrelevant documents.

Eastern's document request is replete with requests for irrelevant documents and contains numerous requests that are overly broad and unduly burdensome. Heery's objections to Eastern's document request are contained in Heery's Response to Eastern's Request for Production of Documents, attached hereto as **Exhibit C**, and incorporated herein by reference. A review of Eastern's twenty-nine categories of documents requested reveals that most of the documents requested have no relevance whatsoever to Eastern's claims. As a result, Heery requests that this Court issue a protective order limiting the documents that Heery must produce to documents concerning the bid phase of the Project.

### III.   CONCLUSION

For the foregoing reasons, Heery requests that this Court GRANT its motion for protective order and issue an order in the form attached hereto as **Exhibit A**.

7

**RULE 26(c) AND LOCAL RULE 7.1(A)(2) CERTIFICATION**

Counsel for Heery hereby certifies that they have attempted to confer with counsel for Eastern in good faith to resolve or narrow the issues.

HEERY INTERNATIONAL, INC. and
THOMAS A. ELLIS,
By their attorneys,

David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: March ___, 2005

**CERTIFICATE OF SERVICE**

I, Matthew M. O'Leary, hereby certify that on this ___ day of March, 2005, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

Matthew M. O'Leary

00901726.DOC