UNITED STATES DISTRICT COURT OF MASSACHUSETTS

Civil Action No.: 03CV-12216MLW

EASTERN CONTRACTORS, INC.,
        Plaintiff
                              )

V.

CITY OF WORCESTER and
THOMAS R. HOOVER, City Manager, and
HEERY INTERNATIONAL INC., and   )
THOMAS A ELLIS
        Defendants

**PLAINTIFF, EASTERN CONTRACTORS, INC.'S FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS TO
DEFENDANT, HEERY INTERNATIONAL, INC.**

Pursuant to the Federal Rules of Civil Procedure the Plaintiff, Eastern Contractors, Inc., (hereinafter referred to as "Eastern") requests the Defendant, Heery International, Inc., (hereinafter referred to as "Heery") to produce the following documents and things, in accordance with the following definitions, at the offices of Quinlan & Sodowski, P.C. 11 Vanderbilt Avenue, Norwood, Massachusetts.

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "document" or "documents" or "documentation", mean and shall include the original and any non-identical copy of all papers, writings, agreements, financial statements, invoices, recordings, proposals, drawings, summaries, graphs, files, brochures, pamphlets, circulars, records, ledgers, journals, tax returns and schedules, diaries, calendars, studies, books, notebooks, work sheets, charts, bulletins, e-mails, forms, indices, tapes, cards, cables statements, lists, tabulations, computer printouts,

computer disks and/or diskettes, data processing input and output, microfilms, periodicals, court papers, affidavits, catalogs, instructions, work papers, surveys, orders, vouchers, data sheets, negatives, projections, analyses, magazines, articles, literature, newspapers, notes, minutes, letters, telegrams, memoranda, reports, photographs, transcripts, photographic and retrievable data (whether encarded, taped or coded electrically, electrostatically, electromagnetically or otherwise) and all other documents or materials of any nature whatsoever, together with any drafts thereof, attachments thereto or enclosures therewith, in the possession, custody or control of a party.

2. If you believe that any of the documents described and requested herein fall within the scope of any privilege or constitute work product materials, or otherwise are not within the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure, please furnish a list of all such documents which contains a complete description of each document, including the date of the document, identification of each person to whom it is addressed, identification of each person who received a copy thereof, identification of each person who prepared each such document, and the ground or grounds upon which it is being withheld from production.

3. "Concerning", "related to" or "relating to", as used herein, shall include but not be limited to: referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

4. The term "Worcester" or "Defendant" shall mean the Defendant, City of Worcester, and any and all affiliates, parent companies, subsidiaries, related entities, officers, directors, employees, agents and attorneys.

5. The term "Hoover" or "Defendant" shall mean Thomas R. Hoover.

6. The term "Heery" or "Defendant" shall mean the Heery International, Inc.

7. The term "Ellis" of "Defendant" shall mean Thomas E. Ellis, Jr.

8. The term any other "person, party or entity" shall include, but not be limited to, the following: Worcester; Hoover; Heery; Ellis; Jill Dagilis; Hinckley, Allen & Snyder, LLP; Lamoureux; Pagano Associates; Consigli-O'Connor, A Joint Venture; Consigli Construction, Inc; O'Connor Constructors, Inc.; Freetown - Lakeville School District; The City of Fall River; Town of Medway; Lincoln - Sudbury School District; Town of Fairhaven; and Commonwealth of Massachusetts, Division of Capital Construction Management and their affiliates, subsidiaries, related entities, offices, directors, employees, representatives and agents, including all architects, engineers and/or construction managers acting by or on their behalf.

9. The term "Project" shall refer to the design bidding and construction of the Worcester Vocational High School, which is the subject of this action.

## DOCUMENTS REQUESTED

1. Any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, construction, materials, equipment or labor to be furnished to the Project.

2. Any and all documents concerning estimates, take-offs, budgets, appropriations, votes, resolutions or similar documents with respect to costs of the Project.

