UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC., ) <br> ) <br> Plaintiff, ) <br> v ) <br> ) <br> CITY OF WORCESTER and THOMAS ) <br> R. HOOVER, City Manager, and HEERY ) <br> INTERNATIONAL, INC. and THOMAS A. ) <br> ELLIS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 03-12216MLW |

**RESPONSE OF THE DEFENDANT, HEERY INTERNATIONAL, INC., TO THE FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF THE PLAINTIFF**

Pursuant to Fed. R. Civ. P. 34, the defendant, Heery International, Inc. ("Heery") responds to the first request for production of documents of the plaintiff, Eastern Contractors, Inc. ("Eastern"), as follows:

**GENERAL OBJECTIONS OF SPECIFIC APPLICABILITY**

1   Heery incorporates these General Objections into each and every objection and/or individualized response contained herein and into each and every amendment, supplement or modification to these responses hereinafter provided. Heery does not waive any General Objections in response to any specific request.

2   Heery has not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial. Heery, therefore, reserves his right to amend, modify or supplement the objections and/or responses stated herein based on the results of further investigation and/or discovery.

3.     Heery objects to each request to the extent that it seeks information protected against disclosure by the attorney-client privilege, the attorney work product doctrine or any other rule of privilege, confidentiality or immunity provided by law.

4.     Heery objects to the production of documents at the offices of Eastern's attorney and, instead, will make the documents available at the offices of Donovan Hatem LLP, Two Seaport Lane, Boston, Massachusetts at a mutually convenient date and time.

## SPECIFIC RESPONSES

**REQUEST NO. 1:**

Any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, construction, materials, equipment or labor to be furnished to the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request on the grounds that the term "other like documentation" is vague and ambiguous. In addition, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 1**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's

possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 2:**

Any and all documents concerning estimates, take-offs, budgets, appropriations, votes, resolutions or similar documents with respect to costs of the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request on the grounds that the term "similar documents" is vague and ambiguous. In addition, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 2**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 3:**

Any and all documents relating to quotes, bids or proposals for the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of

3

Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 3**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time

**REQUEST NO. 4:**

Any and all documents relating to contracts or other agreements between Heery, and any other person, party or entity concerning the Project

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows

**RESPONSE NO. 4**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 5:**

Any and all modifications, change orders, additions, or any other documents relating to any contract between Heery, and any other person, party or entity concerning

4

the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 5**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 6:**

Any and all documents relating to any proposals, contracts, settlement agreements or other agreements between Heery and any other person, party or entity concerning the Project on bids for the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 6**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 7:**

Any and all documents sent to Heery or received by Heery, from Eastern or any other person, party or entity relating to the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows

**RESPONSE NO. 7**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 8:**

Any and all documents relating to backup files or supporting documents for any and all change orders requested, approved and/or disputed for the Project, including but not limited to notice letters, memoranda, or statements, cost estimates and take-offs regarding the changed work, and any scheduled analysis of this impact of the changed

6

work.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City.

**REQUEST NO. 9:**

Any and all documents related to or constituting any notice of claim from Eastern on the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 9**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 10:**

Any and all cancelled checks, ledgers, books or other documents evidencing

payment made to any other person, party or entity concerning the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 10**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 11:**

Any and all documents relating to costs of the Project, including but not limited to balance sheets, budgets, funding requests, requisitions by, between or among Heery or any of its officials, administrators, employees or agents, and any other person, party or entity.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City.

**REQUEST NO. 12:**

Any and all documents or correspondence relating to the Project by, between or among Heery and any other person, party or entity.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 12**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 13:**

Any and all documents relating to any meetings dealing with any aspect of the Project, including but not limited to, minutes, memoranda or notes.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections,

Heery states as follows:

**RESPONSE NO. 13**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 14:**

Any and all documents relating to Heery's job site visits or work on the Project, including but not limited to, trip reports, daily reports, logs, minutes, memoranda or notes.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City.

**REQUEST NO. 15:**

Any and all inter-office correspondence and other communications with Heery and any other person, party or entity.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of

Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows

**RESPONSE NO. 15**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 16:**

Any and all documents relating to any and all person-to-person communications, including telephone, facsimile, and/or e-mail between from or among Heery and any other person, party or entity with respect to the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City Without waiving the foregoing general and specific objections, Heery states as follows

**RESPONSE NO. 16**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 17:**

Any and all internal and external Heery memoranda and notes relating to the

1

Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 17**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 18:**

Any and all daily documents, reports, diaries, calendars, logs, or other records regularly kept by Heery relating to the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 18**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 19:**

Any and all chronologies prepared by or on behalf of Heery with respect to the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 19**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 20:**

Any and all documentation relating to any request for proposals, bids, solicitations, for the bid, and any re-bids of the Project.

**RESPONSE NO. 20**

Any such documents in Heery's possession, custody or control will be produced

at a mutually convenient date and time.

**REQUEST NO. 21:**

Any and all documentation relating to any pre-qualification, investigation of qualifications, investigation of references, of any bidder for the bid, and, any re-bid of the Project.

**RESPONSE NO. 21**

Any such documents in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 22:**

Any and all documentation relating to any appropriations, grants or other financing for the construction of the Project for both the bid and any re-bid.

**OBJECTION**

In addition to the general objections, Heery objects to this interrogatory to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

Any and all documentation relating to any votes, or meetings, by any elected or appointed entity of Heery regarding any and all bids and re-bids for the construction of the Schools

**RESPONSE NO. 23**

Any such documents in Heery's possession, custody or control will be produced at a mutually convenient date and time

**REQUEST NO. 24:**

Any and all documentation by, to, between, and among Heery, and any other

person, party or entity regarding any and all bids and re-bids, or bidders for the Project.

**RESPONSE NO. 24**

Any such documents in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 25:**

Any and all documentation concerning the rejection of any bid for the Project

**RESPONSE NO. 25**

Any such documents in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 26:**

Any and all documentation concerning the selection of any bid, bids, or bidders for the Project.

**RESPONSE NO. 26**

Any such documents in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 27:**

Any and all documentation regarding the bidding, financing and construction of the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. In particular, Heery objects to this request to the extent that it seeks documents unrelated to the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of

Eastern's bid by the City. Without waiving the foregoing general and specific objections, Heery states as follows:

**RESPONSE NO. 27**

Any such documents concerning the bidding process, bids received by the City, evaluation of bids by Heery or the rejection of Eastern's bid by the City in Heery's possession, custody or control will be produced at a mutually convenient date and time.

**REQUEST NO. 28:**

Any and all documents relating to any expert witness relating to the Project.

**OBJECTION**

In addition to the general objections, Heery objects to this request on the grounds that it seeks information beyond the scope of Mass. R. Civ. P. 26(b)(4).

**REQUEST NO. 29:**

Any and all documents relating to your Affirmative Defenses.

**OBJECTION**

In addition to the general objections, Heery objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Respectfully Submitted,
HEERY INTERNATIONAL, INC. and
THOMAS E. ELLIS, JR.

By their attorneys,

_____
David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: August 12, 2004

## CERTIFICATE OF SERVICE

I, Warren D. Hutchison, hereby certify that on this 12 day of August, 2004, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

_____
Warren D. Hutchison

00852150.DOC

17