DONOVAN | HATEM LLP

*counselors at law*

**Matthew M. O'Leary**
617 406 4570 direct
moleary@donovanhatem.com

April 11, 2005

**By Hand**
Civil Clerk's Office
United States District Court
One Courthouse Way
Boston, MA 02210

**Re: Eastern Contractors, Inc. v. City of Worcester, et al.**
**Civil Action No. 03-CV-12216MLW**

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter is the **Motion of the Defendant, Heery International Inc., to Quash Subpoena Served on Flansburgh Associates, Inc. and for Protective Order.**

Thank you for your attention to this matter.

Very truly yours,

Matthew M. O'Leary

Enclosure
cc: David J. Hatem, PC
Warren D. Hutchison, Esq.
Donald V. Rider, Esq. (by first class mail with enclosures)
Edward Quinlan, Esq. (by first class mail with enclosures)
George Deptula, Esq. (by first class mail with enclosures)

00909955.DOC

Motion UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN CONTRACTORS, INC.,

Plaintiff,

v.

CITY OF WORCESTER and THOMAS R. HOOVER, City Manager, and HEERY INTERNATIONAL, INC. and THOMAS E. ELLIS, JR.

Defendants.

Civil Action No. 03-12216MLW

**MOTION OF THE DEFENDANT, HEERY INTERNATIONAL, INC., TO QUASH SUBPOENA SERVED ON FLANSBURGH ASSOCIATES, INC. AND FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and 46(c), the defendant, Heery International, Inc. ("Heery"), moves to quash the subpoena served on Flansburgh Associates, Inc. ("Flansburgh") by the plaintiff, Eastern Contractors, Inc. ("Eastern") and for a protective order. As grounds for this motion, Heery states that the subpoena served on Flansburgh seeks documents and testimony concerning a review of a bid submitted by Eastern for general construction contract for the construction of the new Lawrence High School in Lawrence, Massachusetts ("Lawrence Project"). The bids on the Lawrence Project and Flansburgh's review of Eastern's bid on the Lawrence Project both occurred months **after** the events that give rise to this lawsuit – namely the decision by the City of Worcester ("City") not to award a contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Project") to Eastern because the City determined that Eastern was not the lowest responsible bidder. As a result, any documents produced, or testimony provided, by Flansburgh in response to Eastern's

subpoena are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, because the evidence sought by the subpoena served on Flansburgh is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it requires Heery to incur unnecessarily the expense of Heery's counsel attending the Flansburgh deposition.

This motion is consistent with the Protective Order issued by the Court on March 15, 2005, when Heery sought protection from deposition questions and a document request that Eastern was pursuing to the extent that the questions and documents related to events after the bid phase of the Project that is the subject of this case. (See, Order, attached hereto as **Exhibit A**). As described in detail below, Heery requests that this Court grant its Motion to Quash and for Protective Order and order that the deposition of Flansburgh not be had and that Flansburgh not be required to produce any documents in response to Eastern's subpoena.

## I.    BACKGROUND

This matter arises out of a decision by the City of Worcester ("City") not to award a contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Worcester Project") to Eastern because the City determined that Eastern was not the lowest responsible bidder. Heery's involvement with the Project is by virtue of a contract between Heery and the City whereby Heery agreed to provide construction management services on the Project, including but not limited to, reviewing general bids and advising the City regarding the award of the general bid.

After the City received general bids for the Project, Heery and the Project architect, Lamoureux Pagano Associates ("LPA"), conducted independent reviews of Eastern's references, bid documents, and Division of Capital Asset Management ("DCAM") update statement ("Update Statement"). During the course of their independent reviews, Heery and LPA discovered that there were a number of inaccurate statements and missing information in Eastern's Update Statement. The City offered Eastern the opportunity to correct the inaccurate statements and missing information in the Update Statement but Eastern failed to do so. Therefore, Heery and LPA recommended to the City that the City consider not awarding the construction contract on the Project to Eastern. The City subsequently determined that Eastern was not the lowest responsible bidder and awarded the construction contract for the Project to the second lowest bidder, Consigli/O'Connor Joint Venture ("Consigli/O'Connor").

Eastern filed this lawsuit against the City, the City Manager, Heery and Ellis. The claims against Heery and Ellis are: (1) violation of c. 93 §102 (Count I); (2) violation of 42 U.S.C. §1981 (Count II); (3) violation of 42 U.S.C. §1983 (Count III); (4) violation of 42 U.S.C. §1985 (Count IV); (5) negligent misrepresentation (Count X); (6) interference with advantageous relationships (Count XI); and, (7) violation of c. 93A (Count XII).

On or about January 14, 2005, Eastern served a subpoena on Flansburgh seeking information and documents relating to Flansburgh's review of Eastern's bid on the Lawrence Project. A copy is attached hereto as **Exhibit B.**

## II.    ARGUMENT

### A.    STANDARD OF REVIEW.

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought … and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions … (4) that certain matters not be inquired into … ."

Fed. R. Civ. P. 26(c). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. Fed. R. Civ. P. 26(b)(1); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir., 1990); American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 739-42 (Fed. Cir. 1987).

