```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                            NO. 03CV12216-MLW
EASTERN CONTRACTORS, INC.,      )
            Plaintiff           )
                                )
v.                              )
                                )
CITY OF WORCESTER, and THOMAS   )
R. HOOVER, City Manager, and    )
HEERY INTERNATIONAL, INC. and   )
THOMAS A. ELLIS,                )
            Defendants          )
```

## DEFENDANT CITY OF WORCESTER'S MOTION FOR PROTECTIVE ORDER

Defendant City of Worcester ("the City") hereby moves this Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order as to three (3) depositions which Plaintiff Eastern Contractors, Inc. ("Eastern") has scheduled as Rule 30(b)(6) depositions for **April 14 and 15, 2005.**[1] Those depositions are of City employees Jill Dagilis, Richard Trifero, and Erik Twickler. As grounds for this Motion, the City states:

1) The list of forty-six (46) topics on which examination is requested in Eastern's deposition notices is overly broad and unduly burdensome, and it seeks testimony that is irrelevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence;[2]

---

[1] Counsel for the City and Eastern spoke on April 12, 2005, and are now looking to reschedule these depositions beginning on **April 19, 2005.**

[2] By Order dated March 15, 2005, this Court (per Alexander, M.J.) allowed Defendant Heery International. Inc.'s Motion for Protective Order on the same basis of irrelevancy regarding the same list of forty-six (46) topics. See Exhibit 1, attached hereto.

2) The document request attached to Eastern's deposition notices is overly broad, unduly burdensome, vague and ambiguous, and it seeks documents that are irrelevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence;

3) After the City had served its notice of the Rule 30(b)(6) deposition of Eastern in late November 2004, Eastern waited nearly 1½ months, until mid-January 2005, to serve its objection, claiming that the City's deposition notice had failed to specify the deposition topics with reasonable particularity and that Eastern's Rule 30(b)(6) designee could not be deposed since he was out of the country; while Eastern's objection was untimely under Rule 32(d)(1), the City agreed to postpone its Rule 30(b)(6) deposition of Eastern on the condition that that deposition go forward prior to Eastern's Rule 30(b)(6) deposition of the City; Eastern's present Rule 30(b)(6) deposition notice ignores the City's conditional arrangement;

4) Under Fed. R. Civ. P. 30(b)(5), the procedure of Rule 34 applies to the document request which accompanies Eastern's Rule 30(b)(6) deposition notice; thus, the City has 30 days from the April 6, 2005 receipt of Eastern's deposition notices in which to respond to

    Eastern's document request, substantially more than

    the 8 or 9 days provided by Eastern; and

  5)  Eastern has usurped the City's role under Rule

    30(b)(6) of designating the deponents, and has done

    the designation itself.

I. <u>BACKGROUND</u>.

  This matter arises out of a decision by the City not to award a contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Project") to Eastern because the City determined that Eastern was not the lowest responsible bidder.  Eastern's claims against the defendants stem from the award by the City of the Project to Consigli/O'Connor Joint Venture rather than to Eastern. Accordingly, Eastern should not be permitted to make inquiry of, or obtain documents pertaining to, anything other than the bid phase of the Project.

    On October 29, 2004, the City responded to Eastern's First Request for Production of Documents (see "Exhibit 2," attached hereto); the City objected to requests that were not related to the bidding process, including the submittal of bids, evaluation of bids, and rejection of Eastern's bid.  On April 5, 2005, Eastern served a Re-Notice of Taking Deposition, not of the City, but of Jill Dagilis, Commissioner of Code Enforcement ("Dagilis")(see "Exhibit 3," attached hereto); Richard M. Trifero ("Trifero")(see "Exhibit 4," attached hereto); and Eric

G. Twickler ("Twickler")(see "Exhibit 5," attached hereto). Also on April 5, 2005, Eastern sent a letter requesting that those individuals be produced pursuant to Fed. R. Civ. P. 30(b)(6) (see "Exhibit 6," attached hereto). [3]

II. <u>ARGUMENT</u>.

    A. <u>Standard Of Review</u>.

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought … and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions … (4) that certain matters not be inquired into ….

Fed. R. Civ. P. 26(c). Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking

---

[3] Plaintiff also says in that April 5, 2005 letter that it wants to depose Defendant Thomas Hoover ("Hoover"); however, Plaintiff has not scheduled any deposition as to Hoover. Moreover, Plaintiff has been informed that Hoover is now employed as a city official with Royal Oak, Michigan.

