Motion UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EASTERN CONTRACTORS, INC., ) | |
| ) | Civil Action No. 03-12216MLW |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| CITY OF WORCESTER and THOMAS ) | |
| R. HOOVER, City Manager, and HEERY ) | |
| INTERNATIONAL, INC. and THOMAS E. ) | |
| ELLIS, JR. ) | |
| ) | |
| Defendants. ) | |

**MOTION OF THE DEFENDANT, HEERY INTERNATIONAL, INC., TO QUASH SUBPOENA SERVED ON FLANSBURGH ASSOCIATES, INC. AND FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and 46(c), the defendant, Heery International, Inc. ("Heery"), moves to quash the subpoena served on Flansburgh Associates, Inc. ("Flansburgh") by the plaintiff, Eastern Contractors, Inc. ("Eastern") and for a protective order. As grounds for this motion, Heery states that the subpoena served on Flansburgh seeks documents and testimony concerning a review of a bid submitted by Eastern for general construction contract for the construction of the new Lawrence High School in Lawrence, Massachusetts ("Lawrence Project"). The bids on the Lawrence Project and Flansburgh's review of Eastern's bid on the Lawrence Project both occurred months **after** the events that give rise to this lawsuit – namely the decision by the City of Worcester ("City") not to award a contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Project") to Eastern because the City determined that Eastern was not the lowest responsible bidder. As a result, any documents produced, or testimony provided, by Flansburgh in response to Eastern's

subpoena are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, because the evidence sought by the subpoena served on Flansburgh is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it requires Heery to incur unnecessarily the expense of Heery's counsel attending the Flansburgh deposition.

This motion is consistent with the Protective Order issued by the Court on March 15, 2005, when Heery sought protection from deposition questions and a document request that Eastern was pursuing to the extent that the questions and documents related to events after the bid phase of the Project that is the subject of this case. (See, Order, attached hereto as **Exhibit A**). As described in detail below, Heery requests that this Court grant its Motion to Quash and for Protective Order and order that the deposition of Flansburgh not be had and that Flansburgh not be required to produce any documents in response to Eastern's subpoena.

## I. BACKGROUND

This matter arises out of a decision by the City of Worcester ("City") not to award a contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Worcester Project") to Eastern because the City determined that Eastern was not the lowest responsible bidder. Heery's involvement with the Project is by virtue of a contract between Heery and the City whereby Heery agreed to provide construction management services on the Project, including but not limited to, reviewing general bids and advising the City regarding the award of the general bid.

After the City received general bids for the Project, Heery and the Project architect, Lamoureux Pagano Associates ("LPA"), conducted independent reviews of Eastern's references, bid documents, and Division of Capital Asset Management ("DCAM") update statement ("Update Statement"). During the course of their independent reviews, Heery and LPA discovered that there were a number of inaccurate statements and missing information in Eastern's Update Statement. The City offered Eastern the opportunity to correct the inaccurate statements and missing information in the Update Statement but Eastern failed to do so. Therefore, Heery and LPA recommended to the City that the City consider not awarding the construction contract on the Project to Eastern. The City subsequently determined that Eastern was not the lowest responsible bidder and awarded the construction contract for the Project to the second lowest bidder, Consigli/O'Connor Joint Venture ("Consigli/O'Connor").

Eastern filed this lawsuit against the City, the City Manager, Heery and Ellis. The claims against Heery and Ellis are: (1) violation of c. 93 §102 (Count I); (2) violation of 42 U.S.C. §1981 (Count II); (3) violation of 42 U.S.C. §1983 (Count III); (4) violation of 42 U.S.C. §1985 (Count IV); (5) negligent misrepresentation (Count X); (6) interference with advantageous relationships (Count XI); and, (7) violation of c. 93A (Count XII).

On or about January 14, 2005, Eastern served a subpoena on Flansburgh seeking information and documents relating to Flansburgh's review of Eastern's bid on the Lawrence Project. A copy is attached hereto as **Exhibit B**.

## II.   ARGUMENT

A.   **STANDARD OF REVIEW.**

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions ... (4) that certain matters not be inquired into ... ."

