28 STATE STREET
BOSTON, MASSACHUSETTS 02109-1775
617 345-9000

FAX: 617 345-9020

CKLEY, ALLEN & SNYDER LLP

*neys at Law*

*Rhian M. J. Cull.*

April 4, 2003

Edward J. Quinlan, Esq.
Quinlan & Sadowski
11 Vanderbilt Avenue
Norwood, MA 02062

    Re:    Eastern Contractors, Inc. v. City of Worcester and Thomas R. Hoover, City
           Manager, Middlesex Superior Court No. 03-1422-C

Dear Mr. Quinlan:

    Further to our first letter of earlier today, please find attached copies of the City of
Worcester and Thomas R. Hoover's Memorandum in Opposition to Plaintiff's Motion for a
Preliminary Injunction and copies of the Affidavits of Thomas R. Hoover and Jill C. Dagilis.

                          Very truly yours,

                          Rhian M. J. Cull

RMJC/bd
Enclosures

34923

1500 FLEET CENTER  ☐  PROVIDENCE, RHODE ISLAND 02903-2393  ☐  401 274-2000  ☐  FAX: 401 277-9600
14 SOUTH STREET  ☐  CONCORD, NEW HAMPSHIRE 03301-3744  ☐  603 225-4334  ☐  FAX: 603 224-8350

Osuch

EXHIBIT NO. 1
4-12-05

# PERRY, HICKS, GROTTY AND DESHAIES, LLP

ATTORNEYS AT LAW
388 COUNTY STREET
NEW BEDFORD, MASSACHUSETTS 02740-4909

TELEPHONE
(508) 996-8291

TELECOPIER
(508) 997-2637

DANIEL C. PERRY
THOMAS P. GROTTY
MARC R. DESHAIES

MICHAEL R. McGRATH
BLAIR S. BAILEY
LAWRENCE D. HUNT

LEONARD E. PERRY
(1965-1999)

EDWARD D. HICKS
CHARLES McKIM MITCHELL
OF COUNSEL

June 8, 2001

Edward J. Quinlan, Esquire
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue
Suite 105
Norwood, MA 02062-5056

Re: Fairhaven High School Construction Contract

Dear Attorney Quinlan:

This will confirm our conversation of June 8, 2001.

On June 7, 2001, the Building Committee voted to recommend that the Board of Selectmen "terminate" this contract as of June 30, 2001. As you and I discussed, the Town's intention is not to "terminate" but to "close out" the construction work as of that date. By copy of this letter, I am advising the Selectmen that in acting on this, they should discuss this as a "close out" of the project work.

I also understand that Eastern is in agreement that the work be closed out by that date. (Of course, the parties can agree later to continue any specific parts of the work.)

Sam Bird is to give us a merged punch list by the end of next week. That cost will show as complete or incomplete those items as to which there is agreement between the Town and Eastern. If there is disagreement, the item will be shown as incomplete.

Once that list is sent to Eastern, Steve Kirby should meet with Jeff Osuch for a walk-through to try to reach agreement on those disputed items. Hopefully, this will be done by the end of this month.

*Ex 10*

Edward Quinlan, Esq.
June 3, 2001
Page 2


After that walk-through, you and I and our clients should meet to try to negotiate final payment.

Please let me know if you have any comments at this time.

Very truly yours,

Thomas P. Cretty

mb
cc: Fairhaven Board of Selectmen

# HEERY

4 Militia Drive
Suite 300
Lexington, MA 02421
Tel: 781-860-9100
Fax: 781-860-9108

**Telephone Conversation Log**

Worcester Vocational High School
Phase II
Worcester, Massachusetts



**Date:** 17 MARCH 2003    10:20 AM

**Call To:** DR. GARY MURPHY

**Phone #** 978.465-2397

**From:** TOM ELLIS

**Re:** EASTERN CONTRACTOR'S REFERENCES OF BID REVIEW
TRITON REGIONAL HIGH SCHOOL

Notes:

DR. MURPHY EXPRESSED THAT THEY HAD A "WONDERFUL EXPERIENCE" WITH
EASTERN CONTRACTORS. THEY (THE TEAM - OWNER, A/E & G/C) GOT A "TEAMWORK"
AWARD FROM THE MARKETING PROFESSIONALS SOCIETY.

HE ATTRIBUTED THIS SUCCESS TO COMMUNICATION WITHIN THE TEAM
AND THE FACT THAT THE SCHOOL DISTRICT HAD A PROJECT MANAGER,
MUNICIPAL BUILDING CONSULTANTS.

EC'S PERSONNEL WERE RON VOTTA (P.M) AND TOM KMIEL (SUPERINTENDENT)
PROJECT SIZE — MID to LOW $20 M. — PHASED PROJECT
ACTUAL FINISHED AHEAD OF SCHEDULE — 3 YR. SCHEDULE COMPLETED
IN 32 MONTHS.

**HRY 00211**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



EASTERN CONTRACTORS, INC.,

     Plaintiff,

v.

CITY OF WORCESTER and THOMAS R.
HOOVER, City Manager, and, HEERY
INTERNATIONAL, INC. and THOMAS E.
ELLIS, JR.

     Defendants.

C.A. NO.  03-12216MLW

## FEDERAL RULE OF CIVIL PROCEDURE 26(b) TRIAL EXPERT DISCLOSURES OF PLAINTIFF, EASTERN CONTRACTORS, INC.

### Introduction

In accordance with this Court's Scheduling Order issued May 3, 2004, pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.1(F), Plaintiff, Eastern Contractors, Inc., (hereinafter "Eastern") hereby submits, as ordered by the Court, the following trial expert disclosures of information contemplated by Fed.R.Civ.P. 26(b).

### Mr. John Ciccariello

Eastern intends to call Mr. John Ciccariello of John C. and Associates, Inc., an architectural and engineering firm, as an expert witness at trial. Mr. John Ciccariello is an architect, licensed in the Commonwealth of Massachusetts. Mr. Ciccariello is also a licensed general contractor. Mr. Ciccariello is the owner and vice president of LCC Builders, Inc. and has been involved in both the design and construction of commercial and institutional/educational facilities for more than thirty (30) years. Mr. Ciccariello is on the Board of Selectmen for the Town of Natick and has served on the Town of Natick

Building Committee. Mr. Ciccariello is experienced in municipal construction projects and public bidding. Mr. Ciccariello has been extensively engaged in the contractor qualification process on public building projects under the provisions of M.G.L. chapter 149. Mr. Ciccariello will testify to the standard of care for contractor evaluation on public bidding projects under chapter 149.

Mr. Ciccariello will testify the standard of care requires that the party doing the evaluation perform a detailed and extensive examination of all the bidder's relevant projects over a relevant period of time. Mr. Ciccariello will testify that standard of care requires that the evaluator conduct an honest, open, fair, complete, and accurate investigation of the low bidder on the project. Mr. Ciccariello will also testify that the standard of care requires the party doing the evaluation be independent, objective, and unbiased. Mr. Ciccariello will testify that the standard of care requires that the evaluator provide to the party being evaluated the opportunity to assist, comment on, and provide input into the evaluation to ensure that the evaluation is complete, fair, accurate, honest and open. Mr. Ciccariello will testify that the standard of care requires that the party doing the evaluation be knowledgeable in public bidding laws and procedures. Mr. Ciccariello will testify that the standard of care requires that any evaluation be fair, impartial, complete, accurate, and objective.

Mr. Ciccariello will further testify that Heery and Ellis violated the standard of care in the following ways:

A. They were not independent, objective, impartial and unbiased in that they were involved with other projects involving Eastern and should not have conducted this evaluation because of their bias against Eastern.

