UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC., | ) |
| | ) Civil Action No. 03-12216MLW |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CITY OF WORCESTER and THOMAS | ) |
| R. HOOVER, City Manager, and HEERY | ) |
| INTERNATIONAL, INC. and THOMAS E. | ) |
| ELLIS, JR. | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION OF THE DEFENDANT TO THE MOTION TO
EXTEND SCHEDULING ORDER**

The defendants, Heery International, Inc. ("Heery") and Thomas E. Ellis, Jr. ("Ellis") (Heery and Ellis are referred to collectively as "Heery"), oppose the joint motion of the plaintiff, Eastern Contractors, Inc. ("Eastern"), and the defendant, City of Worcester ("City"), to extend the scheduling order issued by this Court on January 31, 2005. As grounds for this motion, Heery states that the plaintiff has had more than enough time to conduct discovery in this matter. Despite the characterization of this case by Eastern as a "factually complex case," the facts of this case are very simple and no evidence exists that would support recovery against Heery. Eastern filed this lawsuit against Heery and Ellis alleging that Heery unlawfully discriminated against Eastern based on the ethnicity of Eastern's principals during Heery's review of Eastern's bid on the contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Project"). However, there is <u>no evidence</u> of any wrongful actions by Heery.

On September 15, 2004, Heery filed a motion for summary judgment seeking dismissal of all claims against Heery. Eastern opposed the motion by claiming, among other things, that it had not had the opportunity to conduct discovery concerning its claims against Heery. This Court heard Eastern's motion to continue Heery's motion for summary judgment but has not yet acted. Now, six months after Heery filed its motion for summary judgment, Eastern is seeking additional time to conduct discovery. Eastern has discovered <u>no evidence</u> that any actions of Heery in reviewing Eastern's bid on the Project were inappropriate. Eastern's motion to extend the discovery deadlines is merely an attempt to continue its fishing expedition, which will undoubtedly end in vain.

Moreover, any extension of the discovery deadline will result in Heery being forced to expend significant amounts of money to attend depositions, most of which are wholly irrelevant to Eastern's claims against Heery. For instance, Eastern states in its motion to extend the scheduling order that it seeks to depose Flansburgh Associates, Inc. ("Flansburgh"). Any testimony of Flansburgh, however, would be irrelevant to the claims asserted by Eastern in this matter. Apparently, Flansburgh reviewed a bid by Eastern on a separate construction project, based on separate bid documents and requirements, months after Heery's review of Eastern's bid on the Project. Flansburgh's review, however, is irrelevant to the claims against Heery. Indeed, Heery has moved to quash the subpoena served on Flansburgh.

WHEREFORE, Heery requests that this Court DENY the joint motion to extend the scheduling order.

                            HEERY INTERNATIONAL, INC. and
                            THOMAS A. ELLIS,
                            By their attorneys,

                            /s/ _____
                            David J. Hatem, PC BBO # 225700
                            Warren D. Hutchison BBO # 246150
                            Matthew M. O'Leary BBO # 652033
                            DONOVAN HATEM LLP
                            Two Seaport Lane
                            Boston, MA 02210
                            (617) 406-4500

Dated: April 21, 2005

## CERTIFICATE OF SERVICE

I, Matthew M. O'Leary, hereby certify that on this 21 day of April, 2005, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

                            /s/ _____
                            Matthew M. O'Leary

00909961.DOC