UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF WORCESTER and THOMAS<br>R. HOOVER, City Manager, and HEERY<br>INTERNATIONAL, INC. and THOMAS E.<br>ELLIS, JR.<br><br>     Defendants. | Civil Action No. 03-12216MLW |

## OPPOSITION OF THE DEFENDANT, HEERY INTERNATIONAL, INC., TO THE PLAINTIFF'S MOTION TO VACATE PROTECTIVE ORDER

The defendant, Heery International, Inc. ("Heery"), opposes the motion of the plaintiff, Eastern Contractors, Inc. ("Eastern"), to vacate the Protective Order issued by the Court on March 15, 2005. A copy of the Protective Order is attached hereto as **Exhibit A**. As grounds for its opposition, Heery states that Eastern has not established any basis for this Court to vacate the Protective Order. Eastern seeks deposition testimony and documents from Heery that are wholly irrelevant to the claims asserted against Heery by Eastern in this matter. Eastern's claims in this matter are limited to Heery's services provided to the City of Worcester ("City") in evaluating bids for the contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Project").

In addition, Eastern seeks to require Heery to produce a number of documents that are irrelevant to the issues raised in this lawsuit because they are wholly unrelated to Eastern's claims. Eastern's document requests are not reasonably calculated to lead to

the discovery of admissible evidence. The document requests in Heery's Notice of Deposition are also overly broad and unduly burdensome. In addition, Eastern's Notice of Deposition merely attaches a copy of Eastern's request for documents pursuant to Fed. R. Civ. P. 34. Heery objected to the production of a number of documents contained in Eastern's Rule 34 request when it was originally served on Heery. Eastern's Notice of Deposition appears to be an attempt to circumvent Heery's previous objections.

## I.    BACKGROUND

This matter arises out of a decision by the City not to award a contract for the construction of the Project to Eastern because the City determined that Eastern was not the lowest responsible bidder. Heery's involvement with the Project is by virtue of a contract between Heery and the City whereby Heery agreed to provide construction management services on the Project, including but not limited to, reviewing general bids and advising the City regarding the award of the general bid.

After the City received general bids for the Project, Heery and the Project architect, Lamoureux Pagano Associates ("LPA"), conducted independent reviews of Eastern's references, bid documents, and Division of Capital Asset Management ("DCAM") update statement ("Update Statement"). During the course of their independent reviews, Heery and LPA discovered that there were a number of inaccurate statements and missing information in Eastern's Update Statement. The City offered Eastern the opportunity to correct the inaccurate statements and missing information in the Update Statement but Eastern failed to do so. Therefore, Heery and LPA recommended to the City that the City consider not awarding the construction contract on the Project to Eastern. The City subsequently determined that Eastern was not the lowest

responsible bidder and awarded the construction contract for the Project to the second lowest bidder, Consigli/O'Connor Joint Venture ("Consigli/O'Connor").

Eastern filed this lawsuit against Heery and Ellis alleging: (1) violation of c. 93 §102 (Count I); (2) violation of 42 U.S.C. §1981 (Count II); (3) violation of 42 U.S.C. §1983 (Count III); (4) violation of 42 U.S.C. §1985 (Count IV); (5) negligent misrepresentation (Count X); (6) interference with advantageous relationships (Count XI); and, (7) violation of c. 93A (Count XII).

On July 15, 2004, Eastern served its First Request for Production of Documents pursuant to Fed. R. Civ. P. 34 on Heery. **Exhibit B**. On August 12, 2004, Heery responded to Eastern's Rule 34 request and objected to a number of document requests on the grounds that they were overly broad, unbuly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and sought irrelevant documents. **Exhibit C**. Heery objected to producing documents that were unrelated to the bid phase of the Project. On March 3, 2005, Eastern served a Notice of Deposition on Heery that contained a list of documents that Heery was purportedly required to bring to the deposition and a list of topics on which Eastern was requesting examination. **Exhibit D**. The list of documents is <u>identical</u> to Eastern's Rule 34 request that was previously served on Heery.

On March 14, 2005, Heery moved for protective order in connection with the deposition of Heery. The Court allowed Heery's motion on March 15, 2005, limiting Eastern's topics of inquiry and documents produced by Heery to those topics and documents relating to the bud phase of the Project. Eastern now moves to vacate the Protective Order. Eastern does not offer, in any way, to limit or revise the scope of

3

testimony and documents sought.

