UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 03CV12216-MLW

EASTERN CONTRACTORS, INC.,   )
        Plaintiff   )
           )
v.   )
           )
CITY OF WORCESTER, and THOMAS )
R. HOOVER, City Manager, and  )
HEERY INTERNATIONAL, INC. and )
THOMAS A. ELLIS,   )
        Defendants   )

### DEFENDANT CITY OF WORCESTER'S MOTION FOR PROTECTIVE ORDER AS TO THE CONSIGLI DEPOSITION

Defendant City of Worcester ("the City") hereby moves this Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order as to a deposition which Plaintiff Eastern Contractors, Inc. ("Eastern") has scheduled for May 26, 2005, of Anthony Consigli ("Consigli"), of Consigli-O'Connor - A Joint Venture ("the Joint Venture"). See a true, accurate and complete copy of Eastern's deposition re-notice of Consigli, attached hereto as "Exhibit 1."

As grounds for this Motion, the City states that the list of twenty-nine (29) topics on which examination is requested in Eastern's deposition notice seeks, in large part, testimony that is irrelevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, those

topics are, in large part, overly broad and unduly vague and burdensome.[1]

I. BACKGROUND.

This matter arises out of a decision by the City to award, to the Joint Venture, a contract for the construction of the Worcester Vocational High School in Worcester, Massachusetts ("Project"). Eastern had been the lowest bidder on the Project; the Joint Venture was the second lowest bidder. The City, together with Defendants Heery International Inc. and Thomas E. Ellis, Jr., conducted an investigation into the qualifications of these two lowest bidders. On the basis of that investigation, it was determined that Eastern, while the lowest bidder, was not the lowest responsible bidder. Therefore, the City awarded the Project contract to the Joint Venture.

Accordingly, Eastern's claims against the defendants stem from that bid award.[2] Therefore, Eastern's claims are limited to allegedly inappropriate actions during the bidding phase of the Project with respect to Eastern's bid. Eastern should not be permitted to make inquiry of anything other than the bid phase of the Project.

---

[1] By Order dated March 15, 2005, this Court (per Alexander, M.J.) allowed Defendant Heery International. Inc.'s Motion for Protective Order on the same basis of irrelevancy regarding a similar list of forty-six (46) topics. See Exhibit 2, attached hereto.

[2] Indeed, before this case was removed to this Court, Eastern had requested that the Middlesex Superior Court issue a preliminary injunction preventing the City from rejecting Eastern's bid. Instead, the Middlesex Superior Court (per Brady, J.) rejected Eastern's injunctive request. See a true, accurate and complete copy of that decision, attached hereto as "Exhibit 3."

2

II.  ARGUMENT.

   A.  Standard Of Review.

   Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought … and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions … (4) that certain matters not be inquired into ….

Fed. R. Civ. P. 26(c).  Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.  Fed. R. Civ. P. 26(b)(1); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990); American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 739-42 (Fed. Cir. 1987).

    B.    <u>A Protective Order Is Warranted Because Eastern Requests Testimony From Consigli On Topics That Are Irrelevant To The Issues In This Case, And Those Topics Are Overly Broad And Unduly Vague And Burdensome</u>.

An order precluding Eastern from inquiring into irrelevant topics is warranted in this case. In its deposition notice of Consigli, Eastern lists a number of topics on which testimony is requested that are irrelevant to the issues Eastern has presented in this lawsuit. Despite the fact that Eastern's claims are limited to allegedly inappropriate actions during the bidding phase of the Project with respect to Eastern's bid, Eastern has requested testimony on twenty-nine (29) topics, many of which are wholly unrelated to Eastern's claims regarding the bid phase of the Project. Indeed, Eastern's deposition notice defines "Project" to mean "the design[,] bidding <u>and construction</u> of the Worcester Vocational High School." (Exhibit 1, at 4, definition no. 9 (emphasis supplied).)

For example, Eastern's first topic of inquiry requests testimony on

> [a]ll facts, actions and/or communications concerning any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, <u>construction, materials, equipment or labor to be furnished to the Project</u>.

(Exhibit 1, at 5, Topic of Inquiry No. 1 (emphasis supplied).) Eastern fails to limit its request to testimony relating to the bid phase of the Project, which is the subject of Eastern's Amended Complaint. Even if such testimony were deemed relevant,

4

Eastern's first topic of inquiry is overly broad and unduly vague and burdensome.

