**EXHIBIT 1**

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

Civil Action No.: 03CV-12216MLW

EASTERN CONTRACTORS, INC., )
        Plaintiff, )
         )
V. )
         )
CITY OF WORCESTER and )
THOMAS R. HOOVER, )
City Manager, and )
HEERY INTERNATIONAL INC., )
and THOMAS E. ELLIS, JR. )
        Defendants. )

## RE-NOTICE OF TAKING DEPOSITION

TO:

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
2 Seaport Lane
Boston, MA 02210

Donald Rider, Esq.
City of Worcester Law Department
City Hall
Room 301
Worcester, MA 01608

Please take notice that, commencing at 10:00 am Thursday, May 26, 2005, at the offices of Vena, Riley, Deptula, LLP, 250 Summer Street, 2nd Floor, Boston, MA, the Plaintiff in this action, Eastern Contractors Inc., by its attorneys, will take the deposition upon oral examination Mr. Anthony Consigli, of Consigli-O'Connor-A Joint Venture, pursuant to the Federal Rules of Civil Procedure. Mr. Anthony Consigli should be prepared to testify to the topics listed in Exhibit A attached hereto.

The deposition shall take place before a Notary Public or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

EASTERN CONTRACTORS, INC.
By its attorneys,

Edward F. Vena, BBO No.: 508660
Sabatino F. Leo, BBO No.: 642302
George C. Deptula, BBO No. 120820
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
(617) 951-2400

Edward J. Quinlan, BBO No.: 409060
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781)440-9909

9 May 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on _____
9 May 2005

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. The terms "document" or "documents" or "documentation", mean and shall include the original and any non-identical copy of all papers, writings, agreements, financial statements, invoices, recordings, proposals, drawings, summaries, graphs, files, brochures, pamphlets, circulars, records, ledgers, journals, tax returns and schedules, diaries, calendars, studies, books, notebooks, work sheets, charts, bulletins, e-mails, forms, indices, tapes, cards, cables statements, lists, tabulations, computer printouts, computer disks and/or diskettes, data processing input and output, microfilms, periodicals, court papers, affidavits, catalogs, instructions, work papers, surveys, orders, vouchers, data sheets, negatives, projections, analyses, magazines, articles, literature, newspapers, notes, minutes, letters, telegrams, memoranda, reports, photographs, transcripts, photographic and retrievable data (whether encarded, taped or coded electrically, electrostatically, electromagnetically or otherwise) and all other documents or materials of any nature whatsoever, together with any drafts thereof, attachments thereto or enclosures therewith, in the possession, custody or control of a party.

2. "Concerning", "related to" or "relating to", as used herein, shall include but not be limited to: referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

3. The term "Worcester" or "Defendant" shall mean the Defendant, City of Worcester, and any and all affiliates, parent companies, subsidiaries, related entities, officers, directors, employees, agents and attorneys.

4. The term "Hoover" or "Defendant" shall mean Thomas R. Hoover.

5. The term "Heery" or "Defendant" shall mean Heery International, Inc.

3

6. The term "Ellis" or "Defendant" shall mean Thomas E. Ellis, Jr.

7. The term any other "person, party or entity" shall include, but not be limited to, the following: Worcester; Hoover; Heery; Ellis; Jill Dagilis; Hinckley, Allen & Snyder, LLP; Lamoureux Pagano Associates; Freetown - Lakeville School District; The City of Fall River; Town of Medway; Lincoln - Sudbury School District; Town of Fairhaven; and Commonwealth of Massachusetts, Division of Capital Construction Management and their affiliates, subsidiaries, related entities, offices, directors, employees, representatives and agents, including all architects, engineers and/or construction managers acting by or on their behalf.

8. The term "Consigli-O'Connor, A Joint Venture" shall mean Consigli Construction, Inc. and O'Connor Constructors, Inc. any and all affiliates, parent companies, subsidiaries, related entities, officers, directors, employees, agents and attorneys.

9. The term "Project" shall refer to the design bidding and construction of the Worcester Vocational High School, which is the subject of this action.

10. The term "Heery Report" refers to the March 19, 2003, letter to Jill C. Dagilis from Thomas E. Ellis, Jr and any investigation related thereto.

11. The term "LAP" shall mean Lamoureaux Pagano Associates any and all affiliates, parent companies, subsidiaries, related entities, officers, directors, employees, agents and attorneys.

12. The term "action" or "actions" means any investigation, meeting, correspondence, communication, request, demand, computer or other inquiry or entry, research or any other activity.

13. The term "communication" means any oral or written utterance, notation, statement, conversation and discussion of any nature and any non-verbal behavior included as part of, or constituting a separate communication, also including email or computer entries

## TOPICS OF INQUIRY

1. All facts, actions and/or communications concerning any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, construction, materials, equipment or labor to be furnished to the Project.

2. All facts, actions and/or communications concerning any and all estimates, take-offs, budgets, appropriations, votes, resolutions or similar documents with respect to costs of the Project.

