**EXHIBIT 2**

Case 1:03-cv-12216-MLW    Document 54-3    Filed 05/25/2005    Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.2003-CV-12216-MLW

EASTERN CONTRACTORS, INC.,
Plaintiff

V.

CITY OF WORCESTER
and THOMAS R. HOOVER, City Manager,
and HEERY INTERNATIONAL, INC.,
and THOMAS E. ELLIS, JR.,
Defendants

ORDER ON

MOTION OF THE DEFENDANT, HEERY
INTERNATIONAL, INC., FOR PROTECTIVE ORDER
(Docket # 42)

ALEXANDER, M.J.

Defendant Heery International, Inc. ("Heery"), has filed a motion for a protective order in connection with the Fed. R. Civ. P. 30(b)(6) deposition of Heery scheduled to be taken tomorrow, March 16, 2005, by plaintiff Eastern Contractors, Inc. ("Eastern"). Heery asserts that the deposition notice includes topics of examination that are not relevant to Eastern's claims against Heery, and that are, in addition, overly broad and unduly burdensome. Heery also asserts that the documents that Eastern has requested that Heery produce at the deposition are

similarly irrelevant, and the requests similarly overly broad and unduly burdensome.

Eastern's claims against Heery stem from the award by defendant City of Worcester ("the City") of a public construction contract ("the project") to Consigli/O'Connor Joint Venture rather than to Eastern. Heery was hired by the City to act as construction manager for the project, and Heery's duties included, *inter alia*, reviewing the bids and recommending to the City which contractor should be awarded the project. Eastern's claims against Heery are based on the portion of Heery's duties related to the bid phase and award of the project, rather than to any of Heery's post-award duties.

Heery asserts that the topics about which Eastern proposes to question Heery, and the documents that Eastern seeks, seek irrelevant information, and are overly broad, because they include information that is unrelated to the bid phase of the project. Heery seeks in its protective order, therefore, to limit Eastern's topics of inquiry and documents produced by Heery to the bid phase of the project. Heery's position is a valid one to the extent that Eastern's claims against Heery relate to Heery's role during the bid phase of the project, and Heery's motion for a protective order is therefore ALLOWED.

SO ORDERED.

3/15/05                          /S/ Joyce London Alexander
Date                             United States Magistrate Judge