UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC., )<br>)<br>) Civil Action No. 03-12216MLW<br>Plaintiff, )<br>v. )<br>)<br>CITY OF WORCESTER and THOMAS )<br>R. HOOVER, City Manager, and HEERY )<br>INTERNATIONAL, INC. and THOMAS E. )<br>ELLIS, JR. )<br>)<br>Defendants. )<br>_____ ) | |

**REPLY BRIEF OF THE DEFENDANT, HEERY INTERNATIONAL, INC., TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO QUASH SUBPOENA SERVED ON FLANSBURGH ASSOCIATES, INC. <u>AND FOR PROTECTIVE ORDER</u>**

The defendant, Heery International, Inc. ("Heery"), hereby files this Reply to the Opposition of Eastern Contractors, Inc. ("Eastern") to Heery's Motion to Quash the subpoena served on Flansburgh Associates, Inc. ("Flansburgh") and for a Protective Order. In its Opposition, Eastern claims that it is entitled to take the deposition of Flansburgh for two reasons: (1) Eastern believes that Flansburgh will provide Eastern with an "expert" opinion that Heery's review of Eastern's bid concerning the design and construction of the New Worcester Vacational High School in Worcester, Massachusetts ("Project") should have been conducted differently; and (2) Flansburgh was the architect on two unrelated construction projects on which Eastern was the general contractor and Eastern believes that Flansburgh will provide testimony that is contrary to the information provided to Heery by the owners of those two projects during Heery's due

diligence. As described in detail below, these reasons are insufficient to overcome Heery's Motion to Quash and for a Protective Order.

## I. ARGUMENT

A. **EASTERN IMPROPERLY SEEKS TO OBTAIN AN EXPERT OPINION FROM FLANSBURGH.**

Eastern reveals in its Opposition that its purpose for deposing Flansburgh is inappropriate because Eastern seeks to obtain expert opinion testimony from Flansburgh based on Flansburgh's review of Eastern's bid on another project months after the bid on the Project at issue in this case. A fact witness should be testifying as to facts, not as to opinions, even where the witness would qualify as an expert. Freedom Wireless, Inc. v. Boston Communs. Group, Inc., 2005 U.S. Dist. LEXIS 8190 (D. Mass. 2005) (lay witness's opinions given during deposition stricken where opinions were based on technical knowledge and where witness had not been disclosed as expert witness); see Dean Foods Co. v. Pappathanasi, 17 Mass. L. Rep. 741 (June 8, 2004) ("as an ordinary fact witnesses, he should only be testifying as to facts, not as to opinions").

Here, Eastern admits in its Opposition that Flansburgh's testimony would not only be about events that took place <u>after</u> the bid on this Project was awarded, but also the testimony would be "about the inadequacies of Heery's actions and bias in the actions of Worcester as clearly evidence by teatimony from Flansburgh." Opposition, p. 11. Eastern claims that Flansburgh's testimony could "put any complaints about Eastern into proper perspective and stood [sic] as a neutral party, highly experienced, who could objectively and fairly <u>evaluate</u> and <u>comment on</u> Eastern's qualifications for a similar project in 2003." Opposition p. 8 (emphasis added). Based on Easterns' own statements, Eastern is seeking to elicit the following expert testimony from Flansburgh:

2

- that Eastern was a qualified general contractor for the Project;

- how various projects that Heery reviewed should have been considered if done properly and in an unbiased manner;

- how a qualified and proper review of Eastern's work meeting the standard of normal appropriate care should have been undertaken;

- that it would have been "outrageous and inappropriate" for someone to claim that Eastern was an unqualified and an irresponsible bidder, or lacked integrity to perform a public school construction project within the meaning of the public bidding laws;

- that Eastern, as a low bidder, with its successful bid over $1.3 million lower than the second bidder could not be properly overlooked in favor of an untested, but apparently "favored" joint venture.

Specifically, Eastern states that:

Flansburgh's testimony would provide evidence regarding how various projects that Heery reviewed should have been considered if done properly and in an unbiased manner, and how a qualified and proper review of Eastern's work meeting the standard of normal appropriate care was in fact undertaken. Flansburgh's testimony would further provide factual evidence of how outrageous and inappropriate it would be to claim that Eastern, with its vast experience, was an unqualified and an irresponsible bidder, or lacked integrity to perform a public school construction project within the meaning of the public bidding laws. Flansburgh could attest that Eastern, as a low bidder, with its successful bid over $1.3 million dollars [sic] lower than the second bidder could not be properly overlooked in favor of an untested, but apparently "favored" joint venture.

Opposition, p. 9. This is clearly testimony that is within the realm of expert opinion evidence, rather than factual evidence. This testimony, if it were in fact given by Flansburgh, would be inappropriate opinion evidence from a lay witness. As a result, Eastern's claim that, despite the fact that Flansburgh had no involvement in the Project,

Flansburgh's testimony is somehow relevant to this matter and that Eastern should be allowed to take Flansburgh's deposition is without merit.

**B.  EASTERN HAS NOT SHOWN ANY RELEVANCY OF THE TESTIMONY OF FLANSBURGH.**

In its Opposition, Eastern claims that Flansburgh's testimony is relevant because Flansburgh was the architect on two unrelated construction projects – the Triton Regional High School and the Fairhaven High School – and Heery did not contact Flansburgh to determine how Eastern performed on those two construction projects. In essence, Eastern is looking to obtain testimony from Flansburgh to show that the <u>information provided to Heery by the owners</u> of those two construction projects was allegedly incorrect and that, had Heery contacted Flansburgh, Heery would have gotten the "true story." This argument is misguided, however, because Heery was not charged with contacting architects in connection with the evaluation of Eastern's bid. Instead, Heery contacted the owners of the construction projects listed in Eastern's DCAM Update Statement and the architect on the Project, Lamoureux Pagano Associates, Inc. ("LPA"), contacted the architects. The fact that Heery may not have contacted Flansburgh is, therefore, irrelevant because it is consistent with the scope of Heery's obligations.

**II.   CONCLUSION**

For the foregoing reasons, Heery requests that this Court GRANT its motion for a Protective Order preventing Eastern from deposing Flansburgh or requiring Flansburgh to produce any documents in response to Eastern's subpoena and QUASH the subpoena served on Flansburgh by Eastern.

HEERY INTERNATIONAL, INC. and
THOMAS A. ELLIS,
By their attorneys,

_____
David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: June 6, 2005

**CERTIFICATE OF SERVICE**

I, Matthew M. O'Leary, hereby certify that on this 6th day of June, 2005, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

_____
Matthew M. O'Leary

00922422.DOC