UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN CONTRACTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WORCESTER and THOMAS R. HOOVER, City Manager, and HEERY INTERNATIONAL, INC. and THOMAS E. ELLIS, JR. <br><br> Defendants. | Civil Action No. 03-12216MLW <br><br><br> **Hearing Requested** |

## OPPOSITION OF THE DEFENDANT, HEERY INTERNATIONAL, INC., TO THE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The defendant, Heery International, Inc. ("Heery"), opposes the motion of the plaintiff, Eastern Contractors, Inc. ("Eastern"), to compel Heery to produce documents pursuant to Fed. R. Civ. P. 34. As grounds for its opposition, Heery states that this Court has issued a Protective Order, which explicitly states that Heery is <u>not required</u> to produce the documents that are the subject of Eastern's motion to compel because such documents are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.[1] A copy of the Protective Order is attached hereto as **Exhibit A**.

On July 15, 2004, Eastern served its First Request for Production of Documents pursuant to Fed. R. Civ. P. 34 on Heery. **Exhibit B**. On August 12, 2004, Heery responded to Eastern's Rule 34 request and objected to a number of document requests on the grounds that they were overly broad, unbuly burdensome, not reasonably

---

[1] In response to Eastern's Rule 34 request, Heery produced all non-privileged or otherwise protected documents in its possession concerning the Project bid process, bids received by the City, evaluation of bids by Heery, and the rejection of Eastern's bid by the City.

calculated to lead to the discovery of admissible evidence, and sought irrelevant documents. **Exhibit C.** Heery objected to producing documents that were unrelated to the bid phase of the Project. On March 3, 2005, Eastern served a Notice of Deposition on Heery that contained a list of documents that Heery was purportedly required to bring to the deposition and a list of topics on which Eastern was requesting examination. **Exhibit D.** The list of documents attached to the Notice of Deposition was <u>identical</u> to Eastern's Rule 34 request that was previously served on Heery.

On March 14, 2005, Heery filed a motion for protective order in which Heery requested that the Court essentially limit the documents that Heery was required to produce at its deposition to documents concerning the bid phase of the Project <u>only</u> because those are the only documents that may been even remotely relevant to Eastern's claims against Heery. Eastern's claims in this lawsuit are limited to alleged inappropriate actions of Heery and the City during the bidding phase of the Project with respect to Eastern's bid. The Court granted Heery's motion for protective order stating:

> Heery asserts that the topics about which Eastern proposes to question Heery, and the documents that Eastern seeks, seek irrelevant information, and are overbroad, because they include information that is unrelated to the bid phase of the project. Heery seeks in its protective order, therefore, to limit Eastern's topics of inquiry and documents produced by Heery to the bid phase of the project. Heery's position is a valid one to the extent that Eastern's claims against Heery relate to Heery's role during the bid phase of the project, and Heery's motion for a protective order is therefore ALLOWED.

**Exhibit A.** Despite the Court's ruling, Eastern now inappropriately seeks to compel Heery to produce documents in response to a request that is <u>identical</u> to the request that is the subject of the Court's Protective Order. Eastern makes no mention of the Protective Order. There is no basis, however, for the Court to overturn its previous ruling. As a

2

result, Eastern's motion to compel production of documents must be denied.

WHEREFORE, for the foregoing reasons, Heery requests that this Court DENY Eastern's motion to compel production of documents.

## REQUEST FOR ORAL ARGUMENT

Heery respectfully requests a hearing on Eastern's motion to compel production of documents.

HEERY INTERNATIONAL, INC. and
THOMAS A. ELLIS,
By their attorneys,

_____
David J. Hatem, PC BBO # 225700
Warren D. Hutchison BBO # 246150
Matthew M. O'Leary BBO # 652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: June 16, 2005

## CERTIFICATE OF SERVICE

I, Matthew M. O'Leary, hereby certify that on this 16 day of June, 2005, I served a copy of the foregoing on all counsel of record by first class mail, postage prepaid.

_____
Matthew M. O'Leary

00909961.DOC

3