**UNITED STATES DISTRICT COURT OF MASSACHUSETTS**

Civil Action No.: 03CV-12216MLW

EASTERN CONTRACTORS, INC., )
Plaintiff, )

V

)
CITY OF WORCESTER and )
THOMAS R. HOOVER,
City Manager, and )
HEERY INTERNATIONAL INC., )
and THOMAS E. ELLIS, JR. )
Defendants.

**RE-NOTICE OF TAKING 30(b)(6) DEPOSITION**

TO:

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
2 Seaport Lane
Boston, MA 02210

Donald Rider, Esq.
City of Worcester Law Department
City Hall
Room 301
Worcester, MA 01608

Please take notice that, commencing at 10:00 a.m. on Wednesday, March 16, 2005, at the offices of Vena, Riley, Deptula, LLP, 250 Summer Street, Boston, MA, the plaintiff in this action, Eastern Contractors, Inc., by its attorneys, will take the deposition upon oral examination of the defendant, Heery International, Inc., by one or more of its members, officers or employees to be designated by the defendant pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The designee(s) is(are) requested to be

the most knowledgeable person(s) concerning each topic of examination. The designee(s) should be prepared to testify to the topics listed in Exhibit A attached hereto. The designee(s) is further requested to bring all documents listed in Exhibit B attached hereto.

The deposition shall take place before a Notary Public or before some other officer authorized by law to administer oaths. This oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

EASTERN CONTRACTORS, INC.
By its attorneys

Edward F. Vena, BBO No.: 508660
Sabatino F. Leo, BBO No.: 642302
George C. Deptula, BBO No. 120820
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
(617) 951-2400

Edward J. Quinlan, BBO No.: 409060
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781)440-9909

Dated: March 3, 2005

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

The terms "document" or "documents" or "documentation", mean and shall include the original and any non-identical copy of all papers, writings, agreements, financial statements, invoices, recordings, proposals, drawings, summaries, graphs, files, brochures, pamphlets, circulars, records, ledgers, journals, tax returns and schedules, diaries, calendars, studies, books, notebooks, work sheets, charts, bulletins, e-mails, forms, indices, tapes, cards, cables statements, lists, tabulations, computer printouts, computer disks and/or diskettes, data processing input and output, microfilms, periodicals, court papers, affidavits, catalogs, instructions, work papers, surveys, orders, vouchers, data sheets, negatives, projections, analyses, magazines, articles, literature, newspapers, notes, minutes, letters, telegrams, memoranda, reports, photographs, transcripts, photographic and retrievable data (whether encarded, taped or coded electrically, electrostatically, electromagnetically or otherwise) and all other documents or materials of any nature whatsoever, together with any drafts thereof, attachments thereto or enclosures therewith, in the possession, custody or control of a party.

2 "Concerning", "related to" or "relating to", as used herein, shall include but not be limited to: referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

3 The term "Worcester" or "Defendant" shall mean the Defendant, City of Worcester, and any and all affiliates, parent companies, subsidiaries, related entities, officers, directors, employees, agents and attorneys

4 The term "Hoover" or "Defendant" shall mean Thomas R. Hoover

5. The term "Heery" or "Defendant" shall mean Heery International, Inc.

6. The term "Ellis" or "Defendant" shall mean Thomas E. Ellis, Jr.

7. The term any other "person, party or entity" shall include, but not be limited to, the following: Worcester; Hoover; Heery; Ellis; Jill Dagilis; Hinckley, Allen & Snyder, LLP; Lamoureux Pagano Associates; Consigli-O'Connor, A Joint Venture; Consigli Construction, Inc; O'Connor Constructors, Inc.; Freetown - Lakeville School District; The City of Fall River; Town of Medway; Lincoln - Sudbury School District; Town of Fairhaven; and Commonwealth of Massachusetts, Division of Capital Construction Management and their affiliates, subsidiaries, related entities, offices, directors, employees, representatives and agents, including all architects, engineers and/or construction managers acting by or on their behalf.