3. Any and all documents relating to quotes, bids or proposals for the Project.

4. Any and all documents relating to contracts or other agreements between Heery, and any other person, party or entity concerning the Project.

5. Any and all modifications, change orders, additions, or any other documents relating to any contract between Heery, and any other person, party or entity concerning the Project.

6. Any and all documents relating to any proposals, contracts, settlement agreements or other agreements between Heery and any other person, party or entity concerning the Project on bids for the Project.

7. Any and all documents sent to Heery or received by Heery, from Eastern or any other person, party or entity relating to the Project.

8. Any and all documents relating to backup files or supporting documents for any and all change orders requested, approved and/or disputed for the Project, including but not limited to notice letters, memoranda, or statements, cost estimates and take-offs regarding the changed work, and any scheduled analysis of this impact of the changed work.

9. Any and all documents related to or constituting any notice of claim from Eastern on the Project.

10. Any and all cancelled checks, ledgers, books or other documents evidencing payment made to any other person, party or entity concerning the Project.

11. Any and all documents relating to costs of the Project, including but not limited to balance sheets, budgets, funding requests, requisitions by, between or among Heery or any of its officials, administrators, employees or agents, and any other person, party or entity.

12. Any and all documents or correspondence relating to the Project by, between or among Heery and any other person, party or entity.

13. Any and all documents relating to any meetings dealing with any aspect of the Project, including but not limited to, minutes, memoranda or notes.

14. Any and all documents relating to Heery's job site visits or work on the Project, including but not limited to, trip reports, daily reports, logs, minutes, memoranda or notes.

15. Any and all inter-office correspondence and other communications with Heery and any other person, party or entity.

16. Any and all documents relating to any and all person-to-person communications, including telephone, facsimile, and/or e-mail between from or among Heery and any other person, party or entity with respect to the Project.

17. Any and all internal and external Heery memoranda and notes relating to the Project.
18. Any and all daily documents, reports, diaries, calendars, logs, or other records regularly kept by Heery relating to the Project.
    Any and all chronologies prepared by or on behalf of Heery with respect to the Project.
20. Any and all documentation relating to any request for proposals, bids, solicitations, for the bid, and any re-bids of the Project.
    Any and all documentation relating to any pre-qualification, investigation of qualifications, investigation of references, of any bidder for the bid, and, any re-bid of the Project.
    Any and all documentation relating to any appropriations, grants or other financing for the construction of the Project for both the bid and any re-bid.
23. Any and all documentation relating to any votes, or meetings, by any elected or appointed entity of Heery regarding any and all bids and re-bids for the construction of the Schools.
24. Any and all documentation by, to, between, and among Heery, and any other person, party or entity regarding any and all bids and re-bids, or bidders for the Project.
25. Any and all documentation concerning the rejection of any bid for the Project.
26. Any and all documentation concerning the selection of any bid, bids, or bidders for the Project.
    Any and all documentation regarding the bidding, financing and construction of the Project.
28. Any and all documents relating to any expert witness relating to the Project.
29. Any and all documents relating to your Affirmative Defenses.

Eastern Contractors, Inc.,
By its attorneys,


/s/ Edward F. Vena
Edward F. Vena
BBO No.: 508660
Charles A. Plunkett
BBO No.: 547714
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
(617) 951-2400

/s/ Edward J. Quinlan
Edward J. Quinlan
BBO No.: 409060
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781) 440-9909


Dated: July 15, 2004

## CERTIFICATE OF SERVICE

I, Charles A. Plunkett, Esquire, hereby certify that I have, on this _16_ day of July, 2004, served a copy of the within by first-class mail, postage pre-paid upon the following parties:

Edward J. Quinlan, Esquire
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA  02062

Warren D. Hutchison
Donovan Hatem, LLP
2 Seaport Lane
Boston, MA  02210

Donald V. Rider, Jr.
Assistant City Solicitor
City of Worcester Law Department
City Hall, Room 301
Worcester, MA  01608

_____
Charles A. Plunkett, Esquire