## B. A PROTECTIVE ORDER IS WARRANTED BECAUSE EASTERN REQUESTS TESTIMONY AND DOCUMENTS FROM FLANSBURGH THAT ARE IRRELEVANT TO THE ISSUES IN THIS CASE.

An order that Eastern not be allowed to depose Flansburgh, or require Flansburgh to produce any documents, in response to Eastern's subpoena is warranted in this case. In its Notice of Flansburgh's Deposition, Eastern lists a number of items on which testimony is requested and requests a number of documents that are irrelevant to the

issues in this lawsuit. Despite the fact that Eastern's claims are limited to alleged inappropriate actions of Heery and the City during the bidding phase of the Worcester Project with respect to Eastern's bid, Eastern has requested testimony and documents from Flansburgh relating to the Lawrence Project, which went out to bid in late 2003. These requests seek irrelevant documents and testimony that are also not reasonably calculated to lead to the discovery of admissible evidence.

Flansburgh completed its review of Eastern's bid on the Lawrence Project In October of 2003. A copy of Flansburgh's letter to the Chairman of the Lawrence Buildign Committee is attached hereto as **Exhibit C.** Eastern apparently seeks to discover evidence supporting an argument that because Flansburgh recommended in October of 2003 that the City of Lawrence award the construction contract to Eastern, Heery should have recommended in March of 2003 to the City of Worcester that it award the construction contract for the Worcester Project to Eastern.[1] Flansburgh's recommendation to the City of Lawrence, completed approximately eight months after Heery reviewed Eastern's bid on the Worcester Project, has no bearing on any of the issues raised in this case. Moreover, requiring Heery to attend a deposition that is wholly irrelevant to the matters raised in this lawsuit places undue burden and expense on Heery. Heery should not be required to choose between paying counsel to attend a deposition seeking irrelevant evidence or being prejudiced by having no representative present at the deposition.

1 Eastern made a similar argument in its Opposition to Heery's Motion for Summary Judgment, which is pending before the Court.

For the foregoing reasons, a Protective Order preventing Eastern from deposing Flansburgh or requiring Flansburgh to produce any documents in response to Eastern's subpoena is warranted.

### C. EASTERN'S SUBPOENA TO FLANSBURGH MUST BE QUASHED BECAUSE IT SUBJECTS HEERY AND FLANSBURGH TO UNDUE BURDEN.

In addition, the subpoena served on Flansburgh by Eastern should be quashed. The subpoena subjects Flansburgh and Heery to undue burden. Flansburgh is subjected to undue burden because it is required to produce irrelevant documents and spend significant amounts of time preparing for a deposition that has no bearing on the issues in this lawsuit. In addition, Heery will be required to pay its counsel to prepare for and to attend a deposition that has no bearing on this lawsuit. As a result, the subpoena served on Flansburgh by Eastern should be quashed.

## III. CONCLUSION

For the foregoing reasons, Heery requests that this Court GRANT its motion for a Protective Order preventing Eastern from deposing Flansburgh or requiring Flansburgh to produce any documents in response to Eastern's subpoena is warranted and QUASH the subpoena served on Flansburgh by Eastern.

## RULE 26(c) AND LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Heery hereby certifies that they have attempted to confer with counsel for Eastern in good faith to resolve or narrow the issues.

HEERY INTERNATIONAL, INC. and
THOMAS A. ELLIS,
By their attorneys,

David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: April 11, 2005

**CERTIFICATE OF SERVICE**

I, Matthew M. O'Leary, hereby certify that on this 11th day of April, 2005, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

Matthew M. O'Leary

00904126.DOC

2500.1843
CAL

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN CONTRACTORS, INC.,
Plaintiff,

v.

CITY OF WORCESTER and
THOMAS R. HOOVER, City Manager, and
HEERY INTERNATIONAL INC., and
THOMAS A ELLIS
Defendants,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 03CV-12216MLW

TO: Flansburgh Associates, Inc.
77 North Washington Street
Boston, MA 02114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Vena, Riley, Deptula LLP<br>250 Summer Street, 2nd Floor, Boston, MA 02210 | February 11, 2005 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Vena, Riley, Deptula LLP<br>250 Summer Street, 2nd Floor, Boston, MA 02210 | February 11, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | January 14th, 2005 |

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
Sabatino F. Leo, Esq., Attorney for Plaintiff
Vena Riley Deptula LLP, 250 Summer Street, 2nd Floor
Boston, MA 02210 (617) 951-2400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**UNITED STATES DISTRICT COURT OF MASSACHUSETTS**

Civil Action No.: 03CV-12216MLW

EASTERN CONTRACTORS, INC., )
Plaintiff )
)
V. )
)
CITY OF WORCESTER and )
THOMAS R. HOOVER, )
City Manager, and )
HEERY INTERNATIONAL INC., )
and THOMAS E. ELLIS, JR. )
Defendants )

**NOTICE OF TAKING 30(b)(6) DEPOSITION**

TO: Warren D. Hutchison, Esquire
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210

Donald Rider, Esquire
City of Worcester Law Department
City Hall, Room 301
Worcester, MA 01608

Please take notice that, commencing at 10:00 a.m. on Friday February 11, 2005, at the offices of Vena, Riley, Deptula, LLP, 250 Summer Street, 2nd Floor, Boston, MA, the Plaintiff in this action, Eastern Contractors Inc., by its attorneys, will take the deposition upon oral examination of Flansburgh Associates, Inc. by one or more of its members, officers or employees to be designated by Flansburgh Associates, Inc. pursuant to the Federal Rules of Civil Procedure. The designee(s) is(are) requested to be the most knowledgeable person(s) concerning each topic of examination. The designee(s) should

be prepared to testify to the topics listed in Exhibit A attached hereto. The designee(s) is further requested to bring all documents listed in Exhibit A attached hereto.