4

discovery of the information.  Fed. R. Civ. P. 26(b)(1); <u>Micro Motion, Inc. v. Kane Steel Co.</u>, 894 F.2d 1318, 1323 (Fed. Cir. 1990); <u>American Standard, Inc. v. Pfizer Inc.</u>, 828 F.2d 734, 739-42 (Fed. Cir. 1987).

> B. <u>A Protective Order Is Warranted Because Eastern Requests Testimony On Topics That Are Irrelevant To The Issues In This Case, And Those Topics Are Overly Broad And Unduly Burdensome</u>.

An order precluding Eastern from inquiring into irrelevant topics is warranted in this case.  In its Rule 30(b)(6) deposition notices of Dagilis, Trifero and Twickler, Eastern lists a number of topics on which testimony is requested that are irrelevant to the issues in this lawsuit.  Despite the fact that Eastern's claims are limited to allegedly inappropriate actions during the bidding phase of the Project with respect to Eastern's bid, Eastern has requested testimony on forty-six (46) topics, most of which are wholly unrelated to Eastern's claims.  In addition, most of Eastern's topics of inquiry are overly broad and unduly burdensome because they would require the City's deponents to review innumerable irrelevant documents in order to fully prepare for the Rule 30(b)(6) deposition.

For example, Eastern's first topic of inquiry requests testimony on "[a]ll facts, actions and/or communications concerning any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, construction, materials, equipment or labor to be furnished to the Project."  Eastern fails to limit its request

5

to testimony relating to the bid phase of the Project, which is the subject of Eastern's Complaint. Even if such testimony were deemed relevant, Eastern's first topic of inquiry is overly broad and unduly burdensome. Again, it would require the City's deponents to review innumerable irrelevant documents in order to fully prepare for the deposition.

Another example of an overly broad request seeking irrelevant testimony is topic of inquiry number 12, which states "[a]ll facts, actions and/or communications concerning any and all documents or correspondence relating to the Project by, between or among Worcester and any other person, party or entity." As with most, if not all, of the topics of inquiry, Eastern fails to limit the subject matter and scope to the bid phase of the Project, which is the subject of Eastern's Complaint. Moreover, topic of inquiry number 12 would require the City's deponents to review every communication concerning every document generated that relates in any way to the Project, despite the fact that most of those documents have nothing to do with Eastern's claims.

In summary, Eastern has included 46 topics of inquiry for its Rule 30(b)(6) deposition of Dagilis, Trifero and Twickler. Most of the 46 topics have no relevance to Eastern's claims. Accordingly, the City requests that this Court issue a protective order limiting the topics of inquiry to the bid phase of the Project.

  C. <u>A Protective Order Is Warranted Because Eastern Requests Documents That Are Irrelevant To The Issues In This Case, And The Document Request Is Overly Broad, Unduly Burdensome, Vague And Ambiguous</u>.

An order precluding Eastern from requesting irrelevant documents is warranted in this case. Along with its Rule 30(b)(6) deposition notice, Eastern makes a Rule 30(b)(5) document request, which states "[a]ny and all documents which constitute or evidence any and all communications, recommendations, meetings, criticisms, evaluations, referrals to others for evaluation of references, to include but not be limited to meetings, oral or written communications, telephone and/or email transmissions, by and/or between Jill Dagilis [or Richard Trifero or Eric Twickler] and Heery, Ellis, Worcester, Hoover, and/or any other person party or entity pertaining to the Project." Eastern is seeking documents that are irrelevant to the issues in this lawsuit in that they are not limited to the bid phase of the Project.[4]

Even if such documents were deemed relevant, Eastern's document request is overly broad and unduly burdensome. Again, it would require the City's deponents to review innumerable irrelevant documents in order to fully prepare for the

---

[4] Similarly, when the City responded to Eastern's First Request for Production of Documents on October 29, 2004 (see "Exhibit 2," attached hereto), the City objected to documents that were irrelevant to the bidding process. On January 28, 2005, Eastern inspected and subsequently photocopied all non-privileged documents in the City's possession, custody or control relevant to the bidding process.

deposition, despite the fact that most of those documents have nothing to do with Eastern's claims.

Finally, Eastern's document request is vague and ambiguous in that it asks for all documents that evidence communications, meetings, criticisms, emails, etc., between the parties and "any other person," without defining the subject of such communications. It is impossible to ascertain the documents that Eastern is requesting from its Rule 30(b)(5) request.

For the foregoing reasons, the City requests that this Court issue a protective order limiting the subject matter of the requested documents to the bidding phase of the Project.