Fed. R. Civ. P. 26(c). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. Fed. R. Civ. P. 26(b)(1); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir., 1990); American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 739-42 (Fed. Cir. 1987).

**B.  A PROTECTIVE ORDER IS WARRANTED BECAUSE EASTERN REQUESTS TESTIMONY AND DOCUMENTS FROM FLANSBURGH THAT ARE IRRELEVANT TO THE ISSUES IN THIS CASE.**

An order that Eastern not be allowed to depose Flansburgh, or require Flansburgh to produce any documents, in response to Eastern's subpoena is warranted in this case. In its Notice of Flansburgh's Deposition, Eastern lists a number of items on which testimony is requested and requests a number of documents that are irrelevant to the

4

issues in this lawsuit. Despite the fact that Eastern's claims are limited to alleged inappropriate actions of Heery and the City during the bidding phase of the Worcester Project with respect to Eastern's bid, Eastern has requested testimony and documents from Flansburgh relating to the Lawrence Project, which went out to bid in late 2003. These requests seek irrelevant documents and testimony that are also not reasonably calculated to lead to the discovery of admissible evidence.

Flansburgh completed its review of Eastern's bid on the Lawrence Project In October of 2003. A copy of Flansburgh's letter to the Chairman of the Lawrence Buildign Committee is attached hereto as **Exhibit C**. Eastern apparently seeks to discover evidence supporting an argument that because Flansburgh recommended in October of 2003 that the City of Lawrence award the construction contract to Eastern, Heery should have recommended in March of 2003 to the City of Worcester that it award the construction contract for the Worcester Project to Eastern.[1] Flansburgh's recommendation to the City of Lawrence, completed approximately eight months after Heery reviewed Eastern's bid on the Worcester Project, has no bearing on any of the issues raised in this case. Moreover, requiring Heery to attend a deposition that is wholly irrelevant to the matters raised in this lawsuit places undue burden and expense on Heery. Heery should not be required to choose between paying counsel to attend a deposition seeking irrelevant evidence or being prejudiced by having no representative present at the deposition.

---

[1] Eastern made a similar argument in its Opposition to Heery's Motion for Summary Judgment, which is pending before the Court.

For the foregoing reasons, a Protective Order preventing Eastern from deposing Flansburgh or requiring Flansburgh to produce any documents in response to Eastern's subpoena is warranted.

### C. EASTERN'S SUBPOENA TO FLANSBURGH MUST BE QUASHED BECAUSE IT SUBJECTS HEERY AND FLANSBURGH TO UNDUE BURDEN.

In addition, the subpoena served on Flansburgh by Eastern should be quashed. The subpoena subjects Flansburgh and Heery to undue burden. Flansburgh is subjected to undue burden because it is required to produce irrelevant documents and spend significant amounts of time preparing for a deposition that has no bearing on the issues in this lawsuit. In addition, Heery will be required to pay its counsel to prepare for and to attend a deposition that has no bearing on this lawsuit. As a result, the subpoena served on Flansburgh by Eastern should be quashed.

### III. CONCLUSION

For the foregoing reasons, Heery requests that this Court GRANT its motion for a Protective Order preventing Eastern from deposing Flansburgh or requiring Flansburgh to produce any documents in response to Eastern's subpoena is warranted and QUASH the subpoena served on Flansburgh by Eastern.

### RULE 26(c) AND LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Heery hereby certifies that they have attempted to confer with counsel for Eastern in good faith to resolve or narrow the issues.

HEERY INTERNATIONAL, INC. and<br>
THOMAS A. ELLIS,<br>
By their attorneys,<br><br>

/s/ Matthew M. O'Leary<br>
David J. Hatem, PC BBO # 225700<br>
Warren D. Hutchison BBO # 246150<br>
Matthew M. O'Leary BBO # 652033<br>
DONOVAN HATEM LLP<br>
Two Seaport Lane<br>
Boston, MA 02210<br>
(617) 406-4500

Dated: April 11, 2005

## CERTIFICATE OF SERVICE

I, Matthew M. O'Leary, hereby certify that on this 11th day of April, 2005, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

/s/ Matthew M. O'Leary<br>
Matthew M. O'Leary

00904126.DOC