B. Heery and Ellis did not perform a complete and thorough investigation of Eastern in that they did not consider additional projects which Eastern completed during a relevant period of time.

C. Heery and Ellis did not give Eastern a fair and reasonable opportunity to provide input or comments to Heery during Heery's investigation, specifically with respect to Heery's report.

D. Heery's report contains inaccurate and incomplete information.

E. Heery's report is not fair and balanced in that it stresses projects which Heery perceived to be bad but did not include projects which Heery knew or should have known to be good.

F. Heery allowed itself to be influenced by the second low bidder in conducting its investigation and in writing its report.

G. Heery engaged in illegal conduct during its examination by imposing criteria not called for in the bid documents.

I. Heery intentionally misrepresented information in its report.

J. Heery skewed its report to accentuate the negative of Eastern.

Mr. Ciccariello's testimony will be based upon his experience and knowledge of the qualification process on public building projects, his knowledge of the public bidding laws, chapter 149 §§ 44A to H, the bid documents, and documents produced during discovery.

**Mr. Louis J. Sannella**

Eastern intends to call Louis J. Sannella of McGladrey & Pullen, LLP (hereinafter "McGladrey") of Burlington, Massachusetts as an expert witness in connection with the calculation of damages and losses sustained by Eastern.

Mr. Sannella, who is a CPA, holds an undergraduate degree in accounting from Salem State College as well as a Masters in Business Administration from Babson College and a Masters of Science Degree in Taxation from Bentley College. Mr. Sannella's responsibilities have allowed him to develop expertise in the financial, business and tax issues of closely held construction companies including the impact of business decisions on their owners.   Mr. Sannella has been qualified as an expert witness and has testified at trial.

Mr. Sannella is a member of the American Institute of Certified Public Accountants and has served on several committees of the Massachusetts Society of Certified Public Accountants.  He has been a panelist and has conducted seminars on how to read a contractor's financial statements, accounting issues related to joint ventures, valuing a closely-held business, the basics of construction accounting and taxation issues for contractors for various organizations including the Massachusetts Society of CPAs, banks, a bonding company and several industry associations.

Mr. Sannella serves as an active member of several committees of construction industry trade associations in Massachusetts, and he is also a former Director of the Massachusetts Chapter of the Construction Financial Management Association and the former Treasurer/Clerk of the Associated Builders and Contractors, Inc. of Massachusetts.

Mr. Sannella is a member of the Advisory Board of the National McGladrey Construction and Real Estate Network (hereinafter "MCREN") and recently participated in editing several chapters of a construction accounting manual written by MCREN members and published by Aspen Publishing. In addition, Mr. Sannella participated in the revision of the text, *"Managing for Profits,"* a manual revised for the National Education Committee of Associated Builders and Contractors which is specifically targeted to small, emerging general contractors and subcontractors.

Mr. Sannella, who is the McGladrey audit partner in charge of the Eastern engagement, will testify as to the profit Eastern would have made had it been performed the contract. Mr. Sannella's testimony will be based upon Eastern's work both as a general contractor, and as a filed sub bidder for the HVAC trade for which it was also the low bidder. Mr. Sannella will testify that Eastern would have made approximately $3,700,000 had it been allowed to perform the contract. This amount is subject to revision for any change orders, if any, to the contract. Mr. Sannella's testimony will be based upon his knowledge and experience of the construction industry, a historical analysis of the profitability of Eastern during the years ended December 31, 2001- 2003 based upon his preliminary review of the books, records and audited financial statements of Eastern.

Mr. Sannella's opinion is subject to revision based upon the completion of his review and analysis of Eastern's financial statements, including the audited 2004 financial statements, which are anticipated to be issued prior to the trial date and are relevant to his analysis.

**Mr. Paul Donovan**

Eastern intends to call Paul D. Donovan of McGladrey & Pullen, LLP (hereinafter "McGladrey") of Burlington, Massachusetts as an expert witness in connection with the calculation of damages and losses sustained by Eastern.

Mr. Donovan, who is a CPA, holds an undergraduate degree in political science from the College of the Holy Cross, as well as a Masters in Business Administration in Accounting from Rutgers University and a Masters of Science Degree in Taxation from Bentley College.

Mr. Donovan responsibilities have included assisting in the preparation of expert witness reports and calculating damage models for litigation matters including lost profits for construction contracts. In addition, Mr. Donovan performs financial investigations on behalf of sureties who have extended bond credit to contractors. In addition, Mr. Donovan also performs cost reviews of construction contracts on behalf of owners. Mr. Donovan is a member of the American Institute of Certified Public Accountants and has served on the Litigation Subcommittee of the Massachusetts Society of Certified Public Accountants.  He has conducted seminars on performing construction cost reviews.

Mr. Donovan, who is a McGladrey director, will testify as to the profit Eastern would have made had it performed the contract.  Mr. Donovan's testimony will be based upon Eastern's work both as a general contractor, and as a filed sub bidder for the HVAC trade for which it was also the low bidder. Mr. Donovan will testify that Eastern would have made approximately $3,700,000 had it been allowed to perform the contract. This amount is subject to revision for any change orders, if any, to the contract. Mr.

Donovan's testimony will be based upon his knowledge and experience of the construction industry, a historical analysis of the profitability of Eastern during the years ended December 31, 2001 - 2003 based upon his preliminary review of the books, records and audited financial statements of Eastern.

Mr. Donovan's opinion is subject to revision based upon the completion of his review and analysis of Eastern's financial statements, including the 2004 audited financial statements, which are anticipated to be issued prior to the trial date and are relevant to his analysis.

**Mr. Ramesh Motwane**

To the extent that it is required under Fed.R.Civ.P. 26(b), Eastern provides notice that Mr. Ramesh Motwane, president of Eastern, will testify, in part, as an expert regarding construction industry practice. Ramesh Motwane, as president of Eastern, has been involved in the construction business for twenty-five years and has completed work on public and private projects worth over eight hundred thirty million dollars ($830,000,000.00). Additionally, Eastern is qualified to bid under §44F of the public bid laws as a filed sub-bidder.

As president of Eastern, Ramesh Motwane has extensive experience bidding on public projects both as general contractor and as a filed sub-bidder, has reviewed and responded to numerous public bids, and has a special understanding of the requirements of the public bid laws. Mr. Motwane is expected to testify regarding the bidding requirements and contracting requirements of the City of Worcester Vocational High School Project (hereinafter "Project"). He is further expected to testify, in part, to the following:

7

A. The bidding and contracting requirements of the bid for the Project;

B. That certain provisions of the bid are understood to contain provisions applicable after a bidder has been selected for award of the contract and are not part of bidder qualifications;

C. That Heery's failure to furnish Eastern with information as to its assertions is not consistent with a fair and reasonable evaluation of a bidder;

D. That portions of the Heery Report do not relate to bid criteria conditions;

E. What is customary and usual with respect to bids for public construction projects;

F. Construction industry practice specifically with regard to bidding public construction projects; and

G. That Heery's evaluation of Eastern was not fair and reasonable.

Mr. Motwane's testimony will be based upon his background, experience and knowledge of public building projects, his knowledge of the public bidding laws, chapter 149 §§ 44A to H, the bid documents, and documents produced during discovery.