## II.   ARGUMENT

### A.   STANDARD OF REVIEW.

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions ... (4) that certain matters not be inquired into ... ."

Fed. R. Civ. P. 26(c).  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. Fed. R. Civ. P. 26(b)(1); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir., 1990); American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 739-42 (Fed. Cir. 1987).

**B.**   **EASTERN REQUESTS TESTIMONY ON ITEMS THAT ARE IRRELEVANT TO THE ISSUES IN THIS CASE AND EASTERN'S TOPICS OF INQUIRY ARE OVERLY BROAD AND UNDULY BURDENSOME.**

In its Notice of Heery's Deposition, Eastern lists a number of items on which testimony is requested that are irrelevant to the issues in this lawsuit. Despite the fact that Eastern's claims are limited to alleged inappropriate actions of Heery and the City during the bidding phase of the Project with respect to Eastern's bid, Eastern has requested testimony on forty-six topics, most of which are wholly unrelated to Eastern's claims. In addition, most of Eastern's topics of inquiry are overly broad and unduly burdensome because they would require that Heery's designee review thousands of irrelevant documents in order to properly prepare for Heery's Rule 30(b)(6) deposition.

For instance, Eastern's first topic of inquiry requests testimony on "All facts, actions and/or communications concerning any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, construction, materials, equipment or labor to be furnished to the Project." Eastern fails to limit its request to testimony relating to the bid phase of the Project. As a result, Eastern will be free to inquire into any "proposals, invitations to bid, proposals or other like documentation" relating to any phase of the Project, including the construction phase of the Project. This testimony is irrelevant to the claims made by Eastern in this lawsuit. Even if such testimony were marginally relevant, Eastern's first topic of inquiry is overly broad and unduly burdensome. In order to properly prepare, Heery's designee would be required to review hundreds of requests for proposals made during the course of the construction of the Project, despite the fact that they have nothing to do with Eastern's claims in this lawsuit.

Another egregious example of a request for irrelevant testimony is topic of inquiry number seven, which states "All facts, actions and/or communications concerning any and all documents sent to Heery or received by Heery, from Heery or any other person, party or entity relating to the Project." As with most of its topics of inquiry, Eastern fails to limit the scope of its inquiry to matters relevant to its claims – namely, the bid phase of the Project. Moreover, Eastern's topic of inquiry number seven would require Heery's designee to review every piece of paper set to Heery or sent by Heery relating to the Project, despite the fact that most of those documents have nothing to do with Eastern's claims.

A review of Eastern's forty-six topics of inquiry reveals that most of them have no relevance whatsoever to Eastern's claims. Eastern states that some of the topics of inquiry may be limited to Eastern's potential damages. Even if this were true, however, Eastern does not seek to limit its topics of inquiry in any manner and does not seek to craft topics of inquiry limited to its alleged damages. Instead, Eastern seeks to vacate the entirety of the Court's Protective Order, even those portions that have nothing to do with its claims in this matter. In other words, Eastern seeks testimony from Heery on any and all documents in Heery's possession concerning the Project, despite the fact that a vast majority of such testimony is irrelevant to Eastern's claims.

Eastern also states that some post-bid activities of Heery may be relevant to its claims against Heery. There is no basis, however, for such a claim. Each of the issues raised in Eastern's motion is addresses below.

6

1.    **Whether Consigli made a "promise" prior to the bids for the Project that it would complete the work in 30 – 32 months and whether it lived up to that "promise."**

Eastern alleges that Heery inappropriately recommended to the City that the City consider not awarding the construction contract on the Project to Eastern. Whether Consigli completed the Project in 30 – 32 months is irrelevant to Eastern's claims against Heery, which relate only to Heery's actions during the bid phase of the Project.[1]

2.    **Whether Consigli complied with the project management requirements during the Project.**

Whether Consigli complied with the City's project management requirements during the construction is irrelevant. The City determined that Eastern's bid did not contain the information required. The only question that may be relevant to this issue is whether Consigli's bid met the City's requirements. Since this issue does not relate to a post-bid activity, Eastern was not prevented from inquiring of this issue during Heery's deposition.