Some other examples of deposition topics seeking irrelevant testimony include, but are not limited to:

- Topic No. 4: any and all <u>contracts or other agreements</u> between the Joint Venture and any other person, party or entity concerning the Project;

- Topic No. 5: any and all <u>modifications, change orders or additions relating to any contract</u> between the Joint Venture and any other person, party or entity concerning the Project;

- Topic No. 7: all facts, actions and/or communications concerning <u>documents sent to the Joint Venture from Heery</u> [who is the City's construction manager on the project] <u>or any other person, party or entity concerning the Project</u>;

- Topic No. 8: all facts, actions and/or communications concerning <u>back-up or supporting documents for any and all change orders requested, approved and/or disputed for the Project</u>;

- Topic No. 10: all documents evidencing <u>payment made to any other person, party or entity concerning the Project</u>;

- Topic No. 11: all facts, actions and/or communications relating to <u>costs of the Project</u>;

5

- Topic No. 13: all facts, actions and/or communications relating to <u>any meetings dealing with any aspect of the Project</u> [such as construction meetings];

- Topic No. 14: all facts, actions and/or communications relating to <u>job site visits or work on the Project</u>;

- Topic No. 22: all facts, actions and/or communications relating to <u>any appropriations, grants or other financing for the construction of the Project</u>;

- Topic No. 26: all facts, actions and/or communications relating to <u>financing and construction of the Project</u>;

- Topic No. 28: all facts, actions and/or communications relating to <u>the March 28, 2003 Contract between the Joint Venture and the City regarding the Project</u>; and

- Topic No. 29: all facts, actions and/or communications relating to <u>the Joint Venture's performance bond on the Project</u>.

In summary, Eastern has included 29 topics of inquiry for its deposition of Consigli. Many of those 29 topics have no relevance to Eastern's claims.

6

Moreover, many of Eastern's topics of inquiry are overly broad and unduly vague and burdensome and ambiguous in their references to "all facts, actions and/or communications" relating to "any person, party or entity" concerning the Project. While Eastern does offer a 'definition' of "any person, party or entity" (Exhibit 1, at 4, definition no. 7), it is of no help:

> 7. The term any other "person, party or entity" shall include, but not be limited to, the following: Worcester; Hoover; Heery; Ellis; Jill Dagilis; Hinckley, Allen & Snyder, LLP; Lamoureux Pagano Associates; Freetown-Lakeville School District; The City of Fall River; Town of Medway; Lincoln-Sudbury School District; Town of Fairhaven; and Commonwealth of Massachusetts, Division of Capital Construction Management and their affiliates, subsidiaries, related entities, offices, directors, employees, representatives and agents, including all architects, engineers and/or construction managers acting by or o their behalf.

Indeed, this very definition shows just how overly broad and unduly vague and burdensome Eastern's topics of inquiry truly are.

Accordingly, the City requests that this Court issue a protective order limiting the topics of inquiry at the Consigli deposition to the bid phase of the Project.

7

III. CONCLUSION.

For the foregoing reasons, the City requests that this Court grant Defendant City of Worcester's Motion for Protective Order as to the Consigli Deposition.

CITY OF WORCESTER
By its attorneys,
David M. Moore
City Solicitor


/s/ Donald V. Rider, Jr._____
Donald V. Rider, Jr. (BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

**RULE 26(c) AND LOCAL RULE 7.1(A)(2) CERTIFICATION**

The undersigned hereby certifies that he spoke with Eastern's counsel last week and again this week in an attempt in good faith to resolve or narrow the issues presented in this Motion, which are issues similar to those presented in previous protective order motions filed in this case on behalf of Heery and the City in response to Eastern's deposition notices.

/s/ Donald V. Rider, Jr._____
Donald V. Rider, Jr. (BBO#549777)
Assistant City Solicitor

**CERTIFICATE OF SERVICE**

I, Donald V. Rider, hereby certify that I have served upon all parties of record the within document by mailing a copy of the same, by first-class mail, postage prepaid, to George C. Deptula, Esquire, Vena, Riley, Deptula, LLP, 250 Summer Street, 2nd Floor, Boston, MA 02110; and Warren D. Hutchison, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210 on this \_\_\_\_\_ day of May, 2005.

/s/ Donald V. Rider, Jr._____
Donald V. Rider, Jr.
Assistant City Solicitor