3. All facts, actions and/or communications concerning any and all quotes, bids or proposals for the Project.

4. All facts, actions and/or communications concerning any and all contracts or other agreements between Consigli-O'Connor's, A Joint Venture, and any other person, party or entity concerning the Project.

5. All facts, actions and/or communications concerning any and all modifications, change orders, additions, or any other documents relating to any contract between Consigli-O'Connor, A Joint Venture, and any other person, party or entity concerning the Project.

6. All facts, actions and/or communications concerning any and all proposals, contracts, settlement agreements or other agreements between Consigli-O'Connor, A Joint Venture and any other person, party or entity concerning the Project.

7. All facts, actions and/or communications concerning any and all documents sent to Consigli-O'Connor, A Joint Venture or received by same, from Heery or any other person, party or entity relating to the Project.

8. All facts, actions and/or communications concerning any and all backup files or supporting documents for any and all change orders requested, approved and/or disputed for the Project, including but not limited to notice letters, memoranda, or statements, cost estimates and take-offs regarding the changed work, and any scheduled analysis of this impact of the changed work.

9. All facts, actions and/or communications concerning the March 26, 2003 award letter to Consigli-O'Connor, A Joint Venture to include but not be limited to Heery's involvement in the creation of same.

10. All facts, actions and/or communications concerning any and all cancelled checks, ledgers, books or other documents evidencing payment made to any other person, party or entity concerning the Project.

11. All facts, actions and/or communications relating to costs of the Project, including but not limited to balance sheets, budgets, funding requests, requisitions by, between or among Consigli-O'Connor, A Joint Venture or any of its officials, administrators, employees or agents, and any other person, party or entity.

12. All facts, actions and/or communications concerning any and all documents or correspondence relating to the Project by, between or among Consigli-O'Connor, A Joint Venture, and any other person, party or entity.

13. All facts, actions and/or communications relating to any meetings dealing with any aspect of the Project, including but not limited to, minutes, memoranda or notes.

14. All facts, actions and/or communications relating to job site visits or work on the Project, including but not limited to, trip reports, daily reports, logs, minutes, memoranda or notes.

15. All facts, actions and/or communications concerning any and all inter-office correspondence and other communications with Consigli-O'Connor, A Joint Venture and any other person, party or entity relating to the Project.

16. All facts, actions and/or communications concerning any and all documents relating to any and all person-to-person communications, including telephone, facsimile, and/or e-mail between from or among Consigli-O'Connor, A Joint Venture and any other person, party or entity with respect to the Project.

17. All facts and/or actions concerning all communications and/or contacts with Hinckley Allen & Snyder LLP.

18. All facts, actions and/or communications concerning any and all daily documents, reports, diaries, calendars, logs, or other records regularly kept by Consigli-O'Connor, A Joint Venture relating to the Project.

19. All facts, actions and/or communications concerning any and all chronologies prepared by or on behalf of Consigli-O'Connor; A Joint Venture with respect to the Project.

20. All facts, actions and/or communications concerning any request for proposals, bids, solicitations, for the bid, and any re-bids of the Project.
21. All facts, actions and/or communications concerning any pre-qualification, investigation of qualifications, investigation of references, of any bidder for the bid, and, any re-bid of the Project.
22. All facts, actions and/or communications concerning any appropriations, grants or other financing for the construction of the Project for both the bid and any re-bid.
24. All facts, actions and/or communications concerning any and all documentation by, to, between, and among Consigli-O'Connor, A Joint Venture and any other person, party or entity regarding any and all bids and re-bids, or bidders for the Project, specifically to include but not be limited to Anthony Consigli's letter of February 26, 2003 to Jill Dagillis regarding Eastern's bid on the Project.
25. All facts, actions and/or communications concerning any and all documents contained in or part of any and all files of Mr. Frank G. Wilson, Manager as Agent for The Joint Venture, relating to the Project, specifically to include but not be limited to Heery's March 14, 2003 letter regarding "General Construction Bid Review", including Consigli-O'Connor's, A Joint Venture, response to same.
26. All facts, actions and/or communications concerning the bidding, financing and construction of the Project.
27. All facts, actions and/or communications concerning any and all documents contained in or part of any and all files of Mr. Anthony Consigli, relating to the Project specifically including Mr. Anthony Consigli's eighty-three page facsimile to Heery regarding Eastern's pending civil proceedings.
28. All facts, actions and/or communications regarding the March 28, 2003, Contract between Consigli-O'Connor, A Joint Venture, and Worcester regarding the Contract.
29. All facts, actions and/or communications regarding the preparation, execution and delivery of Consigli-O'Connor's, A Joint Venture, performance bond on the Project, to include but not be limited to communications of any kind, by and/or between, Consigli-O'Connor, A Joint Venture, Worcester, Heery, Ellis, Hoover, the Federal Insurance Company, and/or any other person, party or entity.