8. The term "Project" shall refer to the design bidding and construction of the Worcester Vocational High School, which is the subject of this action.

9. The term "Heery Report" refers to the March 19, 2003, letter to Jill C. Dagilis from Thomas E. Ellis, Jr and any investigation related thereto.

10. The term "action" or "actions" means any investigation, meeting, correspondence, communication, request, demand, computer or other inquiry or entry, research or any other activity.

1 The term "communication" means any oral or written utterance, notation, statement, conversation and discussion of any nature and any non-verbal behavior included as part of, or constituting a separate communication, also including email or computer entries

## TOPICS OF INQUIRY

1. All facts, actions and/or communications concerning any and all requests for proposals, invitations to bid, proposals or other like documentation concerning the design, construction, materials, equipment or labor to be furnished to the Project.

2. All facts, actions and/or communications concerning any and all estimates, take-offs, budgets, appropriations, votes, resolutions or similar documents with respect to costs of the Project.

3. All facts, actions and/or communications concerning any and all quotes, bids or proposals for the Project.

4. All facts, actions and/or communications concerning any and all contracts or other agreements between Heery, and any other person, party or entity concerning the Project.

5. All facts, actions and/or communications concerning any and all modifications, change orders, additions, or any other documents relating to any contract between Heery, and any other person, party or entity concerning the Project.

6. All facts, actions and/or communications concerning any and all proposals, contracts, settlement agreements or other agreements between Heery and any other person, party or entity concerning the Project.

7. All facts, actions and/or communications concerning any and all documents sent to Heery or received by Heery, from Heery or any other person, party or entity relating to the Project.

8. All facts, actions and/or communications concerning any and all backup files or supporting documents for any and all change orders requested, approved and/or disputed for the Project, including but not limited to notice letters, memoranda, or statements, cost estimates and take-offs regarding the changed work, and any scheduled analysis of this impact of the changed work.

9. All facts, actions and/or communications concerning the March 26, 2003 award letter to Consigli-O'Connor, A Joint Venture to include but not be limited to Heery's involvement in the creation of same.

10. All facts, actions and/or communications concerning any and all cancelled checks, ledgers, books or other documents evidencing payment made to any other person, party or entity concerning the Project.

1 All facts, actions and/or communications relating to costs of the Project, including but not limited to balance sheets, budgets, funding requests, requisitions by,

tw or an H ery or an ffi al ad ators, agen and an th person, part or

A. an mmun ons concern and al en respo ence rel th betw or Heery and an ther

All acts, acti ons and/or communications el to eetings eal th aspe th bi no ted ior

A facts, /or ica Heery its k the roject includi ut im ed tri reports dai repo ites, mem anda or

A fact ons icat cerni and all ffice correspond and ther communica ons with W rcest and other person, party rel th jec

All fac cti and mmunications ncerning and al documents rel person perso commun clud telep f im and/or bet fr or H and th person party en ity respec th jec

Al fac and ons al communica and contacts th H & Sn ler LL

A. actions and/or co ica ons concern and all dai documents eport alen lar th gularl ep by H ar the

A fac cti communicati ice an an al hr ges prepared by or behal Heery with respect to the Project

A fac act ica ons ice an pr posals bids solici tions, f the id, and an ds he Pr ect

A facts, acti an or communica ons pr fi ati gat quali ns. ga ences an dd th an th

All ctions and/ communications oncern ppropri gran th fc th nstruct th ect both the an

an 'or commun coı ıin; th M ch 00 ejecti
etter to Eastern, in de bı ted H ery th
eat

A fact and/or commun ns ıceı an all ocum by
to. an Heery an th ın, arty ent ard
and bi fo th P

facts ns comm icat coı th ase fo comm icat ns
ed an the fu ea th ect an for the
Pr

Al facts, ns d co icat ns coı th sel an d,
or cn th Pr

A facts acti and concerning the bidd fin and
onstru th P ject.

fa cti ns mmunicat ns coı ex ert itness
th roject, and arti arl to the eq ıcy complete ıess th en Report
and ep Eas

All facts, ns d communicat ali Affi Defen
as ied Heery an

A fa ts, acti and communicat concerning al do ıents
ed or art an an all Mr Th ıas the
Project.