The deposition shall take place before a Notary Public or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

EASTERN CONTRACTORS, INC.
By its attorneys,

Edward F. Vena, BBO No.: 508660
Sabatino F. Leo, BBO No.: 642302
George C. Deptula, BBO No. 120820
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
(617) 951-2400

Edward J. Quinlan, BBO No.: 409060
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781)440-9909

Dated: January 14, 2005

**EXHIBIT A**
**DEFINITIONS AND INSTRUCTIONS**

1. The terms "document" or "documents" mean and shall include the original and any non-identical copy of all papers, writings, agreements, financial statements, invoices, recordings, proposals, drawings, summaries, graphs, files, brochures, pamphlets, circulars, records, ledgers, journals, tax returns and schedules, diaries, calendars, studies, books, notebooks, work sheets, charts, bulletins, forms, indices, tapes, cards, cables statements, lists, tabulations, computer printouts, computer disks and/or diskettes, data processing input and output, microfilms, periodicals, court papers, affidavits, catalogs, instructions, work papers, surveys, orders, vouchers, data sheets, negatives, projections, analyses, magazines, articles, literature, newspapers, notes, minutes, letters, telegrams, memoranda, reports, photographs, transcripts, photographic and retrievable data (whether encarded, taped or coded electrostatically, electromagnetically or otherwise, and all other documents or materials of any nature whatsoever, together with any drafts thereof, attachments thereto or enclosures therewith, in the possession, custody or control of a party.

2. "Concerning" or "relating to" as used herein, shall include but not be limited to: referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

3. The term "Worcester" refers to the Defendant, City of Worcester and any of its representatives, agents, employees, principals, officers, subsidiaries, parent companies, related entities, and attorneys.

4. The term "Lawrence Project" refers to the public building project known as the new Lawrence High School Project, Lawrence, Massachusetts.

5. The term "Hoover" refers to the Defendant, Thomas R. Hoover, City Manager, City of Worcester.

6. The term "Heery" refers to the Defendant, Heery International Inc., and any of its representatives, agents, employees, principals, associates, parent companies, subsidiaries, affiliates, and attorneys, including any of its consultants, subcontractors or others performing work or services for Heery International, Inc.

7. The term "Ellis" refers to the Defendant, Thomas E. Ellis.

8. The term "Eastern" refers to the Plaintiff, Eastern Contractors, Inc.

9. The term "Flansburgh" refers to Flansburgh Associates, Inc., and any of its representatives, agents, employees, principals, associates, parent companies, subsidiaries, affiliates, and attorneys, including any of its consultants, subcontractors or others performing work or services for Flansburgh Associates, Inc.

10. The term "Project" shall refer to the design bidding and construction of the Worcester Vocational High School, which is the subject of this action.

11. The term "Heery Report" refers to the March 19, 2003, letter to Jill C. Dagilis from Thomas E. Ellis, Jr and any investigation related thereto.

12. The term "action" or "actions" means any investigation, meeting, correspondence, communication, request, demand, computer or other inquiry or entry, research or any other activity.

13. The term "communication" means any oral or written utterance, notation, statement, conversation and discussion of any nature and any non-verbal behavior included as part of, or constituting a separate communication, also including email or computer entries

**DOCUMENTS REQUESTED**

1. Any and all documents which constitute or evidence pre-qualification investigations, investigation of qualifications, investigation of references and/or any other inquiries regarding Eastern's bid on the Lawrence Project.

2. Any and all documents which constitute or evidence any and all communications to include but not be limited to telephone and/or email transmissions, by and/or between Flansburgh and any other person, party or entity as it relates to any and all prequalification investigations, investigation of qualifications, investigation of references and/or any other inquiries regarding Eastern's bid on the Lawrence Project.

3. Any and all documents which constitute or evidence inter-office, intra-office, internal and/or external memoranda of Flansburgh as it relates to the pre-qualification investigations, investigation of qualifications, investigation of references and/or other inquiries regarding Eastern's bid on the Lawrence Project.

4. Any and all documents used, received, generated and/or created by Flansburgh as it relates to the pre-qualification investigations, investigation of qualifications, investigation of references and/or other inquiries regarding Eastern's bid on the Lawrence Project.

5. Any and all documents which constitute or evidence pre-qualification investigations, investigation of qualifications, investigation of references, and/or any other inquiries regarding Eastern's bid on the Lawrence Project.