    D.    <u>A Protective Order Is Warranted Because Eastern Is Attempting To Circumvent The Condition Imposed By The City, Whereby The City's Rule 30(b)(6) Deposition Of Eastern Was To Take Place Prior To Eastern's Rule 30(b)(6) Of The City</u>.

The City noticed a Rule 30(b)(6) deposition of Eastern in late November 2004 (see "Exhibit 7," attached hereto). In mid-January 2005, nearly 1½ months later, Eastern served a purported objection, claiming that the City's deposition notice had failed to specify the deposition topics with reasonable particularity (see "Exhibit 8," attached hereto). Additionally, Eastern asserted that its designee would be out of the country and, therefore, unable to attend the deposition. While Eastern's purported objection was untimely under Fed. R. Civ. P. 32(d)(1) which provides that "[a]ll errors and irregularities in the notice for taking a deposition are waived unless written

objection is promptly served upon the party giving notice," the City nonetheless agreed to postpone the City's Rule 30(b)(6) deposition of Eastern on the condition that that deposition of Eastern go forward prior to Eastern's Rule 30(b)(6) deposition of the City (see "Exhibit 9," attached hereto).

Eastern is now attempting to circumvent the condition imposed by the City by noticing Eastern's Rule 30(b)(6) deposition of the City first. Eastern should not be permitted to do so. Accordingly, the City requests that this Court issue a protective order requiring the City's Rule 30(b)(6) deposition of Eastern to go forward prior to Eastern's Rule 30(b)(6) deposition of the City.

> E. A Protective Order is Warranted Because Eastern's Document Request Does Not Afford The Requisite 30 Days Within Which To Respond As Provided In Fed. R. Civ. P. 34.

On April 6, 2005, the City received Eastern's notices of deposition scheduled for April 14th and 15th. Each notice of deposition included a document request pursuant to Fed. R. Civ. P. 30(b)(5). Under Rule 30(b)(5), the procedure of Rule 34 applies to the document request which accompanies Eastern's Rule 30(b)(6) deposition notice. Accordingly, the City should have 30 days from the April 6, 2005 receipt of Eastern's deposition notices in which to respond to Eastern's document request, substantially more than the 8 or 9 days provided by Eastern.

Therefore, the City requests that this Court issue a protective order allowing the City additional time within which to provide the requested documents.

>    F.   <u>A Protective Order Is Warranted Because Eastern Has Usurped The City's Role Under Rule 30(b)(6) Of Designating The Deponents, And Has Done The Designating Itself</u>.

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides in relevant part that:

> [a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested.  In that event, <u>the organization so named shall designate</u> one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person so designated, the matters on which the person will testify.

Fed. R. Civ. P. 30(b)(6) (emphasis supplied).  Eastern's deposition notices purport to designate the City's deponents (see Exhibits 3, 4, 5).  However, Rule 30(b)(6) specifically states that the deponent "organization … shall designate" the individuals who consent to testify.

Accordingly, the City requests that this Court issue a protective order permitting the City, rather than Eastern, to designate its Rule 30(b)(6) deponents.

III. <u>CONCLUSION</u>.

For the foregoing reasons, the City requests that this Court grant Defendant City of Worcester's Motion for Protective Order.

          CITY OF WORCESTER

          By its attorneys,
          David M. Moore
          City Solicitor


          /s/ Donald V. Rider, Jr._____
          Donald V. Rider, Jr. (BBO#549777)
          Assistant City Solicitor
          City Hall, Room 301
          455 Main Street
          Worcester, MA 01608
          (508) 799-1161

**RULE 26(c) AND LOCAL RULE 7.1(A)(2) CERTIFICATION**

Counsel for the City hereby certifies that he has attempted to confer with counsel for Eastern in good faith to resolve or narrow the issues presented in this Motion.


          /s/ Donald V. Rider, Jr._____
          Donald V. Rider, Jr. (BBO#549777)
          Assistant City Solicitor

**CERTIFICATE OF SERVICE**

I, Donald V. Rider, hereby certify that I have served upon all parties of record the within document by mailing a copy of the same, by first-class mail, postage prepaid, to George C. Deptula, Esquire, Vena, Riley, Deptula, LLP, 250 Summer Street, 2nd Floor, Boston, MA 02110; and Warren D. Hutchison, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210 on this _____ day of April 2005.

          /s/ Donald V. Rider, Jr._____
          Donald V. Rider, Jr.
          Assistant City Solicitor