EASTERN CONTRACTORS, INC.,
By its attorneys,


_____
Edward F. Vena (BBO# 508660)
Sabatino F. Leo (BBO# 642302)
George C. Deptula (BBO# 120820)
Vena Riley Deptula LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
(617) 951-2400


_____
Edward J. Quinlan (BBO#409060)
Quinlan & Sadowski, P.C.
Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781) 440-9909


## CERTIFICATE OF SERVICE

I, Sabatino F. Leo, hereby certify that I have, on this 29th day of December 2004 served a copy of the within by first class mail, postage prepaid to all counsel of record.


_____
Sabatino F. Leo


9

FROM FLANSBURGH ASSOCIATE

**FLANSBURGH ASSOCIATES**

07 November 2003

Mr. Wayne Capolupo
Chairman of Lawrence Building Committee
SPS New England, Inc.
98 Elm Street
Salisbury, MA 01952

RE:    Eastern Contractors Bid Submission

Dear Mr. Capolupo,

As outlined in the Project Manual Volume No. 1 of the bid documents, "Instructions to Bidders", paragraph 1.12 Method of Award, Flansburgh Associates, Inc. has completed its review of Eastern Contractors bid submission based on the Method of Award.

Flansburgh Associate, Inc. has adhered to the term "lowest responsible and eligible bidder" as defined in the provisions of Chapter 149, Sections 44A through 44F; as well as the "Instructions to Awarding Authorities" as outlined in the update statement instructions of the Division of Capital Asset Management.

We have reviewed Eastern Contractors Certificate of Eligibility at the DCAM office in addition to Eastern's evaluation forms based on the requirements listed above. We have also reviewed Eastern Contractor's update statement, the City of Worcester letter dated March 26, 2003, Heery International's letter dated March 19, 2003, and Macomber's letter dated October 29, 2003.

As was reported on October 29, 2003 at the Lawrence School Building Committee meeting, our preliminary findings for the three bidders were as follows:

| Comparative Criteria | Firm Names | | |
|---|---|---|---|
| | Eastern Contractors Inc. | George B.H. Macomber Co. | Suffolk Construction |
| 1. Quality of Work | Above Average | Above Average | Average |
| 2. Performance and Accountability | Average | Above Average | Average |
| 3. Subcontractor (project) Management | Average | Above Average | Above Average |
| 4. Construction Procedures | Below Average | Above Average | Average |
| 5. Change Orders | Average | Average | Average |
| 6. Working Relationships | Above Average | Above Average | Above Average |
| 7. Paperwork Processing | Below Average | Above Average | Average |
| 8. On-site Supervisory Personnel | Average | Average | Average |
| Rating | | | |
| Average DCAM Rating | 91 | 92 | 87 |

Note: Based on random selection of DCAM rated projects for evaluation purposes only.

Architecture
Master Planning
Programming
Interior Design

Principals
David S. Soleau, AIA
Alan E. Ross, AIA
Duncan R. McClelland, AIA
Sidney E. Bowen, III

Chairman
Earl R. Flansburgh, FAIA, NA

Senior Associates
Samuel Bird, AIA
Jorge M. Cruz, AIA
Rose M. Fiore, Assoc. AIA

Associates
Valerie M. Curcis
David R. DeFilippo, AIA
Vincent B.J. Dubé, AIA
James A. Higham, AIA
Peter W. Lambert
Thomas J. Mueller, AIA
Dominic L. Fedulla, Assoc. AIA
Robert B. Peirce, AIA
James B. Williams, Jr., AIA

CT 25 2004 11:41 FR HAS BOSTON 30 3          TO 99512420          P.05/12

(FRI)10 22 2004 10:24/ST. 10:28/NO. 5112705215 P  9

FROM FLANSBURGH ASSOCIATE

# FLANSBURGH ASSOCIATES

We reported at that time that there was no apparent reason to reject Eastern's bid based on our preliminary review. We have since completed our evaluation and contacted individuals on Eastern Contractors' update statement. We have found that Eastern's Certificate of Eligibility is current as of June 2003 and their update statement is complete.

The following analysis reflects comments from various firms listed on Eastern Contractor's update statement for bo

| 1-Quality of Work - Complete Projects. | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High Schl. pl. Byfield, Ma. | Above Average | Flansburgh Associates | Good Quality/Very Cooperative |
| 2. Diamond & Clark Middle School. s, Lexington, Ma. | Above Average | HMFH | Very Cooperative/Spous Initiatives |
| 3. Tyngsborough Elementary Schoo l. Tyngsborough, Ma. | Above Average | Cas[o]&Blanik | Very responsive/Undertakes Sub issues, dealt Efficiently |
| 4. West Taunton Elementary Schoo l. Taunton, Ma. | Average | Kava | No Issues with QC |
| 5. Bellingham High School, Bellin ham, MA | Average | McGuire Group | Cooperative |
| 6. Van Sickle School, Springfield, Ma. | Average | Caslo&Blanik | Cooperative In Dealing with Contaminated Site |
| 7. Forrestdan &J.G. Pyne School, Lowell, Ma. | | DRA | Good Quality/Very Cooperative |
| 8. Freetown/Lakeville Regional S hool, Freetown, Ma. | Above Average | Kaestle Boos | Good Working Relations |
| 9. South Street Elementary School , Waltham Ma. | Average | Flansburgh Associates | Good Work/Cooperative |

DCAM Question - Rate the quality of the work, problems attributable to the contractor and their cooperation in resolving the problem.

| 2 - Project Management a) - Scheduling | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High | chool, Byfield, Ma. | Above Average | Flansburgh Associates | Finished Project 2 months Ahead of Schedule |
| 2. Diamond & Clark Middle Scho ols, Lexington, Ma. | Above Average | HMFH/Above Average | Excellent |
| 3. Tyngsborough Elementary S hool, Tyngsborough, Ma. | Above Average | ani[o]&Blanik/Above Avare | Nice Delays |
| 4. West Taunton Elementary S hool, Taunton, Ma. | Average | Keyva/ Average | On Schedule |
| 5. Bellingham High School, B llingham, MA | | Caslo&Blanik/Average | Good |
| 6. Van Sickle School, Springf ield, Ma. | Average | DRA, Inc. | Cooperative In Dealing with Schedule |
| 7. Forrestdan &J.G. Pyne Scho ol, Lowell, Ma. | | | Good |
| 8. Freetown/Lakeville Region l School, Freetown, Ma. | | Kaestle Boos Assoc. | Undergoes the impact; Project kept |
| 9. South Street Elementary S hool, Waltham, Ma. | Average | Flansburgh Associates | On Schedule with Time Extension |

DCAM Question - Rate the contractors performance regarding current schedule, was it met, were delays attributable to the Contractor.

| b) - Subcontractor Ma agement | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. H gh School, Byfield, Ma. | Above Average | Flansburgh Associates | No Subcontractor Issues |
| 2. Diamond & Clark Middl : Schools, Lexington, Ma. | Above Average | HMFH | Good/No Unresolved Problems |
| 3. Tyngsborough Element ry School, Tyngsborough, Ma. | | Caslo&Blanik | Good Working Relations |
| 4. West Taunton Elementa y School, Taunton, Ma. | | Keyva | Good Relations |
| 5. Bellingham High Schoo, Bellingham, MA | | McGuire Group | Good |
| 6. Van Sickle School, Spr ngfield, Ma. | | Caslo&Blanik | Cooperative in Dealing with Subcontractors |
| 7. Forrestdan &J.G. Pyne  chool, Lowell, Ma. | | DRA, Inc. | Smooth Relations/Good Relations with QC |
| 8. Freetown/Lakeville Re ional School, Freetown, Ma. | | Kaestle Boos Assoc. | Poor Subcontractor Management |
| 9. South Street Elementar  School, Waltham, Ma. | Average | Flansburgh Associates | Site Contractor Issues |

DCAM Question - Rate the contractor's/A14s ability, effort, and success in managing and coordinating subcontractors.