3.    **Conversations which Eastern speculates may have occurred after the bid was awarded regarding a letter written by Consigli prior to the bid award.**

Eastern also speculates that Heery may have information regarding conversations that may or may not have occurred after the bid was awarded regarding a letter written by Consigli prior to the bid award. Eastern does not provide any basis for this speculation and this speculation should not form a basis for this Court to vacate the Protective Order.

---

[1]    The Project is not yet completed.

**4.    Heery's alleged involvement in reviewing Eastern's bid on a project for the City of Lawrence months after the award of the contract for the Project.**

Finally, Eastern seeks testimony and documents Heery's alleged involvement in reviewing Eastern's bid on a project for the City of Lawrence months after the award of the contract for the Project.[2]  Eastern apparently seeks to discover evidence supporting an argument that because Flansburgh recommended in October of 2003 that the City of Lawrence award the construction contract to Eastern, Heery should have recommended in March of 2003 to the City of Worcester that it award the construction contract for the Worcester Project to Eastern.[3]  Flansburgh's recommendation to the City of Lawrence, completed approximately eight months _after_ Heery reviewed Eastern's bid on the Project, has no bearing on any of the issues raised in this case.  The fact that another city, based on another bid by Eastern and on different requirements that those set by thje City on the Project, decided to award a construction contract to Eastern has no relevance to any claims by Eastern in this lawsuit.

**C.    THE DOCUMENTS REQUESTED BY EASTERN ARE IRRELEVANT TO THE ISSUES IN THIS CASE AND EASTERN'S DOCUMENT REQUESTS ARE OVERLY BROAD AND UNDULY BURDENSOME.**

In addition, Eastern's document request pursuant to Rule 30(b)(5) requests

---

[2]    Heery was not involved in the construction project for the City of Lawrence.

[3]    Eastern made a similar argument in its Opposition to Heery's Motion for Summary Judgment, which is pending before the Court.

documents that are irrelevant to its claims and it overly broad and unduly burdensome.[4] For example, request number seven requires that Heery produce "Any and all documents sent to Heery or received by Heery, from Eastern or any other person, party or entity relating to the Project." This request, in essence, seeks all documents in Heery's possession, despite the fact that they have nothing to do with Eastern's claims. In addition, this request is overly broad and unduly burdensome because it requires that Heery produce thousands of irrelevant documents. If the documents sought are not relevant to the underlying action, any burden whatsoever placed on the responding party would be, by definition, "undue." Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335 (N.D. Cal. 1995).

Eastern's document request is replete with requests for irrelevant documents and contains numerous requests that are overly broad and unduly burdensome. Heery's objections to Eastern's document request are contained in Heery's Response to Eastern's Request for Production of Documents, attached hereto as **Exhibit C**, and incorporated herein by reference. A review of Eastern's twenty-nine categories of documents requested reveals that most of the documents requested have no relevance whatsoever to Eastern's claims. All documents relating to Heery's services during the bid phase of the Project have been produced.

---

[4]    Eastern previously sent a request for documents pursuant to Rule 34 that was identical to the documents requested in its Notice of Deposition served on Heery. In fact, Eastern merely attached a copy of its Rule 34 request previously served on Heery. At that time, Heery made a number of objections to Eastern's document requests, which are incorporated herein by reference. See, **Exhibit C**. Among other things, Heery objected to Eastern's requests to the extent that they sought irrelevant information and were not reasonably calculated to lead to the discovery of admissible evidence. In addition, Heery objected on the grounds that Eastern's requests were overly broad and unduly burdensome because they were not limited in scope to the bid phase of the Project. At that time, Heery produced all requested, non-privileged or otherwise protected documents in its possession relating to the bid phase of the Project.

## III.    CONCLUSION

For the foregoing reasons, Heery requests that this Court DENY Eastern's motion to vacate the Protective Order.

HEERY INTERNATIONAL, INC. and
THOMAS A. ELLIS,
By their attorneys,

David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated:  April __, 2005

### CERTIFICATE OF SERVICE

I, Matthew M. O'Leary, hereby certify that on this __ day of April, 2005, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

Matthew M. O'Leary

00909961.DOC

10