A cti and/ comn cations concern any al communicat
ki inch di ed ep catio
Thom el to th Pr ject, arly East

facts d co ca the kn ed an Mr
Thom el thi performance Eastern, hi ast
ex ıce th East co ect East ered in the Heery Report
th coı ent the Heery Repo

A an all cti ns and/or icat th xperi
kn or cq ıtance fam Heery Heery with

Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors, Inc., and/or any of its principals.

34. All facts, actions and/or communications between Heery and selected representatives of Normandin Middle School Project, New Bedford, Green and Borden School Project, Fall River, Freetown/Lakeville Middle School Project, Superintendent of Schools, Freetown/Lakeville Middle School Project, Fairhaven High School Project, Fairhaven High School Project, Town of Medway, Medway High School Project, Lincoln Sudbury School Committee, Triton Regional High School Project and/or any other person, party or entity, concerning Eastern; the basis upon which certain representatives were contacted and not other representatives, and the reason and/or reasons why those representatives were contacted regarding Eastern and not others.

    All facts, actions and/or communications between Heery and any person party or entity as it relates to the bid of Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors, Inc; the basis upon which certain representatives were contacted and not other representatives, and the reason the reasons why those representatives were contacted regarding the same., and not others.

36. All facts, actions and/or communications concerning the knowledge and state of mind of Thomas E. Ellis Jr, and/or anyone at Heery, relating to the performance of Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors, Inc., his/her past experience with the same, projects of Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors, Inc., not-considered by Heery in its evaluation of same on the Project. All facts, actions and/or communications concerning records and/or documents relating to the performance of Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors, Inc., past experience with the same, projects of same, and those projects not-considered by Heery in its evaluation of same on the Project.

38. All facts, actions and/or communications with Worcester, including but not limited to, Jill C. Dagilis, Commissioner of Code Enforcement, Hoover, City Manager,

and/or Dr. James A. Carradonnio, Superintendent of Schools, concerning instructions about timing, nature, and scope of the investigation of Eastern.

39. All facts, actions and/or communications with Worcester, including but not limited to, Jill C. Dagilis, Commissioner of Code Enforcement, Hoover, City Manager, and/or Dr. James A. Carradonnio, Superintendent of Schools, concerning instructions about timing, nature, and scope of the investigation of Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors.

40. All facts, actions and/or communications concerning the role of each individual officer or employee of Heery concerning the investigation of Eastern, to include but not be limited to, the identity of each individual, letters read, documents reviewed, and people interviewed.

41. All facts, actions and/or communications concerning the role of Lamoureux Pagano Associates and Heery, and the duties and responsibilities of same, concerning the investigation of Eastern.

42. All facts, actions and/or communications concerning the review of information submitted by Ed Quinlan, Attorney for Eastern, including but not limited to his letters of March 8, 2003, March 10, 2003, and Mr. Motwane's letter of March 14, 2003

43 All facts and/or actions concerning all communications with Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors concerning bonding of the same, to include but not be limited to dates of communications, individuals contacted and documents reviewed and/or received.

44 All facts, actions and/or communications concerning all preparatory actions and/or communications with Consigli-O'Connor, A Joint Venture, Consigli Construction, Inc, and/or O'Connor Constructors concerning the execution of the Contract for the Project.

45 All facts, actions and/or communications about preferences of Worcester commensurate with the type of contractor to be chosen on the Project, to include but not be limited to particular skills, experiences, and background.

46. All facts, actions and/or communications concerning Thomas Ellis's opinion in the Heery report that "the credibility and integrity of [Eastern] should be called into question and challenged", "information provided in their revised Update Statement remains inconsistent", and that Worcester "should seriously consider the rejection of Eastern's bid due to the reasons outlined in this letter".