6. Any and all files, correspondence, memoranda, reports, summaries, calculations, email transmissions, facsimile transmissions, audio records and/or all records of Jorge M. Cruz, AIA, Senior Associate, relating to any prequalification investigations, investigations of qualifications, investigations of references, and/or any other inquiries regarding Eastern's bid on the Lawrence Project.

7. Any and all documents which constitute or evidence notices, memoranda, agreements, communications, to include but not be limited to telephone communications and email transmissions, by and/or between Flansburgh and any other person party or entity relating to bid submissions on the Lawrence Project.

8. Any and all documents used, received, generated and/or created by Flansburgh during its review of Eastern's bid submission on the Lawrence Project.

9. Any and all documents concerning the selection of any bid, bids or bidders for the Lawrence Project.

10. Any and all documents used, received, generated and/or created by Flansburgh in its drafting of its November 7, 2003 letter to Mr. Wayne Capolupo, Chairman of Lawrence Building Committee, regarding "Eastern Contractors Bid Submission" to include but not be limited to the "City of Worcester letter dated March 26, 2003", "Heery International's letter dated March 19, 2003" and "Macomber's letter dated October 29, 2003."

11. Any and all documents relating to Flansburgh's determination that Eastern was the "lowest responsible and eligible bidder" on the Lawrence Project.

12. Any and all documents contained in or part of any and all files of Jorge M. Cruz, AIA, Senior Associate, relating to the Lawrence Project.

13. All documents concerning any and all communications, of any kind, including but not limited to telephone and email communications, of Jorge M. Cruz, AIA, Senior Associate, relating to the Lawrence Project, and particularly relating to Eastern.

14. Any and all documents which constitute or evidence the Heery Report, including but not limited to all files, correspondence, memoranda, reports, summaries, calculations, email transmissions, facsimile transmissions, audio records and/or all records.

15. Any and all document which constitute or evidence all files, of any kind, of Flansburgh or any representative of same, concerning the Heery Report, to include but not be limited to, files, correspondence, memoranda, reports, summaries, calculations, email transmissions, facsimile transmissions, audio records and/or all records.

16. Any and all documents, of any kind, related to critiques or criticisms of Eastern in the Heery Report to include but not be limited to, files, correspondence, memoranda, reports, summaries, calculations, email transmissions, facsimile transmissions, audio records and/or all records.

## TOPICS OF INQUIRY

1.  All facts, actions and/or communications concerning any and all documents set forth in the preceding Documents Requested attached hereto.

2.  All facts, actions and/or communications concerning all communications regarding Flansburgh's review of the contents of the Heery Report.

3.  All facts, actions and/or communications concerning Flansburgh's statement in its November 7, 2003 letter to Mr. Wayne Capolupo, Chairman of Lawrence Building Committee that "Eastern Contractors Inc. is the lowest responsible and eligible bidder."

4.  All facts, actions and/or communications concerning Flansburgh's statement in its November 7, 2003 letter to Mr. Wayne Capolupo, Chairman of Lawrence Building Committee that "the issues outlined in the City of Worcester letter and Heery International letter have been adequately resolved with the issuance of Eastern's current Certificate of Eligibility."

5.  All facts, actions and/or communications concerning the knowledge and state of mind of Jorge M. Cruz, AIA, Senior Associate, relating to Flansburgh's decision to award the Lawrence High School project to Eastern.

6.  All facts, actions and/or communications concerning Flansburgh's statement in its November 7, 2003 letter to Mr. Wayne Capolupo, Chairman of Lawrence Building Committee that "Eastern Contractors possess the skill, ability, and integrity necessary to faithfully perform the work."

7.  All facts, actions and/or communications concerning the role of each individual officer or employee of Flansburgh concerning the investigation of Eastern, to include but not be limited to, the identity of each individual, letters read, reviewed documents, and interviews of owners/architects.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.2003-CV-12216-MLW

EASTERN CONTRACTORS, INC.,
Plaintiff

V.

CITY OF WORCESTER
and THOMAS R. HOOVER, City Manager,
and HEERY INTERNATIONAL, INC.,
and THOMAS E. ELLIS, JR.,
Defendants

**ORDER ON**

**MOTION OF THE DEFENDANT, HEERY INTERNATIONAL, INC., FOR PROTECTIVE ORDER (Docket # 42)**

ALEXANDER, M.J.

Defendant Heery International, Inc. ("Heery"), has filed a motion for a protective order in connection with the Fed. R. Civ. P. 30(b)(6) deposition of Heery scheduled to be taken tomorrow, March 16, 2005, by plaintiff Eastern Contractors, Inc. ("Eastern"). Heery asserts that the deposition notice includes topics of examination that are not relevant to Eastern's claims against Heery, and that are, in addition, overly broad and unduly burdensome. Heery also asserts that the documents that Eastern has requested that Heery produce at the deposition are

similarly irrelevant, and the requests similarly overly broad and unduly burdensome.