T 25 2004 11:41 FR HAS BOSTON 30 3          TO 99512420          P.06/12

(FRI)10 22 2004 10:25/ST. 10:25/NO. 5112765215 P  4

ROM FLANSBURGH ASSOCIATE

# FLANSBURGH ASSOCIATES

| c) – Safety & Housekeeping | DCAM | Contract | Comment |
|---|---|---|---|
| | | | Good Working Relations/No Issues |
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Average | Flansburgh Associates | No Issues |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | • | HMFH | No Issues |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | • | Carlain/Hardik | No Issues |
| 4. West Tisbury Elementary School, Tisbury, Ma | • | Karas | Good |
| 5. Bellingham High School, Bellingham, MA | • | McGuire Group | No Issues |
| 6. Van Sickle School, Springfield, Ma. | • | Carlain/Hardik | Very Good |
| 7. Percussion &/G. Frye School, Lowell, Ma. | • | DBA, Inc. | No Issues |
| 8. Frontenac/Lakeville Regional School, Freetown, Ma. | • | Kaestle Boos Assoc. | No Issues |
| 9. South Street Elementary School, W Waltham, Ma. | Average | Flansburgh Associates | |

DCAM Question - Rate this contracts is safety and housekeeping procedures. Were there any OSHA violations or serious incidents.

| d) – Change Order | DCAM | Contract | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School at Byfield, Ma. | Above Average | Flansburgh Associates | Low Change Orders |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | Above Average | HMFH | Low Change Order Rate |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | | Carlain/Hardik | Low Change Order Rate |
| 4. West Tisbury Elementary School, Tisbury, Ma. | Below Average | Karas | High Change Order Rate |
| 5. Bellingham High School, Bellingham, MA | • | McGuire Group | Good |
| 6. Van Sickle School Springfield, Ma. | • | Carlain/Hardik | Fair |
| 7. Percussion &/G. Frye School, Lowell, Ma. | • | DBA, Inc. | Very Good/Acceptable |
| 8. Frontenac/Lakeville Regional School, Freetown, Ma. | • | Kaestle Boos Assoc. | Reasonable |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Within Project Contingency |

DCAM Question - Did this Cont. resta unreasonably claim change orders, was the pricing reasonable.

| e) – Working Relations | DCAM | Contract | Comments |
|---|---|---|---|
| 1. Triton Regional Jr./Sr. High School, Byfield, Ma. | Above Average | Flansburgh Associates | Very Cooperative/Team Player |
| 2. Diamond & Clark Middle Schools, Lexington, Ma. | • | HMFH | Good |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | • | Carlain/Hardik | Good Working Relationship |
| 4. West Tisbury Elementary School, Tisbury, Ma. | • | Karas | Good |
| 5. Bellingham High School, Bellingham, MA | • | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | • | Carlain/Hardik | Cooperative |
| 7. Percussion &/G. Frye School, Lowell, Ma. | • | DBA, Inc. | Smooth Relations |
| 8. Frontenac/Lakeville Regional School, Freetown, Ma. | • | Kaestle Boos Assoc. | Good Working Relationship |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Cooperative |

DCAM Question - Rate this contractors working relations with the designers, owners, etc., did they conduct themselves in a professional manner.

OCT 25 2004 11:21 FR HAS BOSTON 30 3                    TO 99512420        P.07/12

FROM FLANSBURGH ASSOCIATES                    (FRI)10 22 2004 10:25/ST. 10:23/NO. 5112765215 P  5

# FLANSBURGH ASSOCIATES

| () - Paperwork Processing | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr/Sr. High School, Byfield, Ma. | Average | Flansburgh Associates | Good |
| 2. Diamond & Clark Middle School, Lexington, Ma. | " | M+FR | Very Good |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | " | Caolo&Bienik | Good |
| 4. West Taunton Elementary School, Taunton, Ma. | " | Kaver | Good |
| 5. Bellingham High School, Bellingham, MA. | " | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | " | Caolo&Bienik | Good |
| 7. Finnegan &/O. Pyne School, Lowell, Ma. | " | DPA, Inc. | Good/Reasonably Complete and Process |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | " | Kaestle Boos Assoc. | Fair |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Good |

DCAM Question - Rate the contractors performance in completing and processing paperwork.

| () - On -Site Supervisory Personnel | DCAM | Contact | Comments |
|---|---|---|---|
| 1. Triton Regional Jr/Sr. High School, Byfield, Ma. | Average | Flansburgh Associates | Good/Very Experienced |
| 2. Diamond & Clark Middle School, Lexington, Ma. | Above Average | EB+FR | Very Good |
| 3. Tyngsborough Elementary School, Tyngsborough, Ma. | " | Caolo&Bienik | Good |
| 4. West Taunton Elementary School, Taunton, Ma. | " | Kaver | Good |
| 5. Bellingham High School, Bellingham, MA. | " | McGuire Group | Good |
| 6. Van Sickle School, Springfield, Ma. | " | Caolo&Bienik | Good |
| 7. Finnegan &/O. Pyne School, Lowell, Ma. | " | DPA, Inc. | Very Good |
| 8. Freetown/Lakeville Regional School, Freetown, Ma. | " | Kaestle Boos Assoc. | Underwent Site Survey/Poor Coordination |
| 9. South Street Elementary School, Waltham, Ma. | Average | Flansburgh Associates | Good/Very Experienced |

DCAM Question - Rate the general performance of the contractors on site supervisory personnel.

FROM FLANSBURGH ASSOCIATE                (FRI)10 22 2004 10:25/ST.10:26/NO.5112785215 P  8

# FLANSBURGH ASSOCIATES.

## INCOMPLETE PROJECTS

### 1- Quality of Work -

| | DCAM | Contract | Comments |
|---|---|---|---|
| | | | |
| 1. Greene&Morton Schools, Fall River, Ma. | | Mt Vernon Group | Recovered from Slip Issue/ Project back on Schedule |
| 2. Wrentham Elementary School, Lawrence, Ma. | | Flansburgh | |
| 3. Lynnfield Middle School, Lynnfield, Ma. | | Architecture Involution | Very Good |
| 4. Normandin Middle School, New Bedford, Ma. | | Mt Vernon Group | Generally Good |
| 5. Medway High School, Medway, Ma. | | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | | Mt Vernon Group | Generally Good |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | | DiNisco Design Partnership | |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | | M Rosenfield Inc. | Good |
| 9. Algonquin Regional High School, Westboro, Ma. | | Strekalovsky & Hoit Inc. | |

DCAM Question - Rate the quality of the work, problems attributable to the contractor and their cooperation in resolving the problem.

---

### 2 - Project Management
#### a) - Scheduling

| | DCAM | Contract | Comments |
|---|---|---|---|
| | | | Could have been more Aggressive with File Sub Trades' Schedule |
| 1. Greene&Morton Schools, Fall River, Ma. | | Mt Vernon Group | |
| 2. Wrentham Elementary School, Lawrence, Ma. | | Flansburgh | Very Good/Ahead of Schedule |
| 3. Lynnfield Middle School, Lynnfield, Ma. | | Architecture Involution | Work Finished |
| 4. Normandin Middle School, New Bedford, Ma. | | Mt Vernon Group | Delays Caused by Poor Scheduling with the File Sub Trades |
| 5. Medway High School, Medway, Ma. | | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | | Mt Vernon Group | |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | | DiNisco Design Partnership | |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | | M Rosenfield Inc. | Generally Good |
| 9. Algonquin Regional High School, Westboro, Ma. | | Strekalovsky & Hoit Inc. | |

DCAM Question - Rate the contractors performance regarding contract schedule, was it met, were delays attributable to the Contractor.