CERTIFICATE OF SERVICE

I certify that on March 3RD 2005 I served a copy of the within document by first class mail, postage pre-paid, on counsel of record ~~for all~~ other parties.

Sabatine F. Lee

3/24/04

**UNITED STATES DISTRICT COURT OF MASSACHUSETTS**

Civil Action No.: 03CV-12216MLW

EASTERN CONTRACTORS, INC., )
Plaintiff )

V. )
)
CITY OF WORCESTER and )
THOMAS R. HOOVER, City Manager, and )
HEERY INTERNATIONAL INC., and )
THOMAS A ELLIS )
Defendants )

**PLAINTIFF, EASTERN CONTRACTORS, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT, HEERY INTERNATIONAL, INC.**

Pursuant to the Federal Rules of Civil Procedure the Plaintiff, Eastern Contractors, Inc., (hereinafter referred to as "Eastern") requests the Defendant, Heery International, Inc., (hereinafter referred to as "Heery") to produce the following documents and things, in accordance with the following definitions, at the offices of Quinlan & Sodowski, P.C., 11 Vanderbilt Avenue, Norwood, Massachusetts.

**DEFINITIONS AND INSTRUCTIONS**

The terms "document" or "documents" or "documentation", mean and shall include the original and any non-identical copy of all papers, writings, agreements, financial statements, invoices, recordings, proposals, drawings, summaries, graphs, files, brochures, pamphlets, circulars, records, ledgers, journals, tax returns and schedules, diaries, calendars, studies, books, notebooks, work sheets, charts, bulletins, e-mails, forms, indices, tapes, cards, cables statements, lists, tabulations, computer printouts,

EXHIBIT
B

computer disks and/or diskettes, data processing input and output, microfilms, periodicals, court papers, affidavits, catalogs, instructions, work papers, surveys, orders, vouchers, data sheets, negatives, projections, analyses, magazines, articles, literature, newspapers, notes, minutes, letters, telegrams, memoranda, reports, photographs, transcripts, photographic and retrievable data (whether encarded, taped or coded electrically, electrostatically, electromagnetically or otherwise) and all other documents or materials of any nature whatsoever, together with any drafts thereof, attachments thereto or enclosures therewith, in the possession, custody or control of a party.

2. If you believe that any of the documents described and requested herein fall within the scope of any privilege or constitute work product materials, or otherwise are not within the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure, please furnish a list of all such documents which contains a complete description of each document, including the date of the document, identification of each person to whom it is addressed, identification of each person who received a copy thereof, identification of each person who prepared each such document, and the ground or grounds upon which it is being withheld from production.

3 "Concerning", "related to" or "relating to", as used herein, shall include but not be limited to: referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

4. The term "Worcester" or "Defendant" shall mean the Defendant, City of Worcester, and any and all affiliates, parent companies, subsidiaries, related entities, officers, directors, employees, agents and attorneys.

5. The term "Hoover" or "Defendant" shall mean Thomas R. Hoover.

6. The term "Heery" or "Defendant" shall mean the Heery International, Inc.

7. The 'E of or efendan shal Th as Ell J

8. The term any other "person, party entity" shall include, but not be limited to the following: Worcester; Hoover; Heery; Elli Dagi Hinckley All & nyder LLP Lamour gan Associates Consigli-O Co A in enture Co gl Construction, In O'Connor Constructors Inc. eeto Lak School District; The City of Fall River; Town f ti way; LincoF udbury Schoo District; T f Fairhaven and Commonwealth of Massachusetts, Divisi of Capi Construction M gemen and th affi ates sub ies rel ed ti ffi rec employees, representatives and agents, cluding all architects, engineers and/or construction managers acting or their behal

Th term "Project shall fer to the design biddin and constructi th Worcester nal H gh Sch which th sub ect of thi acti

## DOCUMENTS REQUESTED

An and requests for proposal itat bid, proposals ther like documentation concernin the gn, construction, material er pment abor to be furnished to the Project

Any an al documents ng estim tak udgets app pri tes resoluti simil ocuments th respect sts of the roject

Any and all documents relatin to quotes, bids proposals for the Project.