Eastern's claims against Heery stem from the award by defendant City of Worcester ("the City") of a public construction contract ("the project") to Consigli/O'Connor Joint Venture rather than to Eastern. Heery was hired by the City to act as construction manager for the project, and Heery's duties included, *inter alia*, reviewing the bids and recommending to the City which contractor should be awarded the project. Eastern's claims against Heery are based on the portion of Heery's duties related to the bid phase and award of the project, rather than to any of Heery's post-award duties.

Heery asserts that the topics about which Eastern proposes to question Heery, and the documents that Eastern seeks, seek irrelevant information, and are overly broad, because they include information that is unrelated to the bid phase of the project. Heery seeks in its protective order, therefore, to limit Eastern's topics of inquiry and documents produced by Heery to the bid phase of the project. Heery's position is a valid one to the extent that Eastern's claims against Heery relate to Heery's role during the bid phase of the project, and Heery's motion for a protective order is therefore ALLOWED.

SO ORDERED.

3/15/05
Date

/S/ Joyce London Alexander
United States Magistrate Judge

FLANSBURGH ASSOCIATES

07 November 2003

Mr. Wayne Capolupo
Chairman of Lawrence Building Committee
SPS New England, Inc.
98 Elm Street
Salisbury, MA 01952

RE: Eastern Contractors Bid Submission

Dear Mr. Capolupo,

As outlined in the Project Manual Volume No. 1 of the bid documents, "Instructions to Bidders", paragraph 1.12 Method of Award, Flansburgh Associates, Inc. has completed its review of Eastern Contractors bid submission based on the Method of Award.

Flansburgh Associate, Inc. has adhered to the term "lowest responsible and eligible bidder" as defined in the provisions of Chapter 149, Sections 44A through 44F; as well as the "Instructions to Awarding Authorities" as outlined in the update statement instructions of the Division of Capital Asset Management.

We have reviewed Eastern Contractors Certificate of Eligibility at the DCAM office in addition to Eastern's evaluation forms based on the requirements listed above. We have also reviewed Eastern Contractor's update statement, the City of Worcester letter dated March 26, 2003, Heery International's letter dated March 19,2003, and Macomber's letter dated October 29,2003.

As was reported on October 29, 2003 at the Lawrence School Building Committee meeting, our preliminary findings for the three bidders were as follows:

| Comparative Criteria | Firm Names | | |
|---|---|---|---|
| | Eastern Contractors Inc. | George B.H. Macomber Co. | Suffolk Construction |
| 1. Quality of Work | Above Average | Above Average | Average |
| 2. Performance and Accountability | Average | Above Average | Average |
| 3. Subcontractor (project) Management | Average | Above Average | Above Average |
| 4. Construction Procedures | Below Average | Above Average | Average |
| 5. Change Orders | Average | Average | Average |
| 6. Working Relationships | Above Average | Above Average | Above Average |
| 7. Paperwork Processing | Below Average | Above Average | Average |
| 8. On-site Supervisory Personnel Rating | Average | Average | Average |
| Average DCAM Rating | 91 | 92 | 87 |
| Note: Based on random selection of DCAM rated projects for evaluation purposes only. | | | |

Architecture
Master Planning
Programming
Interior Design

Principals
David S. Soleau, AIA
Alan S. Ross, AIA
Duncan P. McClelland, AIA
Sidney R. Bowen, III

Chairman
Earl R. Flansburgh, FAIA, NA

Senior Associates
Samuel Bird, AIA
Jorge M. Cruz, AIA
Rose M. Fiore, Assoc. AIA

Associates
Valerie M. Curtis
David R. DeFilippo, AIA
Vincent B.J. Dubé, AIA
James A. Higham, AIA
Peter W. Lambert
Thomas J. Mueller, AIA
Dominic L. Padulla, Assoc. AIA
Robert R. Peirce, AIA
James B. Williams, Jr., AIA

9948
Lawr.
Client

FLANSBURGH ASSOCIATES

We reported at that time that there was no apparent reason to reject Eastern's bid based on our preliminary review. We have since completed our evaluation and contacted individuals on Eastern Contractors' update statement. We have found that Eastern's Certificate of Eligibility is current as of June 2003 and their update statment is complete.

The following analysis reflects comments from various firms listed on Eastern Contractor's update statement for bo

| 1-Quality of Work - Complete Projects. | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Above Average | Flansburgh Associates | Good Quality/Very Cooperative |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | Above Average | HMFH | Very Cooperative/Strong Initiatives |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | Above Average | Caolo&Bienik | Very responsive/Unforeseen Site issues, dealt Efficiently |
| 4. West Taunton Elementary School, Taunton, Ma | Average | Kayes | No Issues with GC |
| 5. Bellingham High School, Bellingham, MA | - | McGuire Group | Cooperative |
| 6. Van Sickle School, Springfield, Ma | Average | Caolo&Bienik | Cooperative In Dealing with Contaminated Site |
| 7. Pawtucket &J.G. Pyne School, Lowell, Ma. | Average | DRA | Good Quality/Very Cooperative |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | Above Average | Kaestle Boos | Good Working Relations |
| 9. South Street Elementary School, Waltham Ma. | Average | Flansburgh Associates | Good Work/Cooperative |