---

#### b) - Subcontractor Management

| | DCAM | Contract | Comments |
|---|---|---|---|
| | | | Unforseen Site Conumination/Delay with File Sub Bids Issue |
| 1. Greene&Morton Schools, Fall River, Ma. | | Mt Vernon Group | |
| 2. Wrentham Elementary School, Lawrence, Ma. | | Flansburgh | Very Good/PM /Great at Moving Project Along/Difficult site |
| 3. Lynnfield Middle School, Lynnfield, Ma. | | Architecture Involution | |
| 4. Normandin Middle School, New Bedford, Ma. | | Mt Vernon Group | Poor Sub-contractor Scheduling |
| 5. Medway High School, Medway, Ma. | | Partnership of Cambridge | Unforseen Site Issue/On Schedule |
| 6. New Chicopee High School, Chicopee, Ma. | | Mt Vernon Group | Good |
| 7 Add. & Ren. Framingham H. S., Framingham Ma. | | DiNisco Design Partnership | |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | | M Rosenfield Inc. | Good Site PM, Aggressive/Initial Site Conn. problems |
| 9. Algonquin Regional High School, Westboro, Ma. | | Strekalovsky & Hoit Inc. | HCI took over Site/Project as Schedule |

DCAM Question - Rate this contractor+A14s ability, effort, and success in managing and coordinating subcontractors.

# FLANSBURGH ASSOCIATES

| 3) - Safety & Housekeeping | DCAM | Cantor | Comments |
|---|---|---|---|
| 1. Greene/Borden Schools, Fall River, Ma. | | Mt VernonGroup | Very good - No serious safety incident. |
| 2. Wheelwrton Elementary Schl., Lawrence, Ma. | • | Flansburgh | |
| 3. Lynnfield Middle School, Lynnfield, Ma. | • | Architecture Involution | Very Good |
| 4. Normandin Middle School, New Bedford, Ma. | • | Mt VernonGroup | Good |
| 5. Mashpee High School, Mashpee, Ma. | • | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | • | Mt VernonGroup | Good |
| 7. Add. & Ren. Framingham H. S., Lowell, Framingham, Ma. | • | DiNisco Design Partnership | Good |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | • | M Rosenfield Inc. | |
| 9. Algonquin Regional High School, Westboro Ma. | • | Strekalovsky & Holt Inc. | |

DCAM Question - Rate this contractors safety and housekeeping procedures. Were there any OSHA violations or serious accidents.

| 4) - Change Order | DCAM | Cantor | Did GC unreasonably claim change orders / extra |
|---|---|---|---|
| 1. Greene/Borden Schools, Fall River, Ma. | | Mt VernonGroup | Very good/Pricing was reasonable. |
| 2. Wheelwrton Elementary School, Lawrence, Ma. | • | Flansburgh | |
| 3. Lynnfield Middle School, Lynnfield, Ma. | • | Architecture Involution | Fair/Not Aggressive on CO |
| 4. Normandin Middle School, New Bedford, Ma. | • | Mt VernonGroup | Reasonable |
| 5. Mashpee High School, Mashpee, Ma. | • | Partnership of Cambridge | Fair on CO |
| 6. New Chicopee High School, Chicopee, Ma. | • | Mt VernonGroup | Fair |
| 7. Add. & Ren. Framingham H. S., Framingham, Ma. | • | DiNisco Design Partnership | |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | • | M Rosenfield Inc. | Fair |
| 9. Algonquin Regional High School, Westboro, Ma. | • | Strekalovsky & Holt Inc. | |

DCAM Question - Did the Contractor unreasonably claim change orders, was the pricing reasonable.

| 5) - Working Relations | DCAM | Cantor | Comments |
|---|---|---|---|
| 1. Greene/Borden Schools, Fall River, Ma. | | Mt VernonGroup | Very Good/PM related well with Owner/Designer ( within difficult situ) |
| 2. Wheelwrton Elementary School, Lawrence, Ma. | • | Flansburgh | |
| 3. Lynnfield Middle School, Lynnfield, Ma. | • | Architecture Involution | Excellent / Very Cooperative with Client/Designer |
| 4. Normandin Middle School, New Bedford, Ma. | • | Mt VernonGroup | Generally good |
| 5. Mashpee High School, Mashpee, Ma. | • | Partnership of Cambridge | Good |
| 6. New Chicopee High School, Chicopee, Ma. | • | Mt VernonGroup | Generally good working since will help process |
| 7. Add. & Ren. Framingham H. S., Lowell, Framingham, Ma. | • | DiNisco Design Partnership | |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. | • | M Rosenfield Inc. | Generally good |
| 9. Algonquin Regional High School, Westboro, Ma. | • | Strekalovsky & Holt Inc. | |

DCAM Question - Rate this or Administrators working relations with the designers, owners, etc., did they conduct themselves in a professional manner.

OCT 25 2004 11:41 FR HRS BOSTON 30 S    Case 1:03-cv-12216-MLW    Document 50-2    Filed 04/20/2005    Page 20 of 32    TO 95512420    10/12

(FRI)10 22 2004 10:28/ST. 10:28/NO. 5112705215 P 9

FROM FLANSBURGH ASSOCIATE

# FLANSBURGH ASSOCIATES

| f) - Paperwork Processing | DCAM | Cesnee | Comments |
|---|---|---|---|
|  |  |  |  |
| 1. Greene/Berkee Schools, Fall River, Ma. |  | Mt Vernon Group | Good - Reasonably complete & prompt |
| 2. Whetherbee Elementary School, Lawrence, Ma. |  | Flansburgh |  |
| 3. Lynnfield Middle School, Lynnfield, Ma. |  | Architecture Involution | Very Good- |
| 4. Normandin Middle School, New Bedford, Ma. |  | Mt Vernon Group | Generally Good |
| 5. Medway High School, Medway, M. |  | Partnership of Cambridge | Good |
| 6. New Chinatown High School, Chinatown, Ma. |  | Mt Vernon Group | Good |
| 7. Add. & Ren, Framingham H. S., Framingham Ma. |  | DiNisco Design Partnership |  |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. |  | M Rosenfield Inc. | Good |
| 9. Algonquin Regional High School, Waltham, Ma. |  | Bresladosky & Kale Inc. |  |

DCAM Question - Rate the contract own performance in completing and processing paperwork.

| i) - On -Site Supervisory Personnel | DCAM | Cesnee | Comments |
|---|---|---|---|
|  |  |  |  |
| 1. Greene/Berkee Schools, Fall River, Ma. |  | Mt Vernon Group | Very Good/FM able to move project appropriately |
| 2. Whetherbee Elementary School, Lawrence, Ma. |  | Flansburgh | Elite |
| 3. Lynnfield Middle School, Lynnfield, Ma. |  | Architecture Involution | Fm was not focused on this project-centered on multiple projects |
| 4. Normandin Middle School, New Bedford, Ma. |  | Mt Vernon Group | Good Site Pm/First Rate-Core, that was too far behind/ready-up lost time |
| 5. Medway High School, Medway, Ma. |  | Partnership of Cambridge |  |
| 6. New Chinatown High School, Chinatown, Ma. |  | Mt Vernon Group | Good |
| 7. Add. & Ren, Framingham H. S., Framingham Ma. |  | DiNisco Design Partnership | Good Site Pm/ Make sure Pods do not perform multiple duties |
| 8. Lincoln Sudbury Regional High School, Sudbury, Ma. |  | M Rosenfield Inc. |  |
| 9. Algonquin Regional High School, Waltham, Ma. |  | Bresladosky & Kale Inc. |  |

DCAM Question - Rate the general performance of the architects on site supervisory personnel.