Any and al documents rel ng to tracts other greements betw H and any th person, party or ty th Project

An and all modi cati chan ord add th documents rel ting ntract betw Heery and ther person, part tity concernin the ject

6. Any and all documents relating to any proposals, contracts, settlement agreements or other agreements between Heery and any other person, party or entity concerning the Project on bids for the Project.

7 Any and all documents sent to Heery or received by Heery, from Eastern or any other person, party or entity relating to the Project.

8. Any and all documents relating to backup files or supporting documents for any and all change orders requested, approved and/or disputed for the Project, including but not limited to notice letters, memoranda, or statements, cost estimates and take-offs regarding the changed work, and any scheduled analysis of this impact of the changed work.

9. Any and all documents related to or constituting any notice of claim from Eastern on the Project.

10. Any and all cancelled checks, ledgers, books or other documents evidencing payment made to any other person, party or entity concerning the Project.

11. Any and all documents relating to costs of the Project, including but not limited to balance sheets, budgets, funding requests, requisitions by, between or among Heery or any of its officials, administrators, employees or agents, and any other person, party or entity.

12. Any and all documents or correspondence relating to the Project by, between or among Heery and any other person, party or entity.

13 Any and all documents relating to any meetings dealing with any aspect of the Project, including but not limited to, minutes, memoranda or notes.

14. Any and all documents relating to Heery's job site visits or work on the Project, including but not limited to, trip reports, daily reports, logs, minutes, memoranda or notes.

15. Any and all inter-office correspondence and other communications with Heery and any other person, party or entity.

16. Any and all documents relating to any and all person-to-person communications, including telephone, facsimile, and/or e-mail between from or among Heery and any other person, party or entity with respect to the Project.

17. Any and all internal and external Heery memoranda and notes relating to the Project.
18. Any and all daily documents, reports, diaries, calendars, logs, or other records regularly kept by Heery relating to the Project.
19. Any and all chronologies prepared by or on behalf of Heery with respect to the Project.
20. Any and all documentation relating to any request for proposals, bids, solicitations, for the bid, and any re-bids of the Project.
21. Any and all documentation relating to any pre-qualification, investigation of qualifications, investigation of references, of any bidder for the bid, and, any re-bid of the Project.
22. Any and all documentation relating to any appropriations, grants or other financing for the construction of the Project for both the bid and any re-bid.
23. Any and all documentation relating to any votes, or meetings, by any elected or appointed entity of Heery regarding any and all bids and re-bids for the construction of the Schools.
24. Any and all documentation by, to, between, and among Heery, and any other person, party or entity regarding any and all bids and re-bids, or bidders for the Project.
25. Any and all documentation concerning the rejection of any bid for the Project.
    Any and all documentation concerning the selection of any bid, bids, or bidders for the Project.
27. Any and all documentation regarding the bidding, financing and construction of the Project.
    Any and all documents relating to any expert witness relating to the Project.
    Any and all documents relating to your Affirmative Defenses.

Eastern Contractors, Inc.,
By its attorneys,

Edward F. Vena
BBO No.: 508660
Charles A. Plunkett
BBO No.: 547714
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
(617) 951-2400

Edward J. Quinlan
BBO No.: 409060
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062
(781) 440-9909

Dated: July 15, 2004

**CERTIFICATE OF SERVICE**

I, Charles A. Plunkett, Esquire, hereby certify that I have, on this 16 day of July, 2004, served a copy of the within by first-class mail, postage pre-paid upon the following parties:

Edward J. Quinlan, Esquire
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062

Warren D. Hutchison
Donovan Hatem, LLP
2 Seaport Lane
Boston, MA 02210

Donald V. Rider, Jr.
Assistant City Solicitor
City of Worcester Law Department
City Hall, Room 301
Worcester, MA 01608

Charles A. Plunkett, Esquire