DCAM Question - Rate the quality of the work, problems attributable to the contractor and their cooperation in resolving the problem.

| 2 - Project Management a) - Scheduling | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Above Average | Flansburgh Associates | Finished Project 3 months Ahead of Schedule |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | Above Average | HMFH/Above Average | Excellent |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | Above Average | aolo&Bienik/Above Avera | Site Delays |
| 4. West Taunton Elementary School, Taunton, Ma | Average | Kayes/ Average | On Schedule |
| 5. Bellingham High School, Bellingham, MA | - | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | Average | Caolo&Bienik/Average | Cooperative In Dealing with Schedule |
| 7. Pawtucket &J.G. Pyne School, Lowell, Ma. | - | DRA, Inc. | Good |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | - | Kaestle Boos Assoc | Unforeseen Site Issues; Project Late |
| 9. South Street Elementary School, Waltham,Ma. | Average | Flansburgh Associates | On Schedule with Time Extension |

DCAM Question - Rate the contractors performance regarding contract schedule, was it met, were delays attributable to the Contractor.

| b) - Subcontractor Management | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Above Average | Flansburgh Associates | No Subcontractor Issues |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | Above Average | HMFH | Good/No Unresolved Problems |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | - | Caolo&Bienik | Good Working Relations |
| 4. West Taunton Elementary School, Taunton, Ma | - | Kayes | Good Relations |
| 5. Bellingham High School, Bellingham, MA | - | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | - | Caolo&Bienik | Cooperative In Dealing with Subcontractors |
| 7. Pawtucket &J.G. Pyne School, Lowell, Ma. | - | DRA, Inc. | Smooth Relations/Good Relations with GC |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | - | Kaestle Boos Assoc | Poor Subcontractor Management |
| 9. South Street Elementary School, Waltham,Ma. | Average | Flansburgh Associates | - Site Contractor Issues |

DCAM Question - Rate this contractor+A14s ability, effort, and success in managing and coordinating subcontractors.

FLANSBURGH ASSOCIATES

| c) - Safety & Housekeeping | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Average | Flansburgh Associates | Good Working Relations/No Issues |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | - | HMFH | No Issues |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | - | Caolo&Bieniek | No Issues |
| 4. West Taunton Elementary School, Taunton, Ma | - | Keyes | No Issues |
| 5. Bellingham High School, Bellingham, MA | - | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | - | Caolo&Bieniek | No Issues |
| 7. Pawtucket &I.G. Pyne School, Lowell, Ma. | - | DRA, Inc. | Very Good |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | - | Kaestle Boos Assoc | No Issues |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | No Issues |

DCAM Question - Rate this contractors safety and housekeeping procedures. Were there any OSHA violations or serious accidents.

| d) - Change Order | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Above Average | Flansburgh Associates | Low Change Orders |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | Above Average | HMFH | Low Change Order Rate |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | - | Caolo&Bieniek | Low Change Order Rate |
| 4. West Taunton Elementary School, Taunton, Ma | Below Average | Keyes | High Change Order Rate |
| 5. Bellingham High School, Bellingham, MA | | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | - | Caolo&Bieniek | Fair |
| 7. Pawtucket &I.G. Pyne School, Lowell, Ma. | - | DRA, Inc. | Very Good/Reasonable |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | - | Kaestle Boos Assoc | Reasonable |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Within Project Contingency |

DCAM Question - Did this Contractor unreasonably claim change orders, was the pricing reasonable.

| e) - Working Relations | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Above Average | Flansburgh Associates | Very Cooperative/Team Players |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | - | HMFH | Good |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | - | Caolo&Bieniek | Good Working Relationship |
| 4. West Taunton Elementary School, Taunton, Ma | - | Keyes | Good |
| 5. Bellingham High School, Bellingham, MA | - | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | - | Caolo&Bieniek | Cooperative |
| 7. Pawtucket &I.G. Pyne School, Lowell, Ma. | - | DRA, Inc. | Smooth Relations |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | - | Kaestle Boos Assoc | Good Working Relationship |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Cooperative |

DCAM Question - Rate this contractors working relations with the designers, owners, etc., did they conduct themselves in a professional manner.

FLANSBURGH ASSOCIATES

| f) - Paperwork Processing | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr/Sr. High School, Byfield, Ma. | Average | Flansburgh Associates | Good |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | - | HMFH | Very Good |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | - | Caolo&Bieniek | Good |
| 4. West Taunton Elementary School, Taunton, Ma. | - | Kaye | Good |
| 5. Bellingham High School, Bellingham, MA | - | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | - | Caolo&Bieniek | Good |
| 7. Pawtucket & J.G. Pyne School, Lowell, Ma. | - | DRA, Inc. | Good/Reasonably Complete and Prompt |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | - | Kaestle Boos Assoc | Fair |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Good |

DCAM Question - Rate the contractors performance in completing and processing paperwork.

| g) - On-Site Supervisory Personnel | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Average | Flansburgh Associates | Good/Very Experienced |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | Above Average | HMFH | Very Good |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | - | Caolo&Bieniek | Good |
| 4. West Taunton Elementary School, Taunton, Ma. | - | Kaye | Good |
| 5. Bellingham High School, Bellingham, MA | - | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | - | Caolo&Bieniek | Good |
| 7. Pawtucket & J.G. Pyne School, Lowell, Ma. | - | DRA, Inc. | Very Good |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | - | Kaestle Boos Assoc | Unforseen Site Issues/Poor Coordination |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Good/Very Experienced |

DCAM Question - Rate the general performance of the contractors on site supervisory personnel.