# FLANSBURGH ASSOCIATES

Conclusion:

1. Eastern Contractors' Certificate of Eligibility is current. Issues outlined in the City of Worcester's letter and Heery International's letter have been addressed in their June 2003 certificate.
2. Eastern's update statement information is correct and executed in accordance with DCAM requirements with only one item to be addressed by Eastern Contractors.
3. Part 3 — Project Performance, Question C; "Has your firm failed or refused to complete any punchlist work under any contract?" Eastern's answer is "No". Our review of the update statement found various projects that had incomplete punchlists. Even though not a single contact indicated that Eastern failed or refused to complete punchlists, we requested a further explanation from Eastern Contractors regarding their answer on Question No. 3. (See attached letter)
4. Concerning the question of schedule adherence - Our review found Eastern to be average, no better and no worse than their counterparts in public construction projects. In the cases we reviewed, delays in schedules were adjusted with time extensions granted by the awarding authorities without penalty to Eastern Contractors.
5. Regarding the issue of change orders - Our review found Eastern to be average, no better and no worse than their counterparts in public construction projects.
6. Concerning the question of final completion - Our review found Eastern to be below average, worse than their counterparts in achieving punchlist completion within 60 days of substantial completion and failing to achieve final completion within contract requirements. However, we did not find any instance in which Eastern Contractors abandoned its responsibilities for final completion.
7. Concerning the question of supervision - Our review found Eastern's personnel outlined in their bid for the project to be above average.
8. The issues outlined in the City of Worcester letter and Heery International letter have been adequately resolved with the issuance of Eastern's current Certificate of Eligibility.
9. This final report clearly addresses the bidder eligibility and addresses for the City items raised in the Macomber letter.

Based on our review and analysis of Eastern Contractors bid we find:

A. Eastern Contractors possess the skill, ability and integrity necessary to faithfully perform the work.
B. Eastern Contractors Inc. is the lowest responsible and eligible bidder.
C. The awarding authority has included provisions within the Owner/Contractor contract to manage the concerns over schedule, performance, change orders, punchlist completion and final completion for the project.
D. Eastern Contractors bid for construction amount for the contract although 7 ¾ below the second bidder does not invalidate their bid.

OCT 25 2004 11:42 FR HAS BOSTON 30 3    TO 99512420    P.12/12

FROM FLANSBURGH ASSOCIATE    (FRI)10 22 2004 10:27/ST. 10:23/NO. 5112788215 P 10

## FLANSBURGH ASSOCIATES

Based on our determination, the City of Lawrence should award Eastern Contractors Inc.,
as the lowest responsible and eligible bidder, the contract for constructing the new.
Lawrence High School.

Sincerely,

FLANSBURGH ASSOCIATES, INC.

Jorge M. Cruz, AIA
Senior Associate

CC:  Doreen Zankowski
     George Collins
     Earl R. Flansburgh
     Dominic Fedulla

** TOTAL PAGE.12 **

```
          ********************
          ***   RX REPORT   ***
          ********************


RECEPTION OK

TX/RX NO              5888
CONNECTION TEL
CONNECTION ID
ST. TIME              10/25 11:44
USAGE T               02'15
PGS.                    12
RESULT               OK
```

**HOOVER EXHIBIT A**

**HEERY REPORT**

# HEERY

CONFIDENTIAL CORRESPONDENCE
FOR CLIENT USE ONLY

March 19, 2003

Ms. Jill C. Dagilis
Contracting Officer
City of Worcester
Office of Code Enforcement
25 Meade Street
Worcester, MA  01610

RE:    Worcester Vocational High School, Worcester, MA
       General Construction Bid Review – Eastern Contractors

Dear Jill:

We have completed the review of the bids, as well as a detailed review of the references for the two apparent low bidders, and would like to forward our review for your consideration in determining the Award of the General Construction contract for this project.  This bid review is for Eastern Contractors, Inc. (Eastern) only.

Our review of Eastern's bid was concurrent with that of Lamoureux Pagano Associates (LPA). LPA focused on contacting the design team references, while Heery contacted the Owner references.  Not all of the references that were contacted returned our calls.  Our review also included knowledge of facts from working with Eastern Contractors on four school projects over the past five years as construction managers for the Towns of Sudbury & Lynnfield and the Cities of Springfield & Fall River.

## Review of DCAM Files

The Division of Capital Asset Management (DCAM) certification files for Eastern were also reviewed.  Eastern currently has a reported average performance rating of 87.  Of particular note was an extremely poor rating of 51 on a project for Framingham State College.  This review is factored in the current performance rating.  Eastern provided additional information on this project with their revised Update Statement, which is referenced later.

## Review of Form for General Bid

Our review of the Form for General Bid found no issues.  This concurs with the findings of both LPA and the City's Contract Compliance Office.

Heery International, Inc.

A group of professional service companies

4 Mable Drive, Suite 300, Lexington, Massachusetts   02421
Telephone 781-860-8100  Fax 781-860-9100

ATLANTA BALTIMORE BEND  OR BERLIN BOSTON CENTREVILLE VA CHICAGO CLEVELAND DALLAS DENVER EDINBURGH
HOUSTON LONDON LOS ANGELES MADRID NASHVILLE  NEW YORK NEWARK NJ PHILADELPHIA PORTLAND RALEIGH
RICHMOND SACRAMENTO SAN DIEGO SEATTLE DHAKA FIELD, MA TAMPA WASHINGTON, DC

# HEERY

Letter to Jill Dagilis
March 19, 2003
Page 2 of 8

## _Review of DCAM Update Statement_

In the review of Eastern's Update Statement there were a number of issues that needed further explanation or correction. These issues were with respect to proper staffing and management, missing or inconsistent information and explanation of issues relayed from other communities in which Eastern has worked or is currently working. With the City's concurrence, in accordance with 810 CMR 4.09 (1), Eastern was allowed the opportunity to correct any defects that in fact existed in their Update Statement. This was communicated to Eastern in our letter of March 6, 2003.

In response to our letter, Eastern submitted a revised Update Statement dated March 10, 2003 and, through their attorney, a letter responding to the issues outlined in our letter. Eastern also provided additional information for our review on March 14, 2003 proposing an alternative staffing plan for the project and providing supplementary DCAM Contractor Certification forms for our review.

In reviewing the information provided by Eastern, we found some information submitted in the revised Update Statement of Eastern, dated March 10, 2003, that, from information presented to us by other sources, appears to be inaccurate. In the information submitted on March 14, 2003, there were proposed changes and clarifications to the staffing plan that now indicate understanding of the project staffing specifications. We ask that the City of Worcester review the information that we have obtained to determine the legal status of these findings as to whether Eastern did not provide appropriate supervisory personnel in their bid and for making materially false statements in their Update Statement.

## _DCAM Update Statement: Parts 1 & 2 / Completed & Current Projects_

There are a number of projects that Eastern has indicated on their Update Statement as "on schedule" which according to the owners of the projects were not completed within the contract timeframe or are not currently on schedule.