FLANSBURGH ASSOCIATES

INCOMPLETE PROJECTS

| 1-Quality of Work - | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Recovered from Site Issues/ Project back on Schedule |
| 2. Whetherbee Elementary School, Lawrence, Ma. | - | Flansburgh | |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Very Good |
| 4. Normandin Middle School, New Bedford, Ma. | - | Mt VernonGroup | Generally Good |
| 5. Medway High School, Medway, Ma. | - | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | Generally Good |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | - | DiNisco Design Partnership | - |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | Good |
| 9. Algonquin Regional High School, Waltham, Ma. | - | Strekalovsky & Hoit Inc. | - |

DCAM Question - Rate the quality of the work, problems attributable to the contractor and their cooperation in resolving the problem.

| 2 - Project Management<br>a) - Scheduling | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Could have been more Aggressive with File Sub Trades' Schedule |
| 2. Whetherbee Elementary School, Lawrence, Ma. | - | Flansburgh | |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Very Good/Ahead of Schedule |
| 4. Normandin Middle School, New Bedford, Ma. | - | Mt VernonGroup | Weak Planning / Delays Caused by Poor Scheduling with the File Sub Trades |
| 5. Medway High School, Medway, Ma. | - | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | - |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | - | DiNisco Design Partnership | Generally Good |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | - |
| 9. Algonquin Regional High School, Waltham, Ma. | - | Strekalovsky & Hoit Inc. | |

DCAM Question - Rate the contractors performance regarding contract schedule, was it met, were delays attributable to the Contractor.

| b) - Subcontractor Management | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Unforseen Site Contamination/Delay with File Sub Bids Trades |
| 2. Whetherbee Elementary School, Lawrence, Ma. | - | Flansburgh | Very Good/TM /Great at Moving Project Along/Difficult site |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Poor Sub-contractor Scheduling |
| 4. Normandin Middle School, New Bedford, Ma. | - | Mt VernonGroup | Unforseen Site Issues/On Schedule |
| 5. Medway High School, Medway, Ma. | - | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | - | DiNisco Design Partnership | - |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | Good Site PM, Aggressive/Initial Site Cont. problems |
| 9. Algonquin Regional High School, Waltham, Ma. | - | Strekalovsky & Hoit Inc. | HCI took over Site/Project on Schedule |

DCAM Question - Rate the contractor's ability, effort, and success in managing and coordinating subcontractors.

FLANSBURGH ASSOCIATES

| c) - Safety & Housekeeping | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Very good - No serious safety incident. |
| 2. Wetherbee Elementary School, Lawrence, Ma. | - | Flansburgh | - |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Very Good |
| 4. Normandin Middle School, New Bedford, Ma | - | Mt VernonGroup | Good |
| 5. Medway High School, Medway,Ma. | - | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | Good |
| 7 Add. & Ren. Framingham H. S. Lowell, Framingham Ma. | - | DiNisco Design Partnership | - |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | Good |
| 9. Algonquin Regional High School, Waltham,Ma. | - | Strekalovsky & Hoit Inc. | - |

DCAM Question - Rate this contractors safety and housekeeping procedures. Were there any OSHA violations or serious accidents.

| d) - Change Order | DCAM | Contact | Did GC unreasonably claim change orders / extra |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Very good/Pricing was reasonable. |
| 2. Wetherbee Elementary School, Lawrence, Ma. | - | Flansburgh | - |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Fair/Not Aggressive on CO |
| 4. Normandin Middle School, New Bedford, Ma | - | Mt VernonGroup | Reasonable |
| 5. Medway High School, Medway,Ma. | - | Partnership of Cambridge | Fair on CO |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | Fair |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | - | DiNisco Design Partnership | - |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | Fair |
| 9. Algonquin Regional High School, Waltham,Ma. | - | Strekalovsky & Hoit Inc. | - |

DCAM Question - Did this Contractor unreasonably claim change orders, was the pricing reasonable.

| e) - Working Relations | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Very Good/PM related well with Owner/Designer (within difficult site) |
| 2. Wetherbee Elementary School, Lawrence, Ma. | - | Flansburgh | - |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Excellent / Very Cooperative with Client/Designer |
| 4. Normandin Middle School, New Bedford, Ma | - | Mt VernonGroup | Generally good |
| 5. Medway High School, Medway,Ma. | - | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | Generally good working close will help process |
| 7 Add. & Ren. Framingham H. S. Lowell, Framingham Ma. | - | DiNisco Design Partnership | - |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | Generally good |
| 9. Algonquin Regional High School, Waltham,Ma. | - | Strekalovsky & Hoit Inc. | - |

DCAM Question - Rate this o+A62ontractors working relations with the designers, owners, etc., did they conduct themselves in a professional manner.