### _Freetown-Lakeville Middle School_
On their original Update Statement Eastern noted this project as 'under contract' and that it was on schedule. In their revised Update Statement, Eastern moved this project to the completed projects list, while changing the completion date to 06/2002 from 4/2002. According to Freetown-Lakeville officials, total project was to be completed by April 2002. It was noted that the educational components of the project were completed just in time for the start of school in September of 2002 with the gym and lockers completed two months late. There were mold problems requiring the removal of a large portion of a concrete masonry wall (approximately 120 feet by 1-1/2 stories) a month prior to opening. There still remain some 10 athletic fields that are not completed and will not be available for use for some time.

P

C

# HEERY

Letter to Jill Dagilis
March 19, 2003
Page 3 of 8

### Greene and Borden Schools – Fall River

On their original Update Statement Eastern noted this project as 'under contract' and that it was on schedule. In their revised Update Statement of March 10, 2003, no change to the status of the construction schedule was made, however they changed the end date of the project from 11/15/2002 to 09/02. According to Fall River officials, the new school buildings received Substantial Completion on January 4, 2003, two days prior to the start of school. However, the total project scope (demolition of an existing school) still remains incomplete as this work was to be completed within the original contract timeframe. Fall River is currently negotiating a "no-cost" time extension with Eastern to complete the project.

### Medway High School

It should also be noted that on Eastern's revised Update Statement of March 10, 2003 the status of the Medway High School project was revised from "on schedule" to "not on schedule". Discussions with team members familiar with this project indicate that there are significant subcontractor management issues, especially with respect to the site. We have been told that Eastern's site subcontractor has filed for bankruptcy.

### Lincoln-Sudbury High School

We spoke with Jack Ryan, Chairman of the Lincoln-Sudbury High School Building Committee, who indicated that he would not agree that this project is on schedule. In fact, he indicated that Eastern had gotten so far off the original baseline schedule that the Committee asked Eastern to submit a recovery schedule. It is that revised schedule that Eastern is behind and, in the opinion of Mr. Ryan, that the Construction Manager and a number of Building Committee members are skeptical that Eastern can meet. Eastern reported this project as on schedule on their revised Update Statement.

### Fairhaven High School

This project was not identified as a current project, but it is reported that this project remains incomplete. We have been told that the original contract time for completion of construction was 26 months, but that it took 42 months to reach Substantial Completion. Issues relating to not completing the punch list work are addressed under Part 3 – Project Performance.

It is understood that not all projects are on schedule. For various reasons, some which are beyond the control of the general contractor, projects get delayed. For example, this winter has probably had some impact on construction projects throughout the state. However, the bidder does have an obligation to correctly report the status of the project. It does not ask the general contractor if they believe the project will be completed on time or if it opened in time for school to start. The question asks if it is "on schedule". This is a yes or no question. It means did the contractor meet the contract date for completion, if Substantial Completion has been reached, or is the project progressing in accordance with the current accepted project schedule, which meets all contract completion dates as required by their contract with the Owner. The bidder has the opportunity to provide supplementary information as they see fit to explain an apparent negative response.

P

Q

# HEERY

Letter to Jill Dagilis
March 19, 2003
Page 4 of 8

This is an important issue for the Awarding Authority to assess, as there are significant tenant fit up time requirements (approximately five months) once the contractor is Substantial Complete to get the new Worcester Vocational High School ready to open on time. If the general contractor does not meet the contract timeline for construction the ability of the City to open the school as scheduled in the fall of 2006 will be greatly compromised.

### DCAM Update Statement: Part 3 – Project Performance

Question C asks, "*Has your firm failed or refused to complete any punch list work under any contract?*" Eastern answered this question "*No.*" In performing due diligence on the original bid submission, Fairhaven Town Administrator, Jeffery Osuch was contacted and indicated that their High School project, on which Eastern was the General Contractor, remains incomplete and that Eastern has not been on the project for about a year and a half. It was reported that this project was to be completed within 26 months but reached Substantial Completion in 42 months. He noted that the Town has already independently contracted for about $200,000 in punch list work that Eastern did not complete and that the Town is currently withholding about $300,000 in funds from Eastern's contract for work not completed over a year and a half ago. This project was not reported as a current project on Eastern's Update Statement.

Following receipt of Eastern's revised Update Statement on March 10, 2003, I contacted Mr. Osuch again and discussed Eastern's representation that they did not complete the "*punch list issues and other matters... ...by mutual agreement with the Town.*" He indicated that the Town would liked to have had some type of understanding with Eastern but that they did not have an agreement with Eastern to cease the punch list work. He added that Eastern was aware that the Town was proceeding to complete the outstanding punch list work on their own. When ask whether, in his opinion, Eastern misrepresented the situation with this statement his response was yes.

We also contacted Mr. Andrew Tillett, Chairman of the Fairhaven School Building Committee, who indicated that Mr. Osuch was more than kind in his comments concerning Eastern. Mr. Tillett indicated that, in his opinion, "*Eastern basically abandoned the punch list of some 400 items...*". He acknowledged issues with the Architect, however he indicated that had little if anything to do with Eastern leaving the project incomplete. He added, "*....the project reached Substantial Completion very late and they (Eastern) just didn't get it done.*"

Eastern was given the opportunity to respond to this specific concern in our letter of March 6, 2003. The two-sentence response by Eastern minimizes the importance of this concern of the City and attempts to deflect responsibility to the Architect. Eastern's Update Statement was inaccurate in not answering Question C affirmatively and also in not reporting this project as a current project on their Update Statement that they have not yet completed.

Question F asks ' *Has a subcontractor filed a direct payment claim against your firm on a public project?* ' In their original Update Statement Eastern answered the question "*Yes*" and provided Attachment A that indicated three (3) claims against them. However, in the revised Update Statement, Attachment A was modified to include a total of thirteen (13) claims for direct payment, all which are dated between the time of their latest DCAM certification, February 28, 2002 and the date of their bid submission.

P

Q

# HEERY

Letter to Jill Dacilis
March 19, 2003
Page 5 of 8

Question I asks, " *Has any employee or other person suffered an injury resulting in complete disability in excess of thirty working days in connection with any of your projects?* " Eastern response was " Yes " and provided Attachment C that states " *For the period of Feb. 28, 2002 through January 31, 2003, we experienced (3) injuries, which resulted in more than 30 days of disability.* " In their revised Update Statement, dated March 10, 2003, Eastern reported a total of five (5) open claims for workers compensation at the time of the submission of their bid on February 11, 2003.

## DCAM Update Statement: Part 4 – Legal Proceedings

Question A asks " *Have any judicial proceedings been brought or concluded adversely against your firm or a principal or officer of your firm relating to the procurement or performance of any construction contract, including actions to obtain payment brought by subcontractors, suppliers or others?* " Eastern answered this question " Yes " and provided Attachment B that outlined thirteen (13) legal proceedings for the period 4/30/02 through 09/23/02.

In their revised Update Statement of March 10, 2003, Eastern submitted a revised Attachment B that identified twenty-three (23) on-going legal proceedings for the period 4/30/02 to 2/26/03[1]. However, of the 23 proceedings, it appears that in one proceeding Eastern is the plaintiff and three (3) additional proceedings are dated following the submission of their bid on February 11, 2003. We do not consider these four proceedings to be relevant to our review. This resulted in a total of six (6) new legal proceedings added in the revised Update Statement of March 10, 2003.