OCT 25 2004 11:41 FR HAS BOSTON 30 3 TO 99512420 P.10/12

FROM FLANSBURGH ASSOCIATE (FRI)10 22 2004 10:28/ST. 10:28/NO. 5112765215 P 8

FLANSBURGH ASSOCIATES

| 1) - Paperwork Processing | DCAM | Consult | Comments |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Good - Reasonably complete & prompt |
| 2. Wheatherbee Elementary School, Lawrence, Ma. | - | Flansburgh | - |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Very Good- |
| 4. Normandin Middle School, New Bedford, Ma | - | Mt VernonGroup | Generally Good |
| 5. Medway High School, Medway, Ma. | - | Partnership of Cambridge | Good - |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | Good |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | - | DiNisco Design Partnership | - |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | Good |
| 9. Algonquin Regional High School, Waltham Ma. | - | Barkalovsky & Holt Inc. | - |

DCAM Question - Rate the contractors performance in completing and processing paperwork.

| 2) - On -Site Supervisory Personnel | DCAM | Consult | Comments |
|---|---|---|---|
| 1. Greene&Borden Schools, Fall River, Ma. | - | Mt VernonGroup | Very Good/FM able to move project appropriately |
| 2. Wheatherbee Elementary School, Lawrence, Ma. | - | Flansburgh | - |
| 3. Lynnfield Middle School, Lynnfield, Ma. | - | Architecture Involution | Site |
| 4. Normandin Middle School, New Bedford, Ma | - | Mt VernonGroup | Fm was not focused on this project-centered on multiple projects. |
| 5. Medway High School, Medway, Ma. | - | Partnership of Cambridge | Good Site FM/Fired Sub-Con. that was not performing/made-up lost time |
| 6. New Chicopee High School, Chicopee, Ma. | - | Mt VernonGroup | Good |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | - | DiNisco Design Partnership | - |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | - | M Rosenfield Inc. | Good Site Fm/ Make sure FMs do not perform multiple duties |
| 9. Algonquin Regional High School, Waltham, Ma. | - | Barkalovsky & Holt Inc. | - |

DCAM Question - Rate the general performance of the contractors on site supervisory personnel.

FLANSBURGH ASSOCIATES

Conclusion:

1. Eastern Contractors' Certificate of Eligibility is current. Issues outlined in the City of Worcester's letter and Heery International's letter have been addressed in their June 2003 certificate.
2. Eastern's update statement information is correct and executed in accordance with DCAM requirements with only one item to be addressed by Eastern Contractors.
3. Part 3 – Project Performance, Question C; "Has your firm failed or refused to complete any punchlist work under any contract?" Eastern's answer is "No". Our review of the update statement found various projects that had incomplete punchlists. Even though not a single contact indicated that Eastern failed or refused to complete punchlists, we requested a further explanation from Eastern Contractors regarding their answer on Question No. 3. (See attached letter)
4. Concerning the question of schedule adherence - Our review found Eastern to be average, no better and no worse than their counterparts in public construction projects. In the cases we reviewed, delays in schedules were adjusted with time extensions granted by the awarding authorities without penalty to Eastern Contractors.
5. Regarding the issue of change orders - Our review found Eastern to be average, no better and no worse than their counterparts in public construction projects.
6. Concerning the question of final completion - Our review found Eastern to be below average, worse than their counterparts in achieving punchlist completion within 60 days of substantial completion and failing to achieve final completion within contract requirements. However, we did not find any instance in which Eastern Contractors abandoned its responsibilities for final completion.
7. Concerning the question of supervision - Our review found Eastern's personnel outlined in their bid for the project to be above average.
8. The issues outlined in the City of Worcester letter and Heery International letter have been adequately resolved with the issuance of Eastern's current Certificate of Eligibility.
9. This final report clearly addresses the bidder eligibility and addresses for the City items raised in the Macomber letter.

Based on our review and analysis of Eastern Contractors bid we find:

A. Eastern Contractors possess the skill, ability and integrity necessary to faithfully perform the work.
B. Eastern Contractors Inc. is the lowest responsible and eligible bidder.
C. The awarding authority has included provisions within the Owner/Contractor contract to manage the concerns over schedule, performance, change orders, punchlist completion and final completion for the project.
D. Eastern Contractors bid for construction amount for the contract although 7 % below the second bidder does not invalidate their bid.

CT 25 2004 11:42 FR HAS BOSTON 30 3 TO 99512420 P.12/12

FROM FLANSBURGH ASSOCIATE (FRI)10 22 2004 10:27/ST. 10:23/NO. 5112766215 P 10

FLANSBURGH ASSOCIATES

Based on our determination, the City of Lawrence should award Eastern Contractors Inc., as the lowest responsible and eligible bidder, the contract for constructing the new Lawrence High School.

Sincerely,

FLANSBURGH ASSOCIATES, INC.

Jorge M. Cruz, AIA
Senior Associate

CC: Doreen Zankowski
George Collins
Earl R. Flansburgh
Dominic Pedulla

** TOTAL PAGE.12 **