Question I asks " *Have any judicial or administrative proceedings been brought or concluded adversely against your firm or a principal or officer of your firm relating to a claim of repeated or aggravated violation of any state or federal law regulating labor relations or occupational health or safety?* " Eastern answered " No. " However, they provided an additional comment within Attachment D stating " *For the period of November 1st through January 31st, 2003 we experienced (0) OSHA inspections.* " In their revised Update Statement this comment was revised to " *For the period of February 28, 2002 through March 10th, 2003 we experienced (2) OSHA inspections.* "

In his letter of March 10, 2003, Eastern's attorney, Mr. Quinlan states " *The provisions of the Update statement form Part 4 question I refer to "repeated or aggravated" which this violation was not. There is however a second reference to OSHA violations under item K which appears to be duplicative. Eastern advises that the employee who was involved in this occurrence had been warned previously and has since been discharged from employment.* " We interpret this statement to mean that the information provided in the Update Statement as Attachment D, under Part 4 Item I, should have been recorded under Part 4, Item K.

P

Q

---

[1]Attachment B identifies a proceeding with the Title of Action of G. Lopez Construction vs. USF&G & ECI as intervenor Def. & 3rd Party Pltf. This is dated 02/26/00. Due to the sequential placement of the information and that these proceedings are assumed to be subsequent to the last DCAM Certification, dated February 28, 2002, we have assumed this date is incorrectly reported and have assumed this date to be 02/26/03.

# HEERY

Letter to Jill Dagilis
March 19, 2003
Page 6 of 8

Question K asks, " *Has your firm been fined by OSHA or any other state or federal agency for violations of any laws or regulations related to occupational health or safety?* " Eastern replied " *Yes* " and provided Attachment D that states " *For the period of February 28th, 2002, date current Certificate of Eligibility was issued, through January 31st, 2003, we paid a penalty of $700. [ECI Electrical Division – Hudson.]* " However, in their revised Update Statement of March 10, 2003 Eastern reported that, in addition to the two (2) new OSHA inspections identified under Part 4, Item 4, " *For the period of February 28th, 2002, date current Certificate of Eligibility was issued, through March 10th, 2003, Eastern paid a penalty of $700. [ECI Electrical Division – Hudson.] (and) Eastern paid a penalty of $1625 – [Normandian Middle School, New Bedford.]* " According to the OSHA web site it appears that there were three (3) separate OSHA violations issued to Eastern on the Normandian Middle School with the penalties, following the informal conference, totaling $1625. The complaint was filed on 11/7/2002 and the case was closed on 1/29/2003. The notification of this violation is within the timeframe requiring that it be reported within their Update Statement.

In response to our question as why Eastern did not report this fine on their initial Update Statement, Mr. Quinlan responded " *I have attached a copy of the settlement agreement and citations which were to my understanding modified during the informal conference by OSHA to indicate that the violations would be classified as 'other than serious.' I believe that the resolution of those citations on that basis created the belief and circumstances in which inclusion of those items on the update statement may have been deemed unnecessary.* " It is a fact that at the completion of the settlement agreement that the OSHA fines, although reduced, were still in place and were required to be reported on the Update Statement. Question K does not require only serious violations be reported, it requires all fines to be reported.

## DCAM Update Statement: Part 5 – Supervisory Personnel

Part 5 requires that the bidder "*List all supervisory personnel, such as project managers and superintendents, who will be assigned to the project if your firm is awarded the contract.*" In their original bid submission Eastern listed two (2) individuals:

Frank T. Marino – Project Manager
Paul Agliar - Superintendent

The project specifications requires a minimum of four (4) full-time on-site project staff that includes: 1) a full time, on-site project manager, 2) a full time, non-working superintendent, 3) a full time, on-site scheduler and 4) a full time, on-site MEP coordinator. Based upon our experience with Mr. Marino and Mr. Agliar, from working with them on a number of previous projects, it was our belief that Eastern did not meet any of the minimum project staffing requirements. Mr. Marino is a project executive. We understand that he is currently working on at least four or five other projects, so his involvement on this project would be in a periodic oversight role only. Also, Mr. Agliar, although a very talented and driving superintendent, has historically been a "working superintendent." There was no mention of any other additional staffing planned for this project.

# HEERY

Letter to Jill Dagilis
March 19, 2003
Page 7 of 8

In their revised Update Statement of March 10, 2003, Eastern changed their supervisory personnel to include:

Frank T. Marino – Executive Project Manager
Amol Prabhu – Project Manager
Paul Agiiar – Superintendent
Paul E. Chouinard – Environmental Impact Coordinator

Under separate cover Eastern's attorney, Mr. Quinlan, indicated that Mr. Prabhu and Mr. Agiiar would be assigned to the project full-time. However he noted that Courtney Lackard would be assigned to the project for CPM scheduling and that Eastern "anticipates" assigning Mr. James Blauch to this project as MEP coordinator and HVAC Project Manager. The revised supervisory personnel listing does not meet the minimum project staffing requirements of the general contractor, since only two individuals were noted as on-site full time. Staff managing the work of any filed subcontractor, including Eastern Contractor's mechanical division, would be in addition to the minimum requirements of the general contractor. During one of our reference checks on March 13, 2003 we discovered that Mr. Prabhu is currently working as the project manager on the Normandin Middle School in New Bedford. The City of New Bedford expects that Mr. Prabhu will remain on that project until it is complete in December of 2003.

On March 14, 2003 we received an additional 24 pages of correspondence from Eastern presenting an alternative project team for consideration by the Awarding Authority. This team replaced Mr. Prabhu as project manager with Mr. Mike Gearan, it also replaced Mr. Agiiar with Mr. Kmiec, and elevated the involvement of Mr. Blauch and Mr. Lackard to full time status. In this correspondence Eastern provided some DCAM contractor evaluation forms from selected projects. Mr. Blauch's availability to work on this project full time is still unclear as we understand that he oversees all of Eastern's HVAC work, including other HVAC only projects. Also, the role of the MEP coordinator is separate from that of the project manager for the HVAC subcontractor and Mr. Blauch is still identified in this dual role.

The staffing outlined in the original Update Statement clearly does not meet the project requirements. The revised Update Statement of March 10, 2003 does not appear to meet the minimum project on-site staffing requirements. It also represents certain staff as available for this project that appear to be committed to another project.

# HEERY

Letter to Jill Dagilis
March 19, 2003
Page 8 of 8

### *Summary*

The issue is not that Eastern had problems on a number of their projects. Many contractors have problems on projects for various reasons, some which are outside their control. It should not be interpreted that only the problem projects were analyzed, some references were very happy with Eastern. In fact, we are currently completing a very successful project with the Town of Lynnfield, on which Eastern is the General Contractor.

However, the Awarding Authority must be able to rely on true, accurate and complete information in the bid to evaluate the responsibility of each of the bids. When information is not factually reported in a bid or on an Update Statement, then the credibility and integrity of that bidder should be called into question and challenged.

Eastern was given two opportunities to factually report the information required to be submitted with their bid. Had Eastern provided accurate information with their initial bid the responsibility of their bid might not have been questioned. Eastern responded with 99 pages of additional information for our review attempting to respond to the issues outlined in our request. However, since information provided in their revised Update Statement remains inconsistent with reference data received during our review, the responsibility of their bid remains in question.

It is our opinion that the Awarding Authority should seriously consider the rejection of Eastern's bid due to the reasons outlined in this letter. We stand by ready to assist the City in further due diligence in support of their decision of Award.

Sincerely,

**P**

**HEERY INTERNATIONAL, INC.**

**Q**

Thomas E. Ellis, Jr., AIA
Program Director

c:   Richard Tiffero, Chief Clerk of the Works / City of Worcester
     Robert Para, Architect / Lamoureux Pagano Associates

Filecode: